UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20899-JEM

ALICE ROSENBLUM, on behalf of herself
and all others similarly situated,

            Plaintiff,

v.

PASSES, INC., a Delaware Corporation,
NOFHOTOS GROUP LLC, a California
Limited Liability Company, WLM
MANAGEMENT LLC, a California Limited
Liability Company, LUCY GUO, ALEC
CELESTIN, and LANI GINOZA,

            Defendants.

**MOTION TO COMPEL RULE 26 CONFERENCE REQUESTED FOUR TIMES SINCE MARCH 12, 2025 AND FOR REASONABLE EXPENSES UNDER FED. R. CIV. P. 37(f)**

    COMES NOW Plaintiff Alice Rosenblum, on behalf of herself and others similarly situated (the "Plaintiff"), by and through her undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, and hereby respectfully moves this Honorable Court for an order compelling Defendants Passes, Inc., a Delaware corporation, and Lucy Guo, an individual (collectively, the "Defendants"), to participate in the requisite Federal Rule of Civil Procedure 26(f) conference requested four (4) times of the Defendants by the Plaintiff since March 12, 2025 contemporaneously with any conferrals newly requested by the Defendants, and awarding the Plaintiff its reasonable expenses under Federal Rule Civil Procedure 37(f) in bringing this Motion, and in support thereof states as follows:

    1.    On March 10, 2025, then-counsel for the Defendants executed a waiver of service of summonses upon the Defendants. *See* DE 11.

2. Subsequent to accepting service, then-counsel for the Defendants was requested three (3) times to engage in a Federal Rule of Civil Procedure 26(f) conference [hereinafter, a "Rule 26 Conference"] as follows:

   a. on March 12, 2025;

   b. on March 27, 2025; and

   c. on March 28, 2025.

*See* **Exhibit 1** (providing the e-mail chain on which these three (3) requests were made).

3. Despite these three (3) requests, Plaintiff could not get Defendants, through then-counsel, to agree to engage in a Rule 26 Conference.

4. Close to a month later, on April 23, 2025, without identifying Florida counsel[1] and without filing a notice of appearance in this action, the New York law firm of Elsberg Baker & Maruri PLLC (Defendants' "Current Counsel") identified itself as representing the Defendants in this case and demanded available times that same day and the following day to confer on a "motion to dismiss the complaint as against Passes and Ms. Guo for, among other things, improper venue[,]" **Exhibit 2**, and a motion to "strike the complaint's class action allegations." *Id.*

5. In good faith, undersigned counsel made themselves available the following day at 3 PM, and then told Defendants' Current Counsel that they also intend to take the opportunity of all counsel coming together "to conduct a [R]ule 26 [C]onference, which we have been attempting to conduct for quite some time with [Defendants'] predecessor counsel." *Id.* This April 23, 2025 request being the fourth (4th) request to Defendants since March 12, 2025 to engage in a Rule 26 Conference, which must be done "as soon as practicable[.]" Fed. R. Civ. P. 26(f)(1).

---

[1] This morning, just before the filing of this Motion, a Motion to Dismiss was filed by local Florida counsel for the Defendants. *See* DE 12.

6. Defendants' Current Counsel, despite demanding a conferral by April 24, 2025 on less than 48 hours notice, refused to engage in a Rule 26 Conference until the "end of next week[,]" *id.*, and still fails to even provide so much as a suggestion of a date for same. *See id.*

7. Defendants' Current Counsel, at that point requesting a conferral not on a motion to dismiss but rather a "motion to transfer venue to the Central District of California[,]" *id.*, neither of which threatened motions the Plaintiff knew anything more about until the filing of DE 12 this morning shortly before the filing of the instant Motion, is using undersigned counsel's good faith representation of availability on less than 48 hours notice as a sword to force its 11th hour conferral while continuing to delay the Rule 26 Conference sought by Plaintiff since March 12, 2025. *See id.*

8. Federal Rule of Civil Procedure 37(a) affords litigants a route "for an order compelling disclosure or discovery[,]" and subsection (f) of that Rule provides that "[i]f a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay any other party the reasonable expenses, including attorney's fees, caused by the failure."

9. Defendants and their Current Counsel failed to participate in good faith in a Rule 26 Conference when they showed up on April 23, 2025 and demanded a conferral within 48 hours, but refused to contemporaneously engage in the Rule 26 Conference sought by Plaintiff since March 12, 2025 over at least four (4) request, and now somehow accuses undersigned counsel of "play[ing] games." *Id.*

10. Accordingly, the Plaintiff respectfully requests that this Honorable Court compel the Defendants to engage in a Rule 26 Conference by a date certain this week and

3

contemporaneously with their newly requested conferral, and award the Plaintiff its reasonable expenses from the Defendants and their Current Counsel in preparing, filing and litigating the instant Motion. *See* Fed. R. Civ. P. 37(f).

11.     The Plaintiff requests, to the extent necessary, an expedited Response to this Motion from the Defendants so as not to moot the substantive relief requested in this Motion; and thus proposes deferring ruling on the reasonable expenses sought in this Motion given that Federal Rule of Civil Procedure 37(f) requires an "opportunity to be heard" prior to the award of reasonable expenses.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an Order compelling the Defendants to engage in a Rule 26 Conference by some date certain this week and contemporaneous with any other conferrals requested by the Defendants, and awarding the Plaintiff its reasonable expenses from the Defendants and their Current Counsel pursuant to Federal Rule of Civil Procedure 37(f), as well as any and all other relief deemed just and proper by this Honorable Court.

<u>Certificate of Conferral</u>

As detailed herein, the Plaintiff has attempted to confer on the substantive relief sought in this Motion – requirement of the Defendants to engage in the requisite Rule 26 Conference contemporaneous with any conferrals requested by the Defendants – since March 12, 2025, and with Defendants' Current Counsel since April 23, 2025. Upon being advised of the intent to pursue this Motion, itself.

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

<u>Certificate of Service</u>

WE HEREBY CERTIFY that the foregoing document was filed via CM/ECF, which simultaneously effectuated service upon all counsel of record, and will be served on Defendants' Current Counsel by e-mail.

Date: April 28, 2025.                    Respectfully submitted,

CLARK SMITH VILLAZOR LLP

<u>*/s/ Christopher J. Clark*</u>
Christopher J. Clark, Esq.
clark@csvllp.com
(admitted *pro hac vice*)
Rodney Villazor, Esq.
rodney.villazor@csvllp.com
(admitted *pro hac vice*)
Natalia Lima, Esq.
natalia.lima@csvllp.com
(admitted *pro hac vice*)

666 Third Avenue, 21st Floor
New York, New York 10017
(212) 377-0850


SCHWARTZ | BRESLIN PLLC

<u>*/s/ Jonathan Noah Schwartz*</u>
Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Jerry Breslin, Esq.
Florida Bar No. 269573
E-Maila: JS@JSJB.Law; JB@JSJB.Law
Tel.: (305) 577-4626
Schwartz Breslin PLLC
The Alfred I. DuPont Building, Ste. 700
169 E. Flagler St., Miami, FL 33131

*Attorneys for Plaintiff*