UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALICE ROSENBLUM,<br>on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>PASSES, INC., NOFHOTOS GROUP LLC,<br>WLM MANAGEMENT LLC, LUCY GUO,<br>ALEC CELESTIN, and LANI GINOZA,<br><br>      Defendants. | Civ. Action No. 1:25-cv-20899-JEM |

**DEFENDANTS PASSES, INC. AND LUCY GUO'S
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

1. Plaintiff's counsel's Motion to Compel a Rule 26 Conference (the "Motion") is based on a distortion of the facts, is moot, and is a waste of judicial resources.[1] As the Motion concedes, counsel for the Passes Defendants already offered—twice—to conduct a Rule 26(f) conference this week. Mot. ¶ 6; Mot., Ex. 2 at 3, 5. Plaintiff's counsel's Motion is a misguided effort to appear aggressive, but in reality only serves to waste the time of the Court and the Passes Defendants. There is nothing for the Court to order, and Plaintiff's Motion should be denied.

2. Undersigned counsel for the Passes Defendants were retained on April 17, 2025, and worked expeditiously to timely respond to Plaintiffs' complaint, filing a motion to dismiss, Dkt. # 12, on April 28, 2025. On April 23, 2025, shortly after being retained, the Passes

---

[1] Although Plaintiff's counsel did not request expedited treatment in the title of their Motion, "set forth in detail the date by which an expedited ruling is needed," or provide a "reason the ruling is needed" by any specific date as is required by Local Rule 7.1(d)(2), in Plaintiff's counsel's email to the Court earlier today, Plaintiff's counsel requested "expedited briefing on the substantive portion of" the Motion. Setting aside that Plaintiff's counsel's email to the Court was unnecessary and improper, *see* L.R. 7.7, because the Motion is moot, the Court need not provide it expedited treatment.

Defendants' counsel reached out to Plaintiff's counsel to seek a meet and confer on the Passes Defendants' motion to dismiss or transfer for lack of proper venue. Mot., Ex. 2 at 7-8. Plaintiff's counsel initially agreed to meet and confer on that issue, but then changed course, refusing to meet and confer unless the parties also conducted a Rule 26(f) conference. *Compare id.* at 7 (Plaintiff's counsel agreeing to meet and confer at 3:00pm on April 24), *with id.* at 6 (Plaintiff's counsel mentioning a Rule 26(f) conference to current defense counsel for the first time). Plaintiff's counsel noted their prior requests for a Rule 26(f) conference but—as Plaintiffs' counsel is well aware—those demands were made weeks before undersigned counsel was even retained. A Rule 26(f) conference at that juncture would have been unproductive. Discovery in this matter raises complex issues, including not only the Passes Defendants' now-pending motion to dismiss but also their Section 230 immunity, the bankruptcy of primary Defendant Alec Celestin, and Plaintiffs' putative class allegations.

3.    Accordingly, the Passes Defendants' counsel explained that because counsel had just been retained, "it [was] not feasible for [defense counsel] to conduct a Rule 26(f) conference." *See* Mot., Ex. 2 at 5-6. In the interest of having a productive conference, counsel for the Passes Defendants suggested the parties conduct a conference this week, after the Passes Defendants' Motion to Dismiss was filed, and with time to assess potential discovery issues. Rather than agree to conduct a Rule 26(f) conference this week, Plaintiff's counsel filed this Motion seeking the exact relief that the Passes Defendants had already proposed—a meet and confer this week. The Motion makes reference to prior requests for a Rule 26(f) conference—omitting the fact that undersigned counsel had not yet been retained when those demands were made. Mot. ¶ 2; *see* Mot., Ex. 2 at 2, 5-6 (undersigned counsel explaining that they had only been retained recently).

4. Plaintiff's counsel filed the Motion less than an hour after the Passes Defendants filed their Motion to Dismiss, and implicitly acknowledges that the Motion is moot by requesting "an expedited Response to this Motion *so as to not moot the substantive relief requested* in [her] Motion." Mot. ¶ 11 (emphasis added). If Plaintiff's counsel actually believed intervention from the Court was necessary, Plaintiff's counsel would not so plainly express a concern that the Motion could be mooted without any action from the Court.

5. In addition to being moot and frivolous, Plaintiff's Motion is also legally insufficient. Rule 26(f) requires the parties to confer "as soon as practicable—and if any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). Rule 16(b) requires, "unless the judge finds good cause for delay, the judge must issue [a scheduling order] within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b). The Passes Defendants were served with the Complaint on February 26, 2025, Dkt. # 11, so a scheduling order is not due until May 27, 2025. The parties thus have until May 6, 2025 to conduct a Rule 26(f) conference.

6. Plaintiff has refused to articulate a reason why the parties needed to conduct a Rule 26(f) conference earlier than is required by Rule 26, much less last week, even after the Passes Defendants asked for some explanation of Plaintiff counsel's refusal to confer on the Motion to Dismiss unless Rule 26(f) issues were also discussed. Mot., Ex. 2 at 4-5.

7. The Court should deny Plaintiff's moot and frivolous Motion.

Dated: April 28, 2025            Respectfully Submitted,

| | |
|---|---|
| Rollo C. Baker, IV (*pro hac vice* forthcoming)<br>Vivek Tata (*pro hac vice* forthcoming)<br>Alexander S. Davis (*pro hac vice* forthcoming)<br>Chase J. Shelton (*pro hac vice* forthcoming)<br>Elsberg Baker & Maruri, PLLC<br>1 Penn Plaza<br>New York, NY 100119<br>Tel: (212) 597-2602<br>rbaker@elsberglaw.com<br>vtata@elsberglaw.com<br>adavis@elsberglaw.com<br>cshelton@elsberglaw.com<br><br>*Counsel for Defendants Passes, Inc. and Lucy Guo* | /s/ Freddy Funes<br>Brian W. Toth<br>Florida Bar No. 57708<br>Freddy Funes<br>Florida Bar No. 87932<br>Ingraham Building<br>25 Southeast Second Avenue, Suite 805<br>Miami, Florida 33131<br>(305) 717-7850<br>btoth@tothfunes.com<br>ffunes@tothfunes.com<br><br>*Counsel for Defendants Passes, Inc. and Lucy Guo* |