## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:25-cv-20899-JEM

ALICE ROSENBLUM, on behalf of herself
and all others similarly situated,

              Plaintiff,

v.

PASSES, INC., a Delaware corporation,
NOFHOTOS GROUP LLC, a California
limited liability company, WLM
MANAGEMENT LLC, a California limited
liability company, LUCY GUO, an individual
ALEC CELESTIN, an individual, and LANI
GINOZA, an individual,

              Defendants.

## JOINT SCHEDULING REPORT

Plaintiff Alice Rosenblum and the proposed class, and Defendants Passes, Inc., a

Delaware corporation ("Passes"), and Lucy Guo, an individual ("Guo", and together with Passes,

the "Passes Defendants"), pursuant to Rule 16.1(b) of the Local Rules for the Southern District

of Florida ("S.D. Fla. L.R."), met over video conference on May 2, 2025 and hereby submit this

Joint Scheduling Report.

**Information required by S.D. Fla. L.R. 16.1(B)**

**(A)    Likelihood of Settlement.**

The Passes Defendants have filed a Motion to Dismiss, or, in the Alternative Transfer

("Motion to Dismiss"), for improper venue, for failure to state a claim, and for immunity pursuant

to Section 230.  Settlement is therefore unlikely at this time, but the Passes Defendants and

Plaintiffs will attempt in good faith to resolve this matter and will notify the Court if they do so.

**(B)    Likelihood of Appearance in the Action of Additional Parties**.

The following Defendants have yet to be served in this action: Alec Celestin, Nofhotos Group LC, WLM Management LLC, and Lani Ginoza.  Plaintiff may decide to move the Court to allow for Service by other means prior to the 90 day deadline set forth in Fed. R. Civ. P. 4(m). On April 21, 2025, counsel for Defendant Alec Celestin advised Plaintiff's counsel that Mr. Celestin filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code in the U.S. Bankruptcy Court for the Central District of California.  Plaintiff anticipates seeking to add additional defendants as discovery proceeds.

**(C)    Discovery Schedule.**

Plaintiff proposes the following pretrial discovery schedule, which is based on the standard case management track pursuant to S.D. Fla. L.R. 16.1.A.2:

| Date | Action |
|---|---|
| May 30, 2025 | Parties to provide initial disclosures pursuant to Rule 26(a)(1)(A) |
| November 26, 2025 | Deadline for Joinder of Additional Parties |
| November 26, 2025 | Fact Discovery Cut Off |
| December 19, 2025 | Exchange of Expert Reports |
| December 19, 2025 | Exchange of Witness Lists |
| January 19, 2026 | Exchange of Expert Rebuttal Reports |
| February 9, 2026 | Expert Discovery Cut Off |
| February 13, 2026 | Last Day to Select a Mediator |
| February 13, 2026 | Deadline to File Motion for Class Certification |
| March 2, 2026 | Last Day to File Summary Judgment or Other Dispositive Motion |
| March 13, 2026 | Last Day to Complete Mediation |
| March 20, 2026 | Deadline for Pretrial Motions and Memoranda |

| | of Law |
|---|---|
| April 3, 2026 | Deadline for Joint Pretrial Stipulation |
| April 13, 2026 | Deadline for Resolution of Pretrial Motions |
| April 13, 2026 | Pretrial Conference |
| April 24, 2026 | Deadline for Proposed Jury Instructions and/or Proposed Findings of Fact and Conclusions of Law |
| April 30, 2026 | Deadline for Filing of Deposition Designations |
| May 4, 2026 | Trial |

The Passes Defendants contend that setting a case schedule at this time is premature.  The Passes Defendants anticipate moving to stay discovery should Plaintiff serve discovery requests on the Passes Defendants because, as set forth in the Passes Defendants' Motion to Dismiss, venue is improper in this district, and the discovery and case schedule is better addressed by the transferee court.  Furthermore, Plaintiff has not yet served the other defendants in this case.

Should the Court elect to set a schedule, however, the Passes Defendants respectfully request that, if the class allegations in the Complaint are not stricken, the Court should set the deadline for class certification and joinder of additional parties for no later than four months before the end of fact discovery.

**(D)**     **Proposals for the Formulation and Simplification of Issues.**

At this time, the parties do not have any proposals for the formulation and simplification of any issues.  As the case progresses, the parties will, if appropriate, in good faith, confer to discuss proposals for the formulation and simplification of issues in this case.

