**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ALICE ROSENBLUM, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>PASSES, INC., NOFHOTOS GROUP LLC, WLM MANAGEMENT LLC, LUCY GUO, ALEC CELESTIN, and LANI GINOZA,<br><br>                    Defendants. | Civ. Action No. 1:25-cv-20899-JEM<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS**
**PASSES, INC. AND LUCY GUO'S MOTION TO DISMISS THE COMPLAINT**

Date: May 19, 2025

Rollo C. Baker, IV (admitted *pro hac vice*)
Vivek Tata (admitted *pro hac vice*)
Alexander S. Davis (admitted *pro hac vice*)
Chase J. Shelton (admitted *pro hac vice*)
Elsberg Baker & Maruri PLLC
1 Penn Plaza Suite 4015
New York, NY 10019
Tel: 917-923-2401
rbaker@elsberglaw.com
vtata@elsberglaw.com
adavis@elsberglaw.com
cshelton@elsberglaw.com

Brian W. Toth
Freddy Funes
Toth Funes PA
25 Southeast Second Avenue Suite 805
Miami, Florida 33131
Tel: 305-717-7851
btoth@tothfunes.com
ffunes@tothfunes.com

*Counsel for Passes, Inc. and Lucy Guo*

**TABLE OF CONTENTS**

*Pages*

PRELIMINARY STATEMENT ...............................................................................................................1

ARGUMENT ..........................................................................................................................................2

I.     The Opposition Confirms that Venue Is Improper ...............................................................2

II.    The Passes Defendants Are Immune Under Section 230 ....................................................3

      A.     The Passes Defendants are Interactive Service Providers .......................................4

      B.     The Complaint Does Not Allege the Passes Defendants Materially Contributed to the Material ................................................................................4

      C.     Plaintiff's Claims Would Treat the Passes Defendants as Publishers .....................6

III.   The Complaint Fails to State a Claim Against the Passes Defendants ...............................7

      A.     The Complaint Does Not Allege the Passes Defendants Knowingly Possessed or Accessed the Material .........................................................................7

      B.     The Complaint Does Not State a Claim Under Fla. Stat. § 847.012 .......................9

      C.     The Complaint Does Not—and Cannot—State a Vicarious Liability Claim ..........9

IV.   The Class Allegations Should Be Stricken .......................................................................10

CONCLUSION....................................................................................................................................10

# **TABLE OF AUTHORITIES**

*Page(s)*

**Cases**

*Alvarez Galvez v. Fanjul Corp.*,
   2021 WL 4093469 (S.D. Fla. Aug. 4, 2021)...................................................................... 10

*Coffee v. Google, LLC*,
   2021 WL 493387 (N.D. Cal. Feb. 10, 2021) ........................................................................ 5

*Doe (K.B.) v. Backpage.com, LLC*,
   2025 WL 719080 (N.D. Cal. Mar. 3, 2025)........................................................................... 7

*Doe v. Apple Inc.*,
   2025 WL 1266928 (N.D. Cal. May 1, 2025) ........................................................................ 8

*Doe v. Fry*,
   2012 WL 13102263 (M.D. Fla. Apr. 9, 2012)....................................................................... 9

*Doe v. Grindr Inc.*,
   128 F.4th 1148 (9th Cir. 2025) ............................................................................................. 8

*Doe v. Grindr Inc.*,
   709 F. Supp. 3d 1047 (C.D. Cal. 2023) ...................................................................... 5, 6, 7

*Doe v. Hansen*,
   2018 WL 2223679 (E.D. Mo. May 15, 2018) ...................................................................... 9

*Doe v. Mindgeek USA Inc.*,
   558 F. Supp. 3d 828 (C.D. Cal. 2021) .................................................................................. 6

*Doe 1 v. Varsity Brands, LLC*,
   2023 WL 4931929 (N.D. Ohio Aug. 2, 2023)...................................................................... 9

