# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20899-JEM

ALICE ROSENBLUM, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

PASSES, INC., a Delaware corporation, NOFHOTOS GROUP LLC, a California limited liability company, WLM MANAGEMENT LLC, a California limited liability company, LUCY GUO, an individual, ALEC CELESTIN, an individual, and LANI GINOZA, an individual,

    Defendants.

## MOTION FOR SERVICE BY OTHER MEANS ON NOFHOTOS GROUP LLC AND FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF PROCESS

Plaintiff Alice Rosenblum, on behalf of herself and others similarly situated (the "Plaintiff"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 4(h)(1)(A) and Section 48.102 of the Florida Statutes, hereby respectfully moves this Court for an order allowing service of process upon Defendant Nofhotos Group LLC, a California limited liability company ("Nofhotos"), by e-mail to an address used for the execution of a contract at issue in this action and, pursuant to Federal Rule of Civil Procedure 4(m), for an extension of time to serve Defendant Nofhotos. In support thereof, Plaintiff states as follows:

1. Plaintiff initiated this action on February 26, 2025. Dkt. 1.

2. Plaintiff obtained a Summons for Nofhotos. Dkt. 7 at 2.

3. Nofhotos' principal and mailing address on record with the California Secretary of State is 11911 Martha Ann Drive, Los Alamitos, CA 90720 (the "Nofhotos Corporate Address of

Record"). Nofhotos' Registered Agent[1] has the same address. A true and correct copy of the California Secretary of State corporate listing for Nofhotos is attached hereto as **Exhibit 1**.

4. Plaintiff retained an investigative firm to effectuate service on, *inter alia*, Nofhotos.

5. Service of the Summons and Complaint were attempted at the Nofhotos Corporate Address of Record at the following dates and times and with the following results, as indicated by the investigative firm's report (a true and correct copy of a Return of Service is attached hereto as **Exhibit 2**):

   a. April 17, 2025 at 12:10 pm: "No Answer - They have a 'Ring' doorbell.";

   b. April 18, 2025 at 8:30 am: "No answer - Light was on when I knocked and then they turned the light off and closed the blinds. ***Obviously they are evading***.";

   c. April 22, 2025 at 8:05 pm: "No answer"; and

   d. April 23, 2025 at 9:30 am: Summons and Complaint were left with Mark Celestin as the co-occupant at Nofhotos' principal address, and who also happens to be co-Defendant Celestin's father.

**Exhibit 2** (emphasis added). The Return of Service provided as **Exhibit 2** is offered not to evidence service on Celestin (given his bankruptcy filing), but rather to evidence (a) sworn service attempts at the Nofhotos Corporate Address of Record and (b) the presence and occupancy of Nofhotos Registered Agent Celestin's father at that address on April 23, 2025.

---

[1] Alec Celestin ("Celestin"), who is named as a co-Defendant but has since petitioned for bankruptcy, is listed as the Registered Agent. Nofhotos, as a California LLC, is a distinct legal entity. *See* Cal. Corp. Code § 17701.04(a). And to Plaintiff's knowledge, it has not filed for bankruptcy. The automatic stay applicable to Celestin individually, because of his personal bankruptcy, does not apply to entities that may be affiliated with him, like Nofhotos. *See, e.g.*, *In re Johnson*, 608 B.R. 784, 788-89 (Bankr. S.D. Ga. 2019) (citing cases, including for the proposition that the "automatic stay does not stay actions against separate entities associated with the debtor").

6. Federal Rule of Civil Procedure 4(h)(1)(A) provides that "[u]nless federal law provides otherwise or the defendant's wavier has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A).  Subsection (e)(1) of that Rule allows service upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

7. The Florida Statutes allow for service by other means on a domestic or foreign limited liability company as follows:

> **48.102 Service by other means.**–If, after due diligence, a party seeking to effectuate service is unable to effectuate personal service of process on a domestic or foreign limited liability company, the court, upon motion and a showing of such inability, may authorize service in any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit. Such other manners of service may include service ***electronically by e-mail*** or other technology by any person authorized to serve process in accordance with this chapter, ***or by an attorney***. The court may authorize other methods of service consistent with the principles of due process. In suits involving a breach of contract, the court may consider authorizing the parties to effectuate service ***in the manner provided for in the contractual notice provision of the subject contract***.

§ 48.102, Fla. Stat. (emphasis added).

8. Here, the principal address, mailing address and address of the Registered Agent for Nofhotos, listed as "Active" and in "Good" standing with the California Secretary of State, is the Nofhotos Corporate Address of Record. *See* **Exhibit 1**.

9. Service of the Summons and Complaint at the Nofhotos Corporate Address of Record was attempted at least four (4) times, on the last of which the investigative firm reported

that "Mark Celestin as co-occupant/father" of Registered Agent Alec Celestin was present. *See* **Exhibit 2**.

