# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALICE ROSENBLUM, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civ. Action No. 1:25-cv-20899-JEM |
| v. | **ORAL ARGUMENT REQUESTED** |
| PASSES, INC., NOFHOTOS GROUP LLC, WLM MANAGEMENT LLC, LUCY GUO, ALEC CELESTIN, and LANI GINOZA, | |
| Defendants. | |

## DEFENDANTS PASSES, INC. AND LUCY GUO'S MOTION TO STAY DISCOVERY

Date: July 16, 2025

Rollo C. Baker, IV (admitted *pro hac vice*)
Vivek Tata (admitted *pro hac vice*)
Alexander S. Davis (admitted *pro hac vice*)
Chase J. Shelton (admitted *pro hac vice*)
Elsberg Baker & Maruri PLLC
1 Penn Plaza Suite 4015
New York, NY 10019
Tel: 917-923-2401
rbaker@elsberglaw.com
vtata@elsberglaw.com
adavis@elsberglaw.com
cshelton@elsberglaw.com

Brian W. Toth
Freddy Funes
Toth Funes PA
25 Southeast Second Avenue Suite 805
Miami, Florida 33131
Tel: 305-717-7851
btoth@tothfunes.com
ffunes@tothfunes.com

*Counsel for Passes, Inc. and Lucy Guo*

**TABLE OF CONTENTS**

*Pages*

INTRODUCTION .................................................................................................................... 1

RELEVANT BACKGROUND ................................................................................................ 2

LEGAL STANDARD ............................................................................................................... 5

ARGUMENT ............................................................................................................................. 6

I. The Court Should Exercise Its Discretion to Stay Discovery Pending Resolution of the Motion to Dismiss .................................................................................................... 6

    A. The Court Should Stay Discovery Because Venue Does Not Lie in this District ............................................................................................ 6

    B. The Court Should Stay Discovery Because the Passes Defendants Are Immune Under Section 230 ................................................................... 7

    C. A Stay of Discovery Will Promote Judicial Efficiency, Conserve the Parties' and Judicial Resources, and Not Prejudice Plaintiff ............................ 8

CONCLUSION ........................................................................................................................ 12

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................... 9

*Chudasama v. Mazda Motor Corp.*,
  123 F.3d 1353 (11th Cir. 1997) ........................................................................................ 5, 9

*Clinton v. Jones*,
  520 U.S. 681 (1997) ............................................................................................................... 5

*Doe v. Bates*,
  2006 WL 3813758 (E.D. Tex. Dec. 27, 2006) ................................................................ 7-8

*Doe v. Reddit, Inc.*,
  2021 WL 4348731 (C.D. Cal. July 12, 2021) ..................................................................... 8

*Est. of Parreno ex rel. Garcia-Bengochea v. Airbnb, Inc.*,
  2024 WL 3826792 (M.D. Fla. Aug. 15, 2024) ................................................................... 8

*Fair Hous. Council v. Roommates.com, LLC*,
  521 F.3d 1157 (9th Cir. 2008) .............................................................................................. 7

*Flowers Indus., Inc. v. FTC*,
  835 F.2d 775 (11th Cir. 1987) ............................................................................................ 11

*Fondo De Proteccion Soc. De Los Depositos Bancarios v. Diaz Reus & Targ, LLP*,
  2016 WL 10952495 (S.D. Fla. Dec. 29, 2016) ............................................................... 6, 9

*Gaffney v. Rives*,
  2023 WL 1797271 (M.D. Fla. Feb. 7, 2023) ...................................................................... 9

*Heinisch v. Bernardini*,
  2014 WL 4976215 (M.D. Ga. Oct. 3, 2014) ....................................................................... 7

*Hindi v. BirdEye, Inc.*,
  2019 WL 4091425 (S.D. Fla. Aug. 29, 2019) ..................................................................... 7

*Jones v. Fiorella Ins. Agency, Inc.*,
  2020 WL 7485193 (S.D. Fla. Nov. 30, 2020) ..................................................................... 5

*Keegan v. Minahan*,
  2023 WL 3778248 (S.D. Fla. May 18, 2023) ............................................................... 6

