# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20899-JEM

| | |
|---|---|
| ALICE ROSENBLUM, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PASSES, INC., a Delaware corporation, NOFHOTOS GROUP LLC, a California limited liability company, WLM MANAGEMENT LLC, a California limited liability company, LUCY GUO, an individual ALEC CELESTIN, an individual, and LANI GINOZA, an individual, <br><br> Defendants. | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT PASSES, INC.**

Plaintiff Alice Rosenblum, ("Plaintiff"), by and through her undersigned counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby demands that Defendant Passes, Inc. ("Passes") answer the following Interrogatories, separately and fully, in writing under oath, within 30 days (or such other date as the parties mutually agree).

**DEFINITIONS AND INSTRUCTIONS**

1.      The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside of their scope.

2.      To the extent necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside their scope: (i) the word "any" means "any and all"; and (ii) the word "all" means "any and all."

3. To the extent necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside their scope, the singular includes the plural and the plural includes the singular. The use of masculine, feminine, or neutral gender shall include each gender as appropriate in context.

4. Whenever any Interrogatory calls for information with respect to "each" one of a particular type of matter, event, person, or entity, of which there is more than one, separately list, set forth, or identify for each thereof all of the information called for.

5. The term "Action" refers to the above-captioned action.

6. The terms "You," and "Your" refer to and include Defendant Passes in the above-captioned action, and its present and former parents, subsidiaries, predecessors, and successor entities, and Affiliates, and each of its present and former officers, directors, partners, employees, agents, accountants, principals, attorneys, and any and all persons now or previously under its control or acting or purporting to act for or on its behalf.

7. The terms "Creator" and "Creators" shall mean individuals who create or created content uploaded to and/or sold via the Passes platform.

8. A "minor" Creator means a Creator who is under the age of 18 years old.

9. The terms "individual," "person" or "persons" shall mean natural persons, proprietorships, sole proprietorships, or corporations, nonprofit corporations, municipal corporations, local, state, federal, or foreign governments or governmental agencies, political subdivisions, general or limited partnerships, business trusts, trusts, estates, clubs, groups, unincorporated associations, or other business or public organizations.

10. The term "communication" shall be afforded the broadest possible definition and shall refer to and include (by way of example and not as an exclusive list) the transmittal of

information by any means, including (by way of example and not as an exclusive list) any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, e-mail, instant message, or other medium.

11.     The term "concerning" means related to, referring to, describing, evidencing, proving, disproving, summarizing, containing, analyzing, explaining, mentioning, discussing, describing, or constituting.

12.     The term "document" is used in the broadest possible sense permissible under the meaning of the Federal Rules of Civil Procedure, and shall refer to and include each and every written, recorded or graphic matter or material of any kind, type, nature or description (whether in tangible hard-copy, printed or electronic form) that is, or has been, in Your possession, custody or control.  This includes all hard-copy documents, correspondences, memoranda, tapes, stenographic or handwritten notes, forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, telephone records, electronic mail, instant messages, computer files, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, surveys, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks or diskettes, brochures, pamphlets, or any other written or recorded materials however stored, recorded, produced, or reproduced (whether in tangible, hard-copy, printed, or electronic form).  This definition shall include all drafts or copies of any of the foregoing that contain any notes,

comments, or markings of any kind not found on the original or final documents or that are otherwise not identical to the original or final documents. This definition shall include communications.

    13.    The term "identify":

        a.    When used in reference to a natural person, means provide (i) full name; (ii) present or last known business and residential address; (iii) present or last known business affiliation; (iv) present or last known business position (including job title and a description of job functions, duties and responsibilities); (v) present or last known telephone number(s); and (vi) present or last known email address(es).

        b.    When used with reference to any entity other than a natural person, means provide (i) its full name; (ii) the address of its principal place of business; (iii) the identity of all individuals who acted on its behalf in connection with the matters referred to in these Interrogatories; (iv) whether such individuals are current or former employees of the entity; (v) the present or last known telephone number(s); and (vi) the present or last known email address(es).

        c.    When used in reference to a document, means provide (i) the nature of the document (e.g., letter, contract, memorandum); (ii) the Bates number, if applicable, and any other information that would facilitate the identification thereof (e.g., its title, filename, index file); (iii) its date of preparation; (iv) its present location and the identity (as defined above) of its present custodian or, if its present location and custodian are not known,

a description of its last known location, and disposition; (v) its subject matter and substance; (vi) the identity (as defined above) of each person who performed any function or had any role in connection therewith (i.e., author, contributor of information, recipient, etc.) or who has any knowledge thereof together with a description of each such person's function, role or knowledge; and (vii) if the document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such document no longer exists, and the identity (as defined above) of the person(s) responsible for the destruction or loss of the document, and the identity of its last custodian.

      d.      When used in connection with an event, decision, action, or fact means provide (i) the nature of the event, decision, action, or fact; (ii) the date on which the event, decision, action, or fact occurred; (iii) the time and place of the event, decision, action, or fact; (iv) the identity (as defined above) of each person who performed any function or had any role in connection therewith or who has any knowledge thereof together with a description of each such person's function, role or knowledge; and (v) the identity (as defined above) of each document that refers thereto or that was used, referred to or prepared in the course of as a result thereof.

