# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No.: 1:25-cv-20899-JEM

ALICE ROSENBLUM, on behalf of herself
and all others similarly situated,

                         Plaintiff,

v.

PASSES, INC., a Delaware corporation,
NOFHOTOS GROUP LLC, a California
limited liability company, WLM
MANAGEMENT LLC, a California limited
liability company, LUCY GUO, an
individual, ALEC CELESTIN, an individual,
and LANI GINOZA, an individual,

                         Defendants.

## PLAINTIFF ALICE ROSENBLUM'S FIRST MOTION TO COMPEL DEFENDANTS PASSES, INC. AND LUCY GUO TO PRODUCE DOCUMENTS*

\* Pursuant to the parties' election at ECF 29 to submit discovery motions to the Magistrate Judge, this motion is respectfully submitted to U.S. Magistrate Judge Eduardo I. Sanchez.

## TABLE OF CONTENTS

**BACKGROUND** ...................................................................................................................1

**ARGUMENT** .......................................................................................................................2

       **I.**    The Passes Defendants should be ordered to produce documents
responsive to requests where the Passes Defendants improperly sought to
grant themselves a stay. ...................................................................................2

       **II.**   The Passes Defendants should be ordered to produce documents in
response to requests where they affirmatively refused to do so. ...........................3

       **III.**  The Passes Defendants should pay Plaintiff's fees and costs on this
motion. .............................................................................................................5

**CONCLUSION** ...................................................................................................................5

**LOCAL RULE 7.1(A)(3) CERTIFICATION** .........................................................................6

**CERTIFICATE OF SERVICE** ............................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bryant v. Rich*,

530 F.3d 1368 (11th Cir. 2008) ................................................................... 5

*Norm Thompson Outfitters, Inc. v. Starcrest Prods. of Cal., Inc.*,

No. Civ. 03-1149-H, 2004 WL 957774 (D. Or. May 4, 2004) .................................. 5

*Omega Pats., LLC v. Fortin Auto Radio, Inc.*,

No. 6:05-CV-1113, 2006 WL 2038534 (M.D. Fla. July 19, 2006) ........................... 3

*Republic of Panama v. Omega Eng'g LLC*,

No. 24-CV-21097, 2024 WL 4554095, at *2 (S.D. Fla. Oct. 23, 2024)…………………………….3

*Supercooler Techs., Inc. v. Coca-Cola Co.*,

No. 6:23-CV-187, 2023 WL 7411514 (M.D. Fla. Oct. 6, 2023) ........................... 2, 3

**Rules**

Fed. R. Civ. P. 26(d)(1)........................................................................... 1

Fed. R. Civ. P. 37(d)(3)........................................................................... 5

**Other Authorities**

Disc. Procs. for Mag. J. Sanchez .................................................................. 4

This Court should compel Defendants Passes, Inc. and its CEO Lucy Guo (the "Passes Defendants") to produce documents responsive to Plaintiff Alice Rosenblum's first set of requests for production, attached as Exhibit 1 (with the Passes Defendants' objections attached as Exhibit 2). The disputed requests fall into two categories: (i) requests as to which the Passes Defendants effectively granted themselves a stay, unilaterally and without a court order, until their pending motion to dismiss is decided; and (ii) requests where the Passes Defendants affirmatively stated that they would not produce documents at all.

## BACKGROUND

Plaintiff filed this putative class action in February 2025 against the Passes Defendants and others, alleging unlawful and reprehensible efforts to exploit Plaintiff when she was a 17-year-old minor through child pornography posted on Passes' online platform. The Passes Defendants moved to dismiss. That motion—fully briefed as of May 19, 2025—is still pending. On May 2, 2025, counsel conducted a Rule 26(f) conference, thus starting the period to conduct discovery. *See* Fed. R. Civ. P. 26(d)(1). The parties elected to submit discovery motions to the Magistrate. (Joint Election to Juris. for Final Disp. of Mots., ECF No. 29.) Plaintiff served the document requests at issue on May 30, 2025. The Passes Defendants served their responses and objections on June 30, 2025. They included a general objection that the requests were supposedly "premature" because the Passes Defendants "intend to seek a stay of discovery" pending the outcome of their motion to dismiss. (Ex. 2 at 2.) They did not file a motion to stay at that time. Their responses to the specific requests fell into two categories: for 30 of the 41 total requests, the Passes Defendants offered various generic objections and then—effectively granting themselves a stay unilaterally—stated that the "Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences," leaving Plaintiff to guess whether the Passes Defendants would or would not produce responsive documents. (*E.g.*,