**(E)**     **Necessity of Amendments to Pleadings.**

Plaintiff may elect to seek to amend the Complaint depending on the outcome of Passes

3

Defendants' Motion to Dismiss. The Passes Defendants have not yet filed responsive pleadings as their motions to dismiss or transfer are pending.

**(F)      Admissions and Stipulations Which Will Avoid Unnecessary Proof.**

The parties will work together to obtain admissions and stipulations that will avoid unnecessary proof at trial.

**(G)      Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence.**

The parties will work together to obtain admissions and stipulations that will avoid unnecessary proof and presentation of cumulative evidence at trial.

**(H)      Referral of Matters to Magistrate Judge.**

The parties consent to have a Magistrate Judge conduct discovery. The parties do not otherwise consent to trial by the Magistrate Judge, nor to the disposition of dispositive pre-trial motions by a Magistrate Judge.

**(I)      Preliminary Estimate of the Time Required for Trial.**

The parties believe this matter will require up to 5 days of trial.

**(J)      Pretrial Conference and Trial Dates.**

Plaintiff requests that the pretrial conference be scheduled for April 13, 2026 and that trial be scheduled to commence on or after May 4, 2026. The Passes Defendants' position is that any case schedule is premature, as explained above.  Plaintiff has requested a jury trial.

**(K)      Any issues about:**

**i.      Disclosure, discovery, or preservation of ESI, including the form or**

**forms in which it should be produced**

4

None at this time.

### ii.      Claims of privilege

None at this time.

### iii.      ESI Checklist

Should this case proceed in the Southern District of Florida, the parties agree that the parties should consult and use the ESI checklist as appropriate.

### (L)      Other Information Helpful to the Court in Setting the Case for Status or Pretrial Conference.

On April 1, 2025, Defendant Alec Celestin filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Central District of California.  On April 21, 2025, Plaintiff's counsel received notice of the bankruptcy from counsel for Defendant Celestin.

If Plaintiff serves discovery prior to the resolution of the Motion to Dismiss, the Passes Defendants anticipate filing a motion to stay discovery. At this time, the parties are unaware of any other information that might be helpful to the Court in setting the case for status or pretrial conference.

Respectfully submitted;

Dated: May 16, 2025
        Miami, Florida

SCHWARTZ BRESLIN PLLC                    TOTH FUNES PA


By: */s/ Jonathan Noah Schwartz, Esq.*       /s/ Freddy Funes
Jonathan Noah Schwartz, Esq.             Brian W. Toth
Florida Bar. No. 1014596                 Florida Bar No. 57708
Jerrell Breslin, Esq.                    Freddy Funes
Florida Bar No. 269573                   Florida Bar No. 87932
JS@JSJB.Law                              btoth@tothfunes.com

5

JB@BSBJ.Law
Tel.: (305) 577-4626
Schwartz Breslin PLLC
The Alfred I. DuPont Building, Ste. 700
169 E. Flagler Street, Miami, Florida 33131

CLARK SMITH VILLAZOR LLP
Christopher J. Clark, Esq.
clark@csvllp.com
(admitted *pro hac vice*)
Rodney Villazor, Esq.
rodney.villazor@csvllp.com
(admitted *pro hac vice*)
Michelle E. Lee, Esq.
michelle.lee@csvllp.com
(*pro hac vice forthcoming*)
Natalia Lima, Esq.
natalia.lima@csvllp.com
(admitted *pro hac vice*)

666 Third Avenue, 21st Floor
New York, New York 10017
(212) 377-0850

*Attorneys for Plaintiff*

ffunes@tothfunes.com
Ingraham Building
25 Southeast Second Avenue, Suite 805
Miami, Florida 33131
(305) 717-7850

ELSBERG BAKER & MARURI PLLC
Rollo C. Baker, IV
rbaker@elsberglaw.com
(admitted *pro hac vice*)
Vivek Tata
vtata@elsberglaw.com
(admitted *pro hac vice*)
Alexander S. Davis
adavis@elsberglaw.com
(admitted *pro hac vice*)
Chase J. Shelton
cshelton@elsberglaw.com
(admitted *pro hac vice*)

1 Penn Plaza
New York, NY 100119
Tel: (212) 597-2602

*Attorneys for Defendants Passes, Inc. and Lucy Guo*

6