*Does 1-6 v. Reddit, Inc.*,
   51 F.4th 1137 (9th Cir. 2022) ............................................................................................... 4

*Dyroff v. Ultimate Software Grp.*,
   2017 WL 5665670 (N.D. Cal. Nov. 26, 2017) ..................................................................... 5

*Dyroff v. Ultimate Software Grp.*,
   934 F.3d 1093 (9th Cir. 2019) ........................................................................................ 6, 7

*Est. of Bride ex rel. Bride v. Yolo Techs., Inc.*,
   112 F.4th 1168 (9th Cir. 2024) ............................................................................................. 5

*e-ventures Worldwide, LLC v. Google, Inc.*,
   188 F. Supp. 3d 1265 (M.D. Fla. 2016)................................................................................ 6

ii

*Doe v. Fenix Int'l, Ltd.*,
    2025 WL 336741 (S.D. Fla. Jan. 30, 2025) ............................................................... 6

*G.G. v. Salesforce.com, Inc.*,
    76 F.4th 544 (7th Cir. 2023) ................................................................................... 7

*Goddard v. Google, Inc.*,
    640 F. Supp. 2d 1193 (N.D. Cal. 2009) .................................................................. 6

*Hemispherx Biopharma, Inc. v. MidSouth Cap., Inc.*,
    669 F. Supp. 2d 1353 (S.D. Fla. 2009) ................................................................... 3

*Jean-Charles v. Perlitz*,
    937 F. Supp. 2d 276 (D. Conn. 2013) ................................................................. 2, 9

*Kimzey v. Yelp! Inc.*,
    836 F.3d 1263 (9th Cir. 2016) ............................................................................ 4, 6

*Loomer v. Zuckerberg*,
    2023 WL 6464133 (N.D. Cal. Sept. 30, 2023) ....................................................... 4

*M.H. ex rel. C.H. v. Omegle.com, LLC*,
    122 F.4th 1266 (11th Cir. 2024) .......................................................................... 5, 8

*L.H. v. Marriott Int'l, Inc.*,
    604 F. Supp. 3d 1346 (S.D. Fla. 2022) ................................................................ 4, 7

*Mazzezo v. Nature's Bounty, Inc.*,
    2014 WL 5846735 (S.D. Fla. Nov. 12, 2014) ......................................................... 9

*McCall v. Zotos*,
    2023 WL 3946827 (11th Cir. June 12, 2023) ...................................................... 4, 7

*McKally v. Perez*,
    87 F. Supp. 3d 1310 (S.D. Fla. 2015) ........................................................ 1-2, 7, 10

*Megaval Enters., Ltd. v. Bank of Am., N.A.*,
    2014 WL 12609318 (S.D. Fla. Oct. 8, 2014) ...................................................... 9-10

*Morton v. Twitter, Inc.*,
    2021 WL 1181753 (C.D. Cal. Feb. 19, 2021) ......................................................... 4

*Prou v. Giarla*,
    62 F. Supp. 3d 1365 (S.D. Fla. 2014) ..................................................................... 3

*Regalado v. Dir., Ctr. for Disease Ctrl.*,
    2023 WL 239989 (11th Cir. Jan. 18, 2023) ............................................................ 5

*Robey v. JPMorgan Chase Bank, N.A.*,
    343 F. Supp. 3d 1304 (S.D. Fla. 2018) .................................................................................. 3

*Stearns v. Select Comfort Retail Corp.*,
    2009 WL 4723366 (N.D. Cal. Dec. 4, 2009) ...................................................................... 10

*TMJ Prac. Mgmt. Assocs. v. Curran*,
    2017 WL 3130421 (S.D. Fla. July 24, 2017) .................................................................. 2-3

**Statutes**

18 U.S.C. § 2252 ............................................................................................................................ 2

18 U.S.C. § 2252A ..........................................................................................................................2

28 U.S.C. § 1404 .............................................................................................................................3