10. Thus, after due diligence, Plaintiff has been unable to effectuate service of process upon Nofhotos by serving its Registered Agent personally under Federal Civil Procedure 4(h) or Florida or California law,[2] notwithstanding multiple attempts of service at the Nofhotos Corporate Address of Record.

11. Plaintiff thus moves this Court to "authorize service in any other manner that the [Plaintiff] shows will be reasonably effective to give [Nofhotos] actual notice of the suit." § 48.102, Fla. Stat. (2024).

12. Plaintiff seeks to effectuate service upon Defendant Nofhotos by e-mail at the e-mail address used to initiate and engage in the electronic execution of a contract that is the subject of Plaintiff's claim for declaratory judgment in Count VI of the Complaint (Dkt. 1 ¶¶ 147-151). A true and correct copy of an e-mail evidencing the e-mail address used by Nofhotos to initiate and engage in the electronic signing of that contract is attached hereto as **Exhibit 3**; *Cf.* § 48.102, Fla. Stat. ("In suits involving a breach of contract, the court may consider authorizing the parties to effectuate service in the manner provided for in the contractual notice provision of the subject contract."). Because Plaintiff has shown that service to this e-mail address will be reasonably

---

[2] *See* Fed. R. Civ. P. 4(h)(1) (providing for service on an unincorporated association by either following state law of the district where the case is brought or service is made, or "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"); Fla. Stat. 48.062(2) (providing for service on an LLC by "service on its registered agent"); Cal. Code Civ. P. § 416.40(b) (providing for service on an unincorporated association by "person designated as agent for service of process in a statement filed with the Secretary of State").

4

effective to give notice—especially given the efforts Plaintiff has made to serve the Complaint to date—this Court should authorize service by email.

13. While Plaintiff will be able to effectuate service by e-mail promptly upon the Court's granting Plaintiff's request, Plaintiff, in an abundance of caution, also moves this Court to "extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

14. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff has 90 days after the complaint is filed to serve process unless an extension of time is granted. Plaintiff's deadline to serve the Complaint expires on May 27, 2025.

15. Plaintiff seeks an additional 70 days to effectuate service of process on Defendant Nofhotos.

16. Plaintiff has demonstrated good cause for an extension, as Plaintiff has tried to execute service at the Nofhotos Corporate Address of Record and on its Registered Agent four (4) times, and, as the process server's report noted, it appeared that Nofhotos was evading service. **Exhibit 2**. *See also O'Boyle v. Bradshaw*, Case No. 12-81215-CIV, 2013 WL 12342260, at *2 (S.D. Fla. June 17, 2013) ("'Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'""). Even absent a finding of good cause, however, the Court should "still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* Whether under the good-cause standard or the "other circumstances" standard, Plaintiff respectfully submits that an extension is warranted given the efforts Plaintiff has made to serve Nofhotos to date.

WHEREFORE, the Plaintiff respectfully requests that this Court enter an Order allowing counsel for Plaintiff to serve Defendant Nofhotos by e-mail at the e-mail address (alec@nofhotos.com) it used to initiate and engage in the electronic execution of a contract that is

5

the subject of a declaratory judgment claim in this action, after which Plaintiff would file notice of same and send a copy of that notice by U.S. Certified Mail, Return Receipt Requested, to the Nofhotos Corporate Address of Record, as well as any and all other relief deemed just and proper by this Court.  In all events, Plaintiff also respectfully requests that this Court enter an Order granting an extension of time, through and including August 5, 2025 for Plaintiff to serve Defendant Nofhotos with the Summons and Complaint, as well as any and all other relief deemed just and proper.

Date: May 23, 2025.                    Respectfully submitted,

SCHWARTZ | BRESLIN PLLC

*/s/ Jonathan Noah Schwartz, Esq.*
Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Jerry Breslin, Esq.
Florida Bar No. 269573
E-Mails: JS@JSJB.Law; JB@JSJB.Law
Tel.: (305) 577-4626
The Alfred I. DuPont Building, Ste. 700
169 E. Flagler St., Miami, FL 33131

CLARK SMITH VILLAZOR LLP

Christopher J. Clark, Esq.
clark@csvllp.com
(admitted *pro hac vice*)
Rodney Villazor, Esq.
rodney.villazor@csvllp.com
(admitted *pro hac vice*)
Natalia Lima, Esq.
natalia.lima@csvllp.com
(admitted *pro hac vice*)

666 Third Avenue, 21st Floor
New York, New York 10017
(212) 377-0850

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed via CM/ECF on May 23, 2025, which simultaneously effectuated service upon all counsel of record.

*/s/ Jonathan Noah Schwartz, Esq.*
Jonathan Noah Schwartz, Esq.