*Lynn-Pryor v. Dep't of Def. Educ. Activity*,
  2021 WL 4427052 (M.D. Fla. Sept. 27, 2021) ............................................................ 7

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
  591 F.3d 250 (4th Cir. 2009) ..................................................................................... 7

*Olufemi v. Exclusive Ass'n Mgmt.*,
  2024 WL 710547 (11th Cir. Feb. 21, 2024) ......................................................... 5-6, 9

*Onuoha v. Facebook, Inc.*,
  2017 WL 11681325 (N.D. Cal. Apr. 7, 2017) ........................................................... 8

*Pierce v. State Farm Mut. Auto. Ins. Co.*,
  2014 WL 12528362 (S.D. Fla. Dec. 10, 2014) .................................................... 5, 12

*Soldevilla v. On the Barrelhead, Inc.*,
  2020 WL 597317 (S.D. Fla. Feb. 5, 2020) ............................................................... 11

*Sprint Commc'ns, Inc. v. Calabrese*,
  2019 WL 9598506 (S.D. Fla. Aug. 20, 2019) ............................................................ 2

*Terra Towers Corp. v. Am. Tower Int'l, Inc.*,
  2024 WL 454886 (S.D. Fla. Jan. 4, 2024) ................................................................. 9

*Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Cap. Mgmt., LLC*,
  2009 WL 10664410 (S.D. Fla. Nov. 24, 2009) .......................................................... 7

**Statutes**

18 U.S.C. § 2252 .................................................................................................................. 8

18 U.S.C. § 2252A ............................................................................................................... 8

28 U.S.C. § 1406 .................................................................................................................. 6

Fla. Stat. § 847.012 .............................................................................................................. 8

**Rules**

Fed. R. Civ. P. 12(b)(3) ....................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 3

Fed. R. Civ. P. 26 ................................................................................................................. 5

## INTRODUCTION

The Court should exercise its discretion to stay discovery pending resolution of Passes, Inc. and Lucy Guo's (the "Passes Defendants") Motion to Dismiss Plaintiff's Complaint and to Strike the Complaint's Class Action Allegations (ECF No. 12) (the "Motion to Dismiss"). Plaintiff's threat of taking costly and intrusive discovery from the Passes Defendants before the Court has resolved the Motion to Dismiss is yet another attempt to exert settlement pressure on defendants against whom Plaintiff has brought suit in the wrong district and who are immune.[1] A short discovery stay will promote judicial efficiency, will conserve the parties' and the Court's resources, and will not prejudice Plaintiff.

*First*, because venue does not lie in this District, the case will need to be dismissed, or at least transferred. A new court will have to adjudicate the Motion to Dismiss and referee discovery between the parties. Discovery should not commence until this case is in the proper district and the parties know which district's rules will govern discovery.

*Second*, as the Passes Defendants explain in their Motion to Dismiss, the Passes Defendants are immune from liability under Section 230 of the Communications Decency Act of 1996 ("Section 230"). Section 230 immunity is designed not only to protect service providers—like the Passes Defendants—from liability but also to shield them from the heavy costs of burdensome litigation and discovery. The Court should stay discovery until the issue of the Passes Defendants' Section 230 immunity is decided.

*Third*, a brief stay of discovery will promote judicial economy, will preserve the parties' and the Court's resources, and will not prejudice Plaintiff, but allowing discovery to proceed will

---

[1] As noted in the Passes Defendants' Motion to Dismiss, prior to filing the Complaint, Plaintiff's counsel—who formerly represented Guo—reached out to Passes and threatened to drag Passes into this litigation if the Passes Defendants did not immediately pay $15 million.

greatly burden the Passes Defendants. As the Motion to Dismiss explains, beyond the Complaint's inability to overcome Section 230 immunity, the Complaint fails to state any claims against the Passes Defendants. Nonetheless, Plaintiff has already served 41 Requests for Production on the Passes Defendants, at least 31 Interrogatories directed at Passes,[2] and an additional 21 Interrogatories directed at Guo, seeking expansive, irrelevant, and burdensome discovery from the Passes Defendants stretching back to January 1, 2022—***months before Passes was even founded***, and years before Plaintiff joined Passes. Collecting and producing responses to Plaintiff's counsel's fishing expedition will be extremely burdensome, intrusive, and costly on the Passes Defendants. And, because the Complaint states no viable claims against the Passes Defendants, any costs and time expended on discovery in this case will be unnecessary and fruitless.