14.    The term "including" shall be understood to mean "including but not limited to" and shall not limit the scope of any Interrogatory.

15.    If any information called for by an Interrogatory is withheld on the basis of a claim of privilege or attorney work product, the claimed basis for withholding the information and the

5

nature of the information withheld shall be set forth, together with a statement of all the circumstances relied upon to support such claim, including the date the information was conveyed, the form of the information, the identity of the Persons who have knowledge of the privileged communication, the business relationship of each to You, and, in the case of information withheld on the grounds of attorney work-product, the identity of the attorney for whom the privilege is claimed, the nature of the work product and the litigation in anticipation of which the work was prepared.

16.     When an Interrogatory asks for specific information, such as a date, and the specific information requested is not known to You, such Interrogatory shall be deemed to ask You to approximate the information requested, provided that You indicate in Your response that the information being provided is an approximation or is incomplete in certain specific respects.

17.     If any Interrogatory is answered by reference to a document or group of documents, with respect to each such Interrogatory answer, identify (as defined above) the specific document or documents containing the requested information by Bates number (if applicable); in the case of multi-page documents (e.g., transcripts of depositions, answers to interrogatories, etc.), the subject matter, dates and page numbers should be specified. In answering these Interrogatories, You shall not rely without detailed explanation on general descriptions of information in documents in lieu of specific factual statements.

18. Unless otherwise stated, the Relevant Period covered by the Interrogatories is January 1, 2022 through present.

19.     Given the nature of Plaintiff's claims, including the claims under 28 U.S.C. §§ 2252 and 2252A, some of the Interrogatories call for material that could evidence the existence, production, or review of potential child sexual abuse material ("CSAM"). To the extent that

material constituting CSAM is found in Defendant Passes' review and is responsive to the Interrogatories, no CSAM or any similar material that would be unlawful for a private party to possess or receive shall be provided to Plaintiff or Plaintiff's counsel. Plaintiff proposes a meet and confer with Passes to establish a protocol to be presented to and ordered by the Court addressing how such material will be handled in this Action, including to ensure that Plaintiff can obtain the discovery necessary to prosecute her claims while remaining fully compliant with all applicable laws, including those governing CSAM.

## INTERROGATORIES

1. Describe the Know-Your-Customer ("KYC") process in place during the time when minor Creators were permitted to join the Passes platform, including: (i) how, if at all, the process differed for minor Creators and adult Creators; (ii) what criteria or standards Passes applied in reviewing and assessing materials submitted as part of the KYC process; (iii) how Passes obtained parental consent for accounts of minor Creators (including how Passes verified the purported parent's authority to authorize the minor's account); (iv) how Passes obtained and maintained parental contact information to notify parents in the event of a minor Creator posting nudity or content containing banned words; and (v) what, if any, third-party vendors Passes used to verify information submitted by or on behalf of minor Creators during the account creation or registration process.

2. Describe the Passes machine learning algorithm and classifiers (including the "three comprehensive, industry-leading third-party content moderation systems," referred to in the Passes Defendants' Motion to Dismiss the Amended Complaint and to Strike the Complaint's Class Action Allegations, dated April 28, 2025, (ECF No. 12 at 2), that purportedly review all content uploaded to the Passes platform, including by describing: (i) what types of content the

tools identify as explicit or inappropriate; (ii) how the tools identify such content; (iii) whether the tools scan content or messages shared on Passes' direct-messaging platform; (iv) what types of logs or records are created reflecting instances where these tools identify explicit or inappropriate content; (v) the full list of "banned word[s]" that would block a caption or text from being posted in a minor Creator's account (as referenced in Passes' Community and Content Guidelines); and (vi) what notifications the tools produce to Passes employees or to a minor Creator's parents when the tools flag content as explicit or inappropriate.

3. Identify all Persons who were involved with establishing, programming, overseeing, refining, or otherwise participated in the operation of the Passes machine learning algorithm and classifiers.

4. Describe all instances where the machine learning algorithm and classifiers identified images and videos of minors or potential minors engaged in sexually explicit conduct and describe Passes' response in each instance, including whether a report was submitted to the National Center for Missing & Exploited Children.