Ex. 2 at 7.)  For the remaining 11 requests, the Passes Defendants refused to produce documents at all, stating that the "Passes Defendants will not produce documents in response to this Request." (Ex. 2 at 7, 11, 12, 28-33.)  The requests as to which the Passes Defendants refused to produce documents seek: Passes' pitch materials to investors (Request 2), certain phone records of Guo's during a critical two-month period (Requests 8 and 10), and documents principally relevant to venue (Requests 30-37), as the Passes Defendants' raise a venue challenge.  Plaintiffs then organized a meet and confer, held by Zoom on July 15, 2025, during which Plaintiff's counsel asked whether there were *any* requests to which the Passes Defendants were willing to produce documents before the motion to dismiss was decided.  Passes Defendants said no.  The parties also discussed the 11 requests to which the Passes Defendants refused to produce documents at all, with Plaintiff explaining why the materials were relevant and asking the Passes Defendants to consider whether they would, at a minimum, revise any of those responses from "will not produce" to "willing to meet and confer after the motion to dismiss is decided."  The Passes Defendants did not agree to change their position.  Only after that meeting did the Passes Defendants eventually move to stay discovery (*see* Mot. to Stay Disc., ECF 48), which Plaintiff opposed on July 25, 2025 (*see* Response in Opp'n to Mot. to Stay Disc., ECF 49) and is pending.

Pursuant to Local Rule 26.1(g)(2)(C), the parties stipulated to extend Plaintiff's deadline to move to compel with respect to the document requests from July 28 to August 4.  (Ex. 3.)

## ARGUMENT

I.    **The Passes Defendants should be ordered to produce documents responsive to requests where the Passes Defendants improperly sought to grant themselves a stay.**

A party "may not unilaterally decide that it does not have an obligation to respond to discovery requests and produce responsive documents." *Supercooler Techs., Inc. v. Coca-Cola Co.*, No. 6:23-CV-187, 2023 WL 7411514, at *1 (M.D. Fla. Oct. 6, 2023).  A party's "wholesale

2

refusal to produce documents because of pending motions to [dismiss] and stay discovery is not well taken," and when a party attempts such an improper tactic, courts will direct that party "to participate in discovery and produce all responsive, non-privileged documents promptly." *Id.* (ordering defendant to produce responsive documents despite claim that the requests were "premature" because of pending motion to stay). Indeed, "discovery proceeds without regard to whether a motion to stay discovery is filed; nowhere in the rules is a motion to stay discovery is [sic] self-executing." *Omega Pats., LLC v. Fortin Auto Radio, Inc.*, No. 6:05-CV-1113, 2006 WL 2038534, at *3 (M.D. Fla. July 19, 2006); *Pan. v. Omega Eng'g LLC*, No. 24-CV-21097, 2024 WL 4554095, at *2 (S.D. Fla. Oct. 23, 2024) ("[I]f a Motion to Stay Discovery is filed, parties must continue to comply with their discovery obligations unless and until that Motion to Stay is granted."). Here, the Court has not yet (and may never) order a stay, and as the cases cited above show, the Passes Defendants' attempt to unilaterally grant themselves one is entirely inappropriate. The Passes Defendants must "participate in discovery and produce all responsive, non-privileged documents promptly." *Supercooler*, 2023 WL 7411514, at *1.

## II. The Passes Defendants should be ordered to produce documents in response to requests where they affirmatively refused to do so.

For requests where the Passes Defendants affirmatively refused to produce responsive documents, all those requests seek information within the broad scope of federal discovery.

First, Request 2—seeking documents relating to pitch materials for potential investors (*see* Ex. 1 at 8)—is tied directly to allegations in Plaintiff's complaint that Passes and Guo pitched investors on Passes' supposed strong internal safeguards for minor users. (*See* Compl., ECF No. 1, ¶¶ 32, 43.) How Passes and Guo pitched those protections to investors versus how they operated in practice (for example, Plaintiff alleges Guo unilaterally overrode them (Compl. ¶¶ 44, 69, 78)) is relevant to, for example, the Passes Defendants' intentions (if, for example, the

Passes Defendants deviated from the safeguards they pitched to investors, that would be relevant to establishing wrongful intent).  The Passes Defendants' objections (*see* Ex. 2 at 7) also do not comply with this Court's discovery procedures.  They improperly offer only "[b]lanket and unsupported objections" for vagueness and overbreadth and do not "explain why" they think the request is irrelevant.  U.S. Dist. Ct. S. Dist. of Fla., Disc. Procs. for Mag. J. Sanchez*, at 3.