28 U.S.C. § 1406 ............................................................................................................................ 3

Fla. Stat. § 847.012 ..................................................................................................................... 8, 9

**PRELIMINARY STATEMENT**

Plaintiff's Opposition backtracks on allegations in the Complaint, tries to egregiously and inaccurately rewrite the Complaint's allegations with new and shameless falsehoods, and does not engage with on-point precedent cited in the Motion to Dismiss. The slew of new inflammatory allegations is a concession that the Complaint must be dismissed and a desperate effort to exert settlement pressure on the Passes Defendants because they refused to give in to Plaintiff's counsel's extortionate $15 million pre-suit payment demand.[1] Tellingly, 82 days after filing the Complaint, Plaintiffs' counsel still has not served any of the other defendants—Alec Celestin (and his companies) and Lani Ginoza—who are alleged to have actually engaged in wrongdoing.

The Complaint must be dismissed or transferred for the following reasons. *First*, venue does not lie in this District.  The Opposition does not identify a single allegation in the Complaint that ***anything*** related to Plaintiff's claims occurred here. Instead, the Opposition relies on the wrong law and on irrelevant purported "business activities" in this District that date from ***before*** the time at issue. The Complaint itself makes clear that the alleged events giving rise to Plaintiff's claims occurred in Los Angeles, not this District. Accordingly, venue lies only in Los Angeles.

*Second*, the Opposition cannot identify a single factual allegation that would preclude the Court from ruling now on the Passes Defendants' immunity under Section 230. Trying to avoid dismissal, the Opposition brazenly asserts, ***for the first time***, that the Passes Defendants were involved in creating the Material. The Complaint alleged nothing of the sort, and complaints "may

---

[1] Numerous blatant falsehoods in the Opposition, in particular the false assertion (at 2) that Guo "directed" Celestin to "product [*sic*] and distribute CSAM of minor creators," raise serious questions about Plaintiff's counsel's compliance with Rule 11 and suggest that Plaintiff's counsel is making increasingly outrageous allegations to exert settlement pressure. Yet, similar to their frivolous (and withdrawn) motion to compel (ECF Nos. 13, 20), Plaintiff's counsel has accused the *Passes Defendants* of making a frivolous argument, Opp. 10 n.5, and has even sent a make-weight Rule 11 letter mischaracterizing the Passes Defendants' arguments. Suffice it to say that the Passes Defendants stand by their arguments.

not be amended by briefs in opposition to a motion to dismiss." *McKally v. Perez*, 87 F. Supp. 3d 1310, 1317 (S.D. Fla. 2015). These false and defamatory new allegations must be disregarded.

*Third*, to support Plaintiff's claim under 18 U.S.C. §§ 2252 and 2252A, the Opposition (at 2) fabricates scandalous and false new allegations, accusing Guo of "direct[ing] Celestin . . . to product [*sic*] and distribute CSAM of minor Creators." The Complaint **never alleges** Guo told Celestin to create CSAM—only that Guo permitted Plaintiff to use Passes' direct messaging service and Passes' third-party moderation filters flagged the Material. The Opposition cannot rescue a deficient pleading by making up allegations that are not and could not be pled in the Complaint. The Opposition also cannot salvage the Complaint's attempt to hold the Passes Defendants liable for alleged actions taken by Celestin and Ginoza. Instead, in yet another improper attempt to amend via brief, the Opposition asserts an aiding and abetting theory **never alleged in the Complaint**. But §§ 2252 and 2252A do not permit vicarious or secondary liability. *See Jean-Charles v. Perlitz*, 937 F. Supp. 2d 276, 281-82 (D. Conn. 2013). Even if they did, the Complaint's allegations of an agency relationship are conclusory and insufficient.

*Finally*, the Opposition confirms that the Court should strike the class action allegations.