A short stay of discovery, on the other hand, will not prejudice Plaintiff. This case is in its initial stages: The Passes Defendants' Motion to Dismiss is pending before the Court. No scheduling order has been entered by the Court. Defendant Lani Ginoza appeared in this case just four weeks ago, and her responsive pleading is not due until August 18, 2025. There is no need for Plaintiff's counsel to rush into taking burdensome discovery from the Passes Defendants at this early stage. Discovery should only proceed once the Motion to Dismiss has been decided.

## RELEVANT BACKGROUND

On February 26, 2025, Plaintiff filed a six-count complaint against the Passes Defendants, Nofhotos Group LLC, WLM Management LLC, Alec Celestin, and Lani Ginoza. Only two of

---

[2] Although Plaintiff's First Set of Interrogatories to Defendant Passes, Inc. has 22 numbered interrogatories, Interrogatory No. 1 contains five discrete subparts, and Interrogatory No. 2 contains six discrete subparts. Because each of the eleven discrete subparts "can be answered fully and completely without answering the second question," Interrogatory Nos. 1 and 2 "should be counted as more than one interrogatory under Rule 33(a)." *Sprint Commc'ns, Inc. v. Calabrese*, 2019 WL 9598506, at *2 (S.D. Fla. Aug. 20, 2019). Plaintiff has not sought leave from the Court to exceed Rule 33's limit of 25 interrogatories.

2

those six counts—Count I (Violation of 18 U.S.C. §§ 2252 and 2252A) and Count II (Violation of Fla. Stat. § 847.012)—are pled against the Passes Defendants. *See* Compl. ¶¶ 119-32.

The Passes Defendants filed their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) on April 28, 2025. ECF No. 12. The Motion to Dismiss raises multiple threshold issues that would entirely dispose of the case against the Passes Defendants: that venue does not lie in this District; that Section 230 immunizes the Passes Defendants from liability; and that the Complaint fails to state a claim against the Passes Defendants. Plaintiff filed her Opposition on May 12, 2025. ECF No. 27. The Passes Defendants filed their Reply on May 19, 2025. ECF No. 30.

The Passes Defendants and Plaintiff conducted a Rule 26(f) conference on May 2, 2025. The Passes Defendants and Plaintiff submitted their joint discovery plan pursuant to Federal Rule of Civil Procedure 26(f) on May 16, 2025. ECF No. 28. Therein, the Passes Defendants expressed their view that entering a scheduling order would be "premature" and they previewed "moving to stay discovery should Plaintiff serve discovery requests." ECF No. 28 at 3.

The Passes Defendants and Plaintiff exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) on May 30, 2025. Also on May 30, 2025, Plaintiff served her First Request to Produce to Defendants Passes, Inc. and Lucy Guo (the "RFPs"). Ex. A.[3] The RFPs contain 41 broad-ranging requests seeking documents from the Passes Defendants and "each of their present and former officers, directors, partners, employees, agents, accountants, principals, attorneys, and any and all persons now or previously under their control or acting or purporting to act for or on their behalf." The RFPs stretch back to January 1, 2022—***months*** before Passes was

---

[3] Exhibit numbers refer to exhibits appended to the Declaration of Rollo C. Baker IV, dated July 15, 2025.

founded, and nearly *three years* before Plaintiff created an account on Passes. Among other flaws, the overbroad and invasive RFPs seek (i) wholly irrelevant documents, including "pitch materials prepared for and by" the Passes Defendants during Passes' fundraising rounds and six months of "[v]isitor logs, swipe card access data, or similar entry system data" for Guo's Miami residence, Ex. A at Request Nos. 2, 33; and (ii) for a *three-and-a-half-year period*, including while Ginoza was an employee of Passes, "[a]ll communications and correspondence between Guo and Lani Ginoza regarding *any* Passes-related matter," despite the Complaint not alleging *any* wrongful conduct by Ginoza while she was employed at Passes, *id.* at Request No. 9 (emphasis added).