5. Identify all Persons responsible for ensuring Passes' compliance with reporting requirements to the National Center for Missing & Exploited Children.

6. Identify all Persons involved with the marketing to or recruitment of minor Creators to join Passes, including, without limitation Alec Celestin, Lani Ginoza, and any affiliated entities, and for each such Person, describe: (i) the nature of their relationship with Passes; (ii) any agreements, whether formal or informal, they had with Passes; (iii) any compensation arrangements they had with Passes; (iv) and the nature of any directives Passes gave them with respect to recruitment of minor Creators.

7. Identify all Persons responsible for the creation, implementation, enforcement and

modification of the Passes Community and Content Guidelines Part 13 Minor Safety.

8. Describe the process through which "Verifiable Parent Consent" procedures or Passes' direct messaging ban for minor Creator profiles can be overridden, disabled, or otherwise restricted, and identify all instances of any such overriding, disabling, or restricting and the rationale for each such decision.

9. Identify all Persons who authorized or executed any such overriding, disabling, or restricting of "Verifiable Parent Consent" procedures or Passes' direct messaging ban for minor Creator profiles.

10. Identify all Persons who were involved in, including but not limited to authorizing, the suspension of Plaintiff's access to her Creator profile on or about February 18, 2025.

11. Identify all instances where any minor Creator profiles were suspended, removed, or deactivated from Passes and the reason for such suspension, removal, or deactivation.

12. Identify and describe all methods by which minor Creators can earn income through Passes, including for example, through sales of recurring subscriptions, one-time events or content access, livestreams, or direct sales of content through direct messaging or otherwise, and describe how such income is divided between Passes and the minor Creator.

13. For any minor Creator profiles that were suspended, removed, or deactivated from Passes for posting sexually explicit content or including banned words in captions or messages, identify all income generated or payments received by those profiles, including payments for recurring subscriptions, one-time events or content access, livestreams, and direct sales of content, including photos and video, through direct messaging or otherwise, and identify the share of such income or payments that Passes obtained.

14. For any minor Creator profiles where "Verifiable Parent Consent" procedures or

9

Passes' direct messaging ban for minor Creator profiles was overridden, disabled, or otherwise restricted, identify all income generated or payments received by those profiles, including payments for recurring subscriptions, one-time events or content access, livestreams, and direct sales of content, including photos and video, through direct messaging or otherwise, and identify the share of such income or payments that Passes obtained.

15. Identify all transactions in Plaintiff's Passes profile that generated payments or income, including: (i) the date of the transaction; (ii) the amount of the payment; (iii) the payee; (iv) the nature of the content or subscription purchased; (v) any caption or description of the content purchased; and (vi) the amount of such payment that Passes obtained.

16. Identify all Persons involved in the decision to remove the option for minor Creators to join Passes, on or about February 24, 2025, and describe Passes' rationale for that decision.

17. Identify all Passes employees or contractors who previously worked or currently work out of Passes' Miami, Florida office.

18. Identify the locations of Passes' computers, servers, other electronic devices, physical files, records, and archives, past and current.

19. In the event that discovery in this Action proceeds, Plaintiff proposes to meet and confer with Passes about the custodians and sources that Passes will review for responsive documents.

20. Without regard to the Relevant Period, identify all Documents consulted, referred to, or used in responding to these Interrogatories, to the extent not otherwise identified in Your response.

21. Identify the Persons who provided information for, or otherwise contributed to,

responding to these Interrogatories, and describe the extent and scope of such Persons' knowledge.

22. Identify all Persons who Passes intends to call at trial or at any deposition or hearing in this matter.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on June 16, 2025, the foregoing document was served on counsel for the Defendants and not filed of record pursuant to S.D. Fla. L.R. 26.1(b)(2).

Respectfully submitted,

CLARK SMITH VILLAZOR LLP

*/s/ Christopher J. Clark*
Christopher J. Clark, Esq.
clark@csvllp.com
(admitted *pro hac vice*)
Rodney Villazor, Esq.
rodney.villazor@csvllp.com
(admitted *pro hac vice*)
Michelle E. Lee, Esq.
michelle.lee@csvllp.com
(admitted *pro hac vice*)
Natalia Lima, Esq.
natalia.lima@csvllp.com
(admitted *pro hac vice*)

666 Third Avenue, 21st Floor
New York, New York 10017
(212) 377-0850

SCHWARTZ | BRESLIN PLLC

*/s/ Jonathan N. Schwartz*
Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Jerry Breslin, Esq.
Florida Bar No. 269573
The Alfred I. DuPont Building, Ste. 700
169 E. Flagler St., Miami, FL 33131
Tel.: (305) 577-4626
E-Mails: JS@JSJB.Law; JB@JSJB.Law

*Attorneys for Plaintiff*

11