Second, Requests 8 and 10—which seek Guo's phone records for a modest two-month period (August-September 2024) reflecting communications with Defendants Celestin and Ginoza (*see* Ex. 1 at 9)—clearly seek relevant material.  Plaintiff alleges that numerous calls or communications took place between Guo and co-Defendant Celestin in or around that two-month period concerning getting Plaintiff access to Passes and overriding the minor-safety protocols (Compl. ¶¶ 69-82), and Plaintiff alleges that Celestin and Ginoza acted as Passes' agents (*id.* ¶¶ 17-18).  Guo's phone records will help corroborate Plaintiff's allegations concerning these calls.  The scope and extent of communications between Guo and either Celestin or Ginoza will also be relevant to Passes' knowledge of their actions and to the nature of their relationship (for example, proof of extensive communications would make it more likely that Guo knew and understood what Celestin and Ginoza were planning and doing).  The Passes Defendants' objections, again, do not comply with the Court's discovery procedures.  While they claim that these requests seek documents outside of their possession, custody, or control (Ex. 2 at 11-12), it is not plausible to suggest that Guo does not have control over her own phone records from last year.  They also claim that the requests seek information that is not relevant, but the fact that communications between Guo and Celestin or Ginoza exist from this period is itself relevant.

Third, Requests 30-37 seek documents principally relevant to venue, including information about access logs at Passes' Miami office; the locations of its vendors, servers,

computers, files, and other materials; access logs for Guo's Miami residence; and information about Passes' and Guo's supposed relocation to Los Angeles from Miami.  (Ex. 1 at 11-12.)  The Passes Defendants have challenged venue in this District—based largely on a claim that they relocated to Los Angeles a few months before some of the key events.  (*See* Mot. to Dismiss for Improper Venue, ECF No. 12, at 8-9.)  The materials are relevant to showing where some of these events—including the alleged phone calls between Guo and Celestin, and the posting of child sex abuse material of Plaintiff—occurred, and, more generally, to establishing whether and when Passes could be said to have moved from Miami to Los Angeles (by, for example, assessing how the access logs at its Miami office did or did not change over time).  The Passes Defendants' principal objections to these requests appears to be that the Court "has not ordered an evidentiary hearing" on the venue challenge.  (*E.g.*, Ex. 2 at 28.)  But that is not a basis for a wholesale refusal to produce.  The Eleventh Circuit has made clear that for issues like venue, parties must "have a sufficient opportunity to develop a record."  *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).  Regardless of how the motion is decided, the discovery would be relevant to establishing which venue(s) is appropriate.

**III.     The Passes Defendants should pay Plaintiff's fees and costs on this motion.**

The "court must" order the Passes Defendants to pay Plaintiff's attorney's fees, "unless the[ir] failure was substantially justified" or other factors make fee-shifting "unjust."  Fed. R. Civ. P. 37(d)(3).  No such factors exist; the Court "must" order fee shifting.  *See Norm Thompson Outfitters, Inc. v. Starcrest Prods. of Cal., Inc.*, No. Civ. 03-1149-H, 2004 WL 957774, at *4 (D. Or. May 4, 2004) (ordering fee-shifting where "[e]ssentially, defendant has granted itself a stay of discovery").

## CONCLUSION

For the reasons given, the Court should grant Plaintiff's motion to compel.

<u>**LOCAL RULE 7.1(A)(3) CERTIFICATION**</u>

On July 15, 2025, counsel for Plaintiff conferred, by Zoom, with counsel for the Passes Defendants in a good faith effort to resolve the issues raised in this motion to compel but was unable to resolve the issues.  Further detail about the conferral is provided above in the body of this motion.

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing document was filed via CM/ECF, which simultaneously effectuated service upon all counsel of record.

Date:  July 31, 2025

Respectfully submitted,

CLARK SMITH VILLAZOR LLP

<u>/s/ Brian T. Burns</u>
Christopher J. Clark, Esq.
clark@csvllp.com
(admitted *pro hac vice*)
Rodney Villazor, Esq.
rodney.villazor@csvllp.com
(admitted *pro hac vice*)
Brian T. Burns, Esq.
brian.burns@csvllp.com
(admitted *pro hac vice*)
Natalia Lima, Esq.
natalia.lima@csvllp.com
(admitted *pro hac vice*)

666 Third Avenue, 21st Floor
New York, New York 10017
(212) 377-0850


SCHWARTZ | BRESLIN PLLC

<u>/s/ Jonathan Noah Schwartz</u>
Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
E-Mail: JS@JSJB.Law; Tel.: (305) 577-4626
Schwartz Breslin PLLC
The Alfred I. DuPont Building, Ste. 700
169 E. Flagler St., Miami, FL 33131

*Attorneys for Plaintiff*