## ARGUMENT

### I.   The Opposition Confirms that Venue Is Improper

The Complaint alleges claims against Los Angeles-based defendants for harm that allegedly occurred in Los Angeles. The Opposition does not dispute the legal standard for venue, and it concedes that the Complaint relied on stale information: it does not dispute that before any of the alleged wrongful conduct—***before Plaintiff even joined Passes***—Guo and Passes moved to Los Angeles. Guo Decl. ¶¶ 3, 5. And the Opposition identifies nothing contesting that Plaintiff resided in North Carolina when she made her Passes account. *Id.* ¶ 7. The Opposition cannot point to *even one* "relevant activit[y] of the Defendants" that occurred here, much less a "substantial part

of the events . . . giving rise to [her] claim[s]." *TMJ Prac. Mgmt. Assocs. v. Curran*, 2017 WL 3130421, at *6 (S.D. Fla. July 24, 2017). The Complaint *only* alleges wrongdoing occurred in Los Angeles, not this District.[2] Compl. ¶¶ 56-58, 69. Venue is accordingly improper.

Plaintiff could have agreed to transfer the case to the right venue. Instead, the Opposition (at 14) clings to allegations about irrelevant "business activities"—that Passes was headquartered in Miami from 2022 to June 2024 and Guo raised funds in Florida. But these activities were not, "in and of themselves wrongful," nor did they "have a close nexus" to the alleged wrongful conduct, which, according to the Complaint, occurred **years later**, in Los Angeles. *See Robey v. JPMorgan Chase Bank, N.A.*, 343 F. Supp. 3d 1304, 1314 (S.D. Fla. 2018); *Hemispherx Biopharma, Inc. v. MidSouth Cap., Inc.*, 669 F. Supp. 2d 1353, 1358 (S.D. Fla. 2009) (transferring where plaintiff "failed to allege that Defendants' tortious conduct or any acts with a close nexus to their tortious conduct, occurred within [this District]").

Guo's declaration confirms that venue is improper, and the Opposition's own authorities (at 13) explain that the Court need not accept the Complaint's allegations as true where, as here, they are "contradicted by the defendant's affidavits." *Prou v. Giarla*, 62 F. Supp. 3d 1365, 1379 (S.D. Fla. 2014). Having failed to "bear[] the burden of showing that the venue selected is proper," *Hemispherx*, 669 F. Supp. 2d at 1356, the Opposition makes a last-ditch request for unspecified discovery. But the Opposition cites no authority holding Plaintiff is entitled to venue discovery when there are no factual disputes to be resolved. The Court should reject the request.

## II.   The Passes Defendants Are Immune Under Section 230

The Passes Defendants' Motion showed they are immune under Section 230 because

---

[2] The Opposition's speculation (at 14-15) that "contemporaneous records and evidence" are in this District is irrelevant under 28 U.S.C. § 1406, the venue statute at issue; it relies on cases seeking transfer under 28 U.S.C. § 1404, which is wrong law.

(i) they provide an interactive computer service, (ii) Plaintiff's claims are "based on information provided by" Celestin and Ginoza, and (iii) Plaintiff's claims "would treat the [Passes Defendants] as the publisher or speaker of that information." *L.H. v. Marriott, Int'l, Inc.*, 604 F. Supp. 3d 1346, 1363-64 (S.D. Fla. 2022). No factual disputes exist as to any element on the face of the Complaint.