On June 16, 2025, Plaintiff served her First Set of Interrogatories to Defendant Passes, Inc. (the "Passes Interrogatories"). Ex. B. The Passes Interrogatories contain at least 31 burdensome and improper requests, again seeking information from months before Passes was even founded and years before Plaintiff created her Passes account. The Passes Interrogatories request Passes identify, among other things, (i) "all Persons who were involved with establishing, programming, overseeing, refining, or otherwise participated in the operation of" Passes' content moderation systems, which were created by third parties, Ex. B at Interrogatory No. 3; and (ii) every instance in which any minor Passes creator's account was ever "suspended, removed, or deactivated," regardless of the reason for the suspension, removal, or deactivation, *id.* at Interrogatory No. 11.

Notably, Passes Interrogatory No. 19 does not request any information from the Passes Defendants but is ostensibly a concession that discovery should be stayed. It reads: "***In the event that discovery in this Action proceeds***, Plaintiff proposes to meet and confer with Passes about the custodians and sources that Passes will review for responsive documents." *Id.* at Interrogatory No. 19 (emphasis added).

4

On July 2, 2025, Plaintiff served her First Set of Interrogatories to Defendant Lucy Guo (the "Guo Interrogatories"; together with the Passes Interrogatories, the "Interrogatories"). Ex. C. The Guo Interrogatories contain an additional 21 sweeping interrogatories, requesting irrelevant information about (i) the "scope" of Ginoza's work as a former Passes employee and the "extent and frequency" of Guo's interactions with Ginoza while she was employed at Passes, despite the Complaint alleging **no** wrongful conduct taken by Ginoza while she was a Passes employee, *id.* at Interrogatory Nos. 8-9; and (ii) for a three-and-a-half-year period, the location of Guo's "computers, servers, other electronic devices, physical files, records, and archives, past and current," *id.* at Interrogatory No. 18.

## **LEGAL STANDARD**

District courts have "broad discretion in managing pre-trial activities" and "inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Jones v. Fiorella Ins. Agency, Inc.*, 2020 WL 7485193, at *2 (S.D. Fla. Nov. 30, 2020); *accord Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In determining whether a stay is appropriate, courts assess whether the movant has shown "good cause and reasonableness." *Pierce v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014); *see* Fed. R. Civ. P. 26(c) (delineating court's power to issue protective orders limiting discovery for "good cause").

The Eleventh Circuit has instructed that "[f]acial challenges to the legal sufficiency of a claim . . . such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *accord Olufemi v. Exclusive Ass'n Mgmt.*, 2024 WL 710547, at *1 (11th Cir. Feb. 21,

2024) ("Discovery imposes high costs on the court and on litigants in time and resources, and thus, any claim that is not viable should be dismissed before discovery whenever possible."). District courts in this Circuit also "routinely exercise the power to stay a proceeding where a stay would promote judicial economy and efficiency." *Fondo De Proteccion Soc. De Los Depositos Bancarios v. Diaz Reus & Targ, LLP*, 2016 WL 10952495, at *1 (S.D. Fla. Dec. 29, 2016). "Courts consider the relative prejudice and hardship 'worked on each party if a stay is or is not granted' . . . . Moreover, so long as a stay is neither 'immoderate' nor indefinite, a stay can be appropriate in the interest of judicial convenience." *Keegan v. Minahan*, 2023 WL 3778248, at *1 (S.D. Fla. May 18, 2023). In considering whether to stay discovery pending resolution of a dispositive motion, "a court may take a 'preliminary peek' at the merits of the dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" *Id*.

## ARGUMENT

**I.     The Court Should Exercise Its Discretion to Stay Discovery Pending Resolution of the Motion to Dismiss.**

The Court should exercise its discretion to stay discovery pending its ruling on the Motion to Dismiss. The Motion to Dismiss raises multiple threshold legal issues—the fact that venue does not lie in this District and that the Passes Defendants are immune under Section 230—which should be decided before the parties engage in costly and burdensome discovery. And a short discovery stay would promote judicial economy, comport with the fundamental protections of Section 230 immunity, conserve the parties' resources, and work no prejudice on Plaintiff.