### A. The Passes Defendants are Interactive Service Providers

Passes is a "social media platform" of the sort that courts regularly characterize as an interactive service provider. *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1139 (9th Cir. 2022). Indeed, the Complaint alleges that Passes is an online "subscription-based content platform" that allows creators to sell "exclusive content, livestreams, one-on-one chats and personalized experiences" generated by creators to their "customers and subscribers," and the Complaint seeks to hold Guo liable for her role in making Passes' services available. Compl. ¶¶ 13, 34. These are precisely the type of features that characterize an interactive service provider. And aside from a bare assertion that the issue is "disputed," the Opposition does not identify *any* allegations in the Complaint that dispute this question. *See Morton v. Twitter, Inc.*, 2021 WL 1181753, at *3 (C.D. Cal. Feb. 19, 2021) (status as a service provider resolved at pleading stage because social media platforms are "prototypical" providers protected by Section 230). The Complaint's own allegations concede that the Passes Defendants fit the "expansive[]" definition of interactive service provider. *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1268 (9th Cir. 2016); *see Morton*, 2021 WL 1181753, at *3 (Twitter); *McCall v. Zotos*, 2023 WL 3946827, at *2 (11th Cir. June 12, 2023) (Amazon); *Loomer v. Zuckerberg*, 2023 WL 6464133, at *12 (N.D. Cal. Sept. 30, 2023) (CEO of service provider).

### B. The Complaint Does Not Allege the Passes Defendants Materially Contributed to the Material

The Complaint does not allege that the Passes Defendants "materially contributed to the unlawful nature of" the Material. *Marriott*, 604 F. Supp. 3d at 1364. The Complaint **repeatedly**

4

alleges that it was Celestin and Ginoza—***not*** the Passes Defendants—who took and uploaded photographs and videos of Plaintiff. Compl. ¶¶ 58, 83, 90. The Opposition's innuendo (at 12)—***without any supporting allegations in the Complaint***—that the Passes Defendants were somehow involved in the creation of the Material is "not properly before the [Court]," *Regalado v. Dir., Ctr. for Disease Ctrl.*, 2023 WL 239989, at *1 (11th Cir. Jan. 18, 2023), and completely false.

The Opposition (at 12) cites three allegations it claims show "material contribution": (i) Guo allegedly "overriding [] safety measures," (ii) Guo allegedly "assuring Plaintiff 'you can upload anything,'" and (iii) Passes' third-party moderation filters purportedly "identify[ing] Plaintiff's content as CSAM." Even if these allegations were true, none comes close to pleading the Passes Defendants "contribute[d] materially to the alleged illegality of the conduct." *Coffee v. Google, LLC*, 2021 WL 493387, at *7 (N.D. Cal. Feb. 10, 2021) (dismissing under Section 230).

*First*, Guo cannot be liable for allegedly letting Plaintiff use direct messaging because it is a "content-neutral social-network functionalit[y]." *Dyroff v. Ultimate Software Grp.*, 2017 WL 5665670, at *9 (N.D. Cal. Nov. 26, 2017), *aff'd*, 934 F.3d 1093 (9th Cir. 2019). Section 230 protects providers that enable such communications, *Est. of Bride ex rel. Bride v. Yolo Techs., Inc.*, 112 F.4th 1168, 1181 (9th Cir. 2024); *M.H. ex rel. C.H. v. Omegle.com, LLC*, 122 F.4th 1266, 1271 (11th Cir. 2024), and the Opposition fails to engage with any precedent holding as much, Mot. 12-13.

*Second*, an allegation that Guo "assur[ed] Plaintiff '***you*** can upload anything,'" Opp. 12 (emphasis added), is not an allegation that Guo "created" or "developed" the Material. Despite the Opposition's attempt to make Guo's alleged statement nefarious, the Complaint does not (and could not) allege that Guo told Plaintiff she could upload anything that violated Passes' Guidelines, let alone CSAM. If anything, this allegation confirms that the Complaint seeks to hold Guo liable

5

because Passes "published information created or developed by third parties." *Doe v. Grindr Inc.*, 709 F. Supp. 3d 1047, 1054 (C.D. Cal. 2023), *aff'd* 128 F.4th 1148 (9th Cir. 2025). Passes creators "ultimately determine what content to post," *Goddard v. Google, Inc.*, 640 F. Supp. 2d 1193, 1197-98 (N.D. Cal. 2009), and Guo did not "create or develop content" by "provid[ing] a neutral means by which third parties can post information," *Doe v. Fenix Int'l, Ltd.*, 2025 WL 336741, at *4 (S.D. Fla. Jan. 30, 2025); *see Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1099 (9th Cir. 2019) (service provider does not develop content "when it provides neutral tools that a user exploits").