**A.     The Court Should Stay Discovery Because Venue Does Not Lie in this District.**

As the Motion to Dismiss explains, venue is improper in this District, so the Court must either "dismiss, or if it be in the interest of justice, transfer" this case to the Central District of California. 28 U.S.C. § 1406(a); *see* Mot. to Dismiss at 8-10. Because venue does not lie in this

6

District, the Court need not reach the merits of this Motion before transferring venue. Indeed, courts in this Circuit routinely transfer cases to other districts *before* discovery commences, which moots pending motions to stay. *See, e.g.*, *Hindi v. BirdEye, Inc.*, 2019 WL 4091425, at *9 (S.D. Fla. Aug. 29, 2019) (transferring case and denying pending motion to stay discovery as moot); *Lynn-Pryor v. Dep't of Def. Educ. Activity*, 2021 WL 4427052, at *3 (M.D. Fla. Sept. 27, 2021) (same); *Heinisch v. Bernardini*, 2014 WL 4976215, at *3 (M.D. Ga. Oct. 3, 2014) (same).

Alternatively, if the Court decides this Motion before resolving the threshold venue issue, it should order a brief stay of discovery. "Venue . . . is a threshold legal issue that is case-dispositive. It is appropriate to stay discovery pending resolution of a motion to dismiss where such an issue is raised." *Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Cap. Mgmt., LLC*, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009). Nonetheless, Plaintiff would have the Passes Defendants engage in burdensome discovery, only for the case to subsequently be dismissed or transferred to the Central District of California, where a new court would have to supervise discovery. The Court should stay discovery until this case is transferred to or brought in the proper district and the parties know which judge's and district's rules will govern discovery.

**B.     The Court Should Stay Discovery Because the Passes Defendants Are Immune Under Section 230.**

On the face of the Complaint, Plaintiff's claims against the Passes Defendants are barred by Section 230. *See* Mot. to Dismiss at 10-16. Permitting discovery to proceed before determining whether the Passes Defendants are shielded by Section 230 immunity would gut Section 230's protections because Section 230 immunity shields the Passes Defendants "not only from 'ultimate liability,' but also from 'having to fight costly and protracted legal battles.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (quoting *Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008) (en banc)). "[O]ne of the

7

fundamental purposes" of Section 230 immunity is "to insulate service providers . . . from the burdens of litigation, including those associated with discovery." *Doe v. Bates*, 2006 WL 3813758, at *10 (E.D. Tex. Dec. 27, 2006). For this reason, courts in this Circuit and other Circuits regularly stay discovery pending resolution of motions to dismiss that raise Section 230 immunity. *E.g.*, *Est. of Parreno ex rel. Garcia-Bengochea v. Airbnb, Inc.*, 2024 WL 3826792, at *2 (M.D. Fla. Aug. 15, 2024) (staying discovery where a "preliminary peek" at the motion to dismiss demonstrated it raised a non-frivolous Section 230 immunity argument, among other defenses); *Doe v. Kik Interactive, Inc.*, No. 0:20-CV-60702-AHS, ECF No. 32, at *1 (S.D. Fla. June 29, 2020) (staying discovery pending resolution of motions to dismiss that raised Section 230 immunity because the motions "if granted . . . would resolve or substantially reduce the scope of the claims") (attached hereto as Ex. D); *Doe v. Reddit, Inc.*, 2021 WL 4348731, at *3 (C.D. Cal. July 12, 2021) (granting stay where, among other things, it was "readily apparent that § 230 immunizes Reddit from many of Plaintiffs' claims"); *Onuoha v. Facebook, Inc.*, 2017 WL 11681325, at *1 (N.D. Cal. Apr. 7, 2017) (staying discovery because "if Facebook prevails on its § 230 argument, all of Plaintiffs' claims will be dismissed"). The Court should similarly stay discovery here.

      **C.**      **A Stay of Discovery Will Promote Judicial Efficiency, Conserve the Parties' and Judicial Resources, and Not Prejudice Plaintiff.**

*First*, setting aside that Plaintiff cannot overcome the fact that venue does not lie in this District and that the Passes Defendants are immune under Section 230, the Complaint does not (and cannot) state any claims against the Passes Defendants. Mot. to Dismiss at 16-19. The Complaint does not (and cannot) allege the Passes Defendants "***knowingly*** received or distributed" the alleged child sexual abuse material (the "Material"), as is required to state a claim under 18 U.S.C. §§ 2252 and 2252A, or that they "***knowingly*** use[d] [Plaintiff] in the production of" the Material, as is required to state a claim under Fla. Stat. § 847.012. *Id.* at 16-18. As the U.S.