*Third*, Passes is not liable for an alleged "failure to regulate third party content," *Grindr*, 709 F. Supp. 3d at 1053, because no allegations tie Passes to "what makes the displayed content illegal," *Kimzey*, 836 F.3d at 1269 n.4. Assuming the moderation filters were triggered as alleged, Compl. ¶ 85, Passes would be immune under Section 230 "even if [it] kn[ew] that the third parties [were] using such tools to create illegal content." *See Goddard*, 640 F. Supp. 2d at 1196.[3]

The Opposition's reliance (at 12) on cases where providers "help[ed] to develop unlawful content" is inapposite. Unlike those cases, the Complaint contains no well-pled allegations that the Passes Defendants directed the creation of CSAM, *see Doe v. Mindgeek USA Inc.*, 558 F. Supp. 3d 828, 842 (C.D. Cal. 2021), "control[led] which videos are posted," *Doe v. MG Freesites Ltd.*, 676 F. Supp. 3d 1136, 1168 (N.D. Ala. 2022), or developed illegal tools or content, *Fair Hous. Council of San Fernando Valley v. Roommates.com*, 521 F.3d 1157, 1167-68 (9th Cir. 2008).

### C. Plaintiff's Claims Would Treat the Passes Defendants as Publishers

The Opposition (at 12) incorrectly claims that Section 230 is inapplicable because the Complaint challenges the Passes Defendants' "acts and practices." Not so. Even if the allegations

---

[3] The Opposition cites (at 11) *e-ventures Worldwide, LLC v. Google, Inc.*, 188 F. Supp. 3d 1265 (M.D. Fla. 2016), but that case concerned removing websites from search engine results and § 230(c)(2), which protects good-faith moderation decisions. *Id.* 1273. Here, the Passes Defendants are immune under § 230(c)(1).

6

against the Passes Defendants were well-pled (they are not, *see infra* § III.A.), they allege only that Guo let Plaintiff access "neutral features" to "facilitate the communication and content of others," *Dyroff*, 934 F.3d at 1098, and Passes "fail[ed] to regulate third party content," *Grindr*, 709 F. Supp. at 1053. This is "precisely the type of conduct Congress sought to immunize" with Section 230. *Marriott*, 604 F. Supp. 3d at 1365; *see McCall*, 2023 WL 3946827, at *3 (provider immune for decisions "whether to publish, withdraw, postpone, or alter content"); *Doe (K.B.) v. Backpage.com, LLC*, 2025 WL 719080, at *5 (N.D. Cal. Mar. 3, 2025) ("[D]etermining who can and cannot speak on [a] platform" "cuts to the core of [provider's] role as a publisher.").

*G.G. v. Salesforce.com, Inc.*, 76 F.4th 544 (7th Cir. 2023), Opp. 11-12—is wildly inapposite. Salesforce was not sued for publishing content but for providing a backend system that created "custom software" and "facilitated" Backpages' efforts to avoid "imminent seizure by the United States government." *Id.* at 550, 567. And "nationwide news coverage," "law enforcement, United States Attorneys General, and every state Governor" had "publicly identified" Backpage "as the biggest and most notorious sex trafficking and pimping website in the United States." *Id.* The Complaint does not (and could not) allege anything close against the Passes Defendants.

### III.     The Complaint Fails to State a Claim Against the Passes Defendants

Recognizing the Complaint fails to state a claim against the Passes Defendants, the Opposition improperly injects brand-new, salacious, and false allegations. But a "complaint may not be amended by briefs in opposition to a motion to dismiss." *McKally*, 87 F. Supp. 3d at 1317.