8

Supreme Court has counseled, when the "allegations in a complaint . . . [cannot] raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). And because "[d]iscovery imposes high costs on the court and on litigants in time and resources," "[d]ispositive motions that present purely legal questions—such as a motion to dismiss for failure to state a claim—should be resolved before discovery." *Olufemi*, 2024 WL 710547, at *1 (affirming grant of motion to stay pending resolution of motion to dismiss); *see Terra Towers Corp. v. Am. Tower Int'l, Inc.*, 2024 WL 454886, at *2 (S.D. Fla. Jan. 4, 2024) (finding good cause to stay discovery where "it appears the motion to dismiss may dispose of the entire case for failure to state a claim."); *Fondo De Proteccion Soc.*, 2016 WL 10952495, at *1 ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay.").

*Second*, resolution of the Motion to Dismiss has the potential to significantly streamline discovery, even if some of Plaintiff's claims against the Passes Defendants survive. As the Motion to Dismiss demonstrates, Mot. to Dismiss at 14-16, 19-20, the Complaint's ostensible vicarious liability theory and putative class action status are "of questionable validity," but they would "dramatically enlarge[] the scope of [Plaintiff's] case," which would "contribute[] greatly to the discovery disputes." *Chudasama*, 123 F.3d at 1368. Because a ruling on the Motion to Dismiss may provide clarity both about Plaintiff's theory of liability—whether she may seek to hold the Passes Defendants vicariously liable for the conduct of Celestin and Ginoza—and the Complaint's putative class action status, a temporary stay pending resolution of the Motion to Dismiss would have the additional benefit of "streamlin[ing] the discovery process." *Gaffney v. Rives*, 2023 WL 1797271, at *2 (M.D. Fla. Feb. 7, 2023). Allowing discovery to proceed against the Passes

9

Defendants before resolving these threshold scope issues risks wasting the Court's and the parties' resources.

*Third*, allowing discovery to proceed would greatly burden the Passes Defendants. Plaintiff has propounded 41 burdensome RFPs and at least 52 overbroad Interrogatories seeking irrelevant information from the Passes Defendants stretching back three-and-a-half years to January 1, 2022—***months before Passes was even founded***, and ***years before Plaintiff joined Passes***. Ex. A ¶ 22 ("Unless otherwise stated, the time period covered by the Requests is January 1, 2022 through the present."); Ex. B ¶ 18 (same); Ex. C ¶ 18 (same). Among other things, the RFPs seek **all** documents concerning **any** pitch materials from Passes' seed and Series A fundraising activities; **all** documents related to memoranda "for and by Passes regarding users, Creators, customers, or subscriber demographics"; phone records, which the Requests concede are from "Guo's wireless service provider"; ***three-and-a-half years' worth*** of visitor logs and swipe card access data from Passes' Miami office; and "[d]ocuments sufficient to show the locations of Passes' vendors from ***founding to present***, such as but not limited to, wholesale, security, and transportation vendors." Ex. A at Request Nos. 2, 3, 8, 10, 30, 31 (emphases added). The Passes Interrogatories suffer similar defects; they request Passes identify "**all** Persons who were involved with establishing, programming, overseeing, refining, or otherwise participated in the operation of the Passes machine learning algorithm and classifiers," regardless of whether those individuals were employed by Passes; **all** instances in which **any** "minor Creator profiles were suspended, removed, or deactivated from Passes," regardless of the reason why such accounts were suspended, removed, or deactivated; and the "locations of Passes' computers, servers, other electronic devices, physical files, records, and archives, past and current." Ex. B. at Interrogatory Nos. 3, 10, 18. And the Guo Interrogatories ask Guo to describe the "scope of Lani Ginoza's . . . work as a former