#### A.     The Complaint Does Not Allege the Passes Defendants Knowingly Possessed or Accessed the Material

To avoid dismissal, the Opposition (at 4, 6) makes a slew of ***false assertions***, including that Guo "presently possess[es] Plaintiff's CSAM," the Passes Defendants "recruited Plaintiff . . . to . . . . distribute child pornography on Passes," and Guo permitted Plaintiff to use direct messages

7

"to allow Celestin and Ginoza to advertise and sell Plaintiff's CSAM." The Opposition cites ***not a single allegation***, much less any well-pled allegations, that supports these made-up assertions—assertions which raise serious concerns about Plaintiff's counsel's compliance with Rule 11.

The Opposition does not dispute that the Court need not credit conclusory allegations, Mot. 4 n.1, but it (at 6) continues to rely on the conclusory allegation that Guo purportedly "knew of Celestin's plans." This allegation "is not supported by any plausible factual allegations," so it must be disregarded. *Doe v. Grindr Inc.*, 128 F.4th 1148, 1155 (9th Cir. 2025). Nor can Guo be liable for purportedly being willfully blind to the "illicit purpose" for which Passes could be used. Opp. 9. Knowing a third party could use Passes for illicit purposes, "without more, cannot sustain a violation of . . . § 2252 or 2252A." *Doe v. Apple Inc.*, 2025 WL 1266928, at *5 (N.D. Cal. May 1, 2025). The Opposition's authorities (at 9) are completely inapposite because the Complaint does not, and could not, allege that Guo acted with an "awareness of the high probability" that CSAM would be distributed on Passes.

The Opposition also still does not point to anything supporting the claim that Passes' moderation systems "identified the images and videos as child pornography." Compl. ¶ 85. Nor does the Complaint allege, even if the systems flagged the Material, anyone at Passes "maintained, reviewed, distributed, made available, or accessed" the Material. *See Omegle*, 122 F.4th at 1272.

With no well-pled allegations of the Passes' Defendants knowledge, the Opposition asks the Court to accept bare speculation and infer the Passes Defendants (i) knew that Celestin and Ginoza were exploiting Plaintiff, with ***no*** supporting factual allegations; (ii) knew that Celestin and Ginoza planned to use Passes' service to sell the Material, which the Complaint also ***does not*** plausibly allege; and (iii) sought to facilitate the sale of the Material, which the Complaint ***does not*** allege. The Court should dismiss the Section 2252 and 2252A claims.

**B.     The Complaint Does Not State a Claim Under Fla. Stat. § 847.012**

The Court need not consider the Opposition's assertion, relegated to a footnote, that the Complaint states a Fla. Stat. § 847.012 claim. *See Mazzezo v. Nature's Bounty, Inc.*, 2014 WL 5846735, at *2 n.1 (S.D. Fla. Nov. 12, 2014) (declining to consider arguments made in footnote). The Opposition cannot point to anything in the Complaint that alleges that the Passes Defendants "knowingly use[d]" Plaintiff "in the production of" any explicit content. And because the alleged misconduct occurred in California, not Florida, there is no basis for Florida law to apply here. *See Doe v. Fry*, 2012 WL 13102263, at *1 n.1 (M.D. Fla. Apr. 9, 2012). Count II must be dismissed.

**C.     The Complaint Does Not—and Cannot—State a Vicarious Liability Claim**

The Complaint does not assert a vicarious liability claim, *see* Mot. 14-15, but the Opposition (at 17) tries to fabricate a new aiding and abetting theory, based on new, false and inflammatory allegations found nowhere in the Complaint. This effort fails.

*First*, it is blackletter law that § 2255 does not permit vicarious or secondary liability. Liability under § 2255 is limited to the defendant that committed the acts. *Doe v. Hansen*, 2018 WL 2223679, at *5 (E.D. Mo. May 15, 2018); *Perlitz*, 937 F. Supp. 2d at 281; *Doe 1 v. Varsity Brands, LLC*, 2023 WL 4931929, at *8 (N.D. Ohio Aug. 2, 2023). The Passes Defendants accordingly cannot be liable under an aiding and abetting theory, or any other attempt to treat them as vicariously or secondarily liable for other defendants' conduct.