10

director of talent at Passes" and the "extent and frequency" of Guo's interactions with Ginoza "when she was a former director of talent at Passes," but the Complaint does not allege that Ginoza engaged in any wrongful conduct while employed at Passes, Ex. C at Interrogatory Nos. 8-9; and to identify the time period for which Guo "maintained . . . a residence in Miami, Florida," and the locations of Guo's "computers, servers, other electronic devices, physical files, records, and archives, past and present, that may contain documents relevant to this Action" for a three-and-a-half-year period, *id.* at Interrogatory Nos. 17-18, neither of which is relevant to determining that, "***based on the facts at the time of filing***," venue does not lie in this District, *Flowers Indus., Inc. v. FTC*, 835 F.2d 775, 776 n.1 (11th Cir. 1987).

Producing documents in response to the RFPs and developing responses to the Interrogatories would require the Passes Defendants to expend significant resources interviewing Passes employees; collecting and processing massive amounts of data from a three-and-a-half-year period; crafting, testing, and refining search terms; and reviewing and producing potentially thousands of documents. A ruling in the Passes Defendants' favor on their Motion to Dismiss would obviate the need for this expansive discovery and will "avoid the burden of potentially unnecessary, expensive and fruitless discovery." *See Soldevilla v. On the Barrelhead, Inc.*, 2020 WL 597317, at *1 (S.D. Fla. Feb. 5, 2020) (staying discovery pending outcome of motion to dismiss because "litigation efficiencies weigh in favor of the requested stay").

*Fourth*, Plaintiff, by contrast, will not be prejudiced by a discovery stay. This case is in its initial stages. No discovery schedule has been entered in this case. Defendant Ginoza appeared in the case less than two weeks ago, and her responsive pleading is not due until August 18, 2025. No other Defendant has appeared in the case. And Passes has taken efforts to ensure that all potentially relevant data is preserved, including by conducting custodial interviews of potentially

11

relevant custodians and timely sending litigation holds to all Passes employees. If the Court orders a short stay of discovery, Plaintiff will have "ample opportunity to conduct discovery," even under Plaintiff's own proposed schedule, which proposes a May 2026 trial.[4] *See Pierce*, 2014 WL 12528362, at *1.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court stays discovery pending a ruling on Defendants' Motion to Dismiss.

---

[4] Should the claims against the Passes Defendants proceed past the Motion to Dismiss (and they should not), the Passes Defendants will work to proceed efficiently and expeditiously with discovery and have timely responded with detailed objections identifying the various flaws in the scope of Plaintiff's discovery requests.

## **REQUEST FOR HEARING**

Pursuant to Local Rule 7.1(b), Defendants Passes, Inc. and Lucy Guo (the "Passes Defendants") respectfully request the Court hear oral argument on their Motion to Stay Discovery. The Passes Defendants believe that oral argument would assist the Court in deciding the Motion. The Passes Defendant anticipate requiring fifteen minutes for argument.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

Counsel for Defendants Passes, Inc. and Lucy Guo met and conferred with Plaintiff's counsel regarding the Passes Defendants' motion to stay discovery on July 15, 2025, and Plaintiff's counsel does not agree to the relief requested.

Dated: July 16, 2025                                                      Respectfully Submitted,

/s/ *Brian W. Toth*

| | |
|---|---|
| Rollo C. Baker, IV (admitted *pro hac vice*) | Brian W. Toth |
| Vivek Tata (admitted *pro hac vice*) | Florida Bar No. 57708 |
| Alexander S. Davis (admitted *pro hac vice*) | Freddy Funes |
| Chase J. Shelton (admitted *pro hac vice*) | Florida Bar No. 87932 |
| Elsberg Baker & Maruri, PLLC | Ingraham Building |
| 1 Penn Plaza | 25 Southeast Second Avenue, Suite 805 |
| New York, NY 100119 | Miami, Florida 33131 |
| Tel: (212) 597-2602 | (305) 717-7850 |
| rbaker@elsberglaw.com | btoth@tothfunes.com |
| vtata@elsberglaw.com | ffunes@tothfunes.com |
| adavis@elsberglaw.com | |
| cshelton@elsberglaw.com | *Counsel for Defendants Passes, Inc. and Lucy Guo* |
| *Counsel for Defendants Passes, Inc. and Lucy Guo* | |