*Second*, trying to manufacture an agency relationship, the Opposition ***again*** tries to rewrite the Complaint by falsely asserting that Celestin and Ginoza were employees of the Passes Defendants. *Compare* Opp. 16-17, *with* Compl. ¶ 18 (alleging only that Ginoza was a *former* employee of Passes). In any event, bare assertions that Celestin and Ginoza acted as an agent for the Passes Defendants, *e.g.*, Compl. ¶¶ 19, 83, are "legal conclusions, which the Court need not accept as true." *Megaval Enters., Ltd. v. Bank of Am., N.A.*, 2014 WL 12609318, at *5 & n.2 (S.D.

9

Fla. Oct. 8, 2014); *see Alvarez Galvez v. Fanjul Corp.*, 2021 WL 4093469, at *6 (S.D. Fla. Aug. 4, 2021) (similar). The Opposition cites no authority to the contrary.

The Complaint also fails to allege that Celestin and Ginoza's alleged misconduct was within the scope of any purported agency relationship. The Complaint alleges only that Guo "instructed Celestin . . . to recruit Creators between the ages of 15 and 17" and to help those creators "create and upload any content for Passes." Compl. ¶¶ 48-49. The Complaint fails to allege how Plaintiff knew about purported instructions given a year ***before*** she met Celestin, and these allegations do not point to any illegal conduct. The Complaint does not allege that Guo instructed anyone to exploit minor creators at all.

Finally, the Opposition manufactures (at 2) a new and false claim that Guo "directed Celestin to . . . product [*sic*] and distribute CSAM of minor Creators . . . and to market that CSAM using the Passes platform." But the Complaint ***does not allege anything like that***. These outrageous and false allegations must be disregarded. *McKally*, 87 F. Supp. 3d at 1317.

## IV. The Class Allegations Should Be Stricken

The Opposition does not contest that Plaintiff's counsel did not undertake the required inquiry into whether any class members exist and that allegations about other class members are conclusory, that the Complaint's allegations are particularized to Plaintiff, and that courts have discretion to strike class allegations.[4] *See Stearns v. Select Comfort Retail Corp.*, 2009 WL 4723366, at *14 (N.D. Cal. Dec. 4, 2009). The Complaint's class allegations should be stricken.

## **CONCLUSION**

The Court should transfer or dismiss the case for the reasons stated in the Passes Defendants' Motion to Dismiss and herein.

---

[4] The Passes Defendants moved under Rule 12(f), which the Opposition concedes is correct (at 19 n.9). And the Opposition does not offer a contrary standard.

Dated: May 19, 2025                                      Respectfully Submitted,

/s/Brian W. Toth                        

Rollo C. Baker, IV (admitted *pro hac vice*)   Brian W. Toth
Vivek Tata (admitted *pro hac vice*)           Florida Bar No. 57708
Alexander S. Davis (admitted *pro hac vice*)   Freddy Funes
Chase J. Shelton (admitted *pro hac vice*)     Florida Bar No. 87932
Elsberg Baker & Maruri, PLLC                   Toth Funes PA
1 Penn Plaza                                   Ingraham Building
New York, NY 100119                            25 Southeast Second Avenue, Suite 805
Tel: (212) 597-2602                            Miami, Florida 33131
rbaker@elsberglaw.com                          (305) 717-7850
vtata@elsberglaw.com                           btoth@tothfunes.com
adavis@elsberglaw.com                          ffunes@tothfunes.com
cshelton@elsberglaw.com

*Counsel for Defendants Passes, Inc. and Lucy Guo*

*Counsel for Defendants Passes, Inc. and Lucy Guo*

11