**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:25-cv-20899-JEM

ALICE ROSENBLUM, on behalf of herself and all others similarly situated,

                Plaintiff,

v.

PASSES, INC., a Delaware corporation, NOFHOTOS GROUP LLC, a California limited liability company, WLM MANAGEMENT LLC, a California limited liability company, LUCY GUO, an individual ALEC CELESTIN, an individual, and LANI GINOZA, an individual,

                Defendants.

**PLAINTIFF'S FIRST REQUEST TO PRODUCE TO**
**DEFENDANTS PASSES, INC. AND LUCY GUO**

COME NOW Plaintiff Alice Rosenblum, ("Plaintiff"), by and through her undersigned counsel and pursuant to Federal Rules of Civil Procedure Rule 34 and Local Rule 26.1, requests that Defendants Passes, Inc. ("Passes") and Lucy Guo ("Guo") (together, the "Passes Defendants") produce the following for inspection, copying, and examination at the offices of Schwartz Breslin PLLC, The Alfred I. DuPont Building, Ste. 700, 169 E. Flagler Street, Miami, Florida 33131, within (30) thirty days from the date of service hereof.

**DEFINITIONS AND INSTRUCTIONS**

1.    The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope.

1

2. To the extent necessary to bring within the scope of these Requests all information that might otherwise be construed to be outside their scope: (i) the word "any" means "any and all"; and (ii) the word "all" means "any and all."

3. To the extent necessary to bring within the scope of these Requests all information that might otherwise be construed to be outside their scope, the singular includes the plural and the plural includes the singular.  The use of masculine, feminine, or neutral gender shall include each gender as appropriate in context.

4. The term "Action" refers to the above-captioned action.

5. The terms "You," and "Your" refers to and include both Passes Defendants in the above-captioned action, and their present and former parents, subsidiaries, predecessors, and successor entities, and affiliates, and each of their present and former officers, directors, partners, employees, agents, accountants, principals, attorneys, and any and all persons now or previously under their control or acting or purporting to act for or on their behalf.

6. The terms "Creator" and "Creators" shall mean individuals who create or created content uploaded to and/or sold via the Passes platform.

7. The terms "individual," "person" or "persons" shall mean natural persons, proprietorships, sole proprietorships, or corporations, nonprofit corporations, municipal corporations, local, state, federal, or foreign governments or governmental agencies, political subdivisions, general or limited partnerships, business trusts, trusts, estates, clubs, groups, unincorporated associations, or other business or public organizations.

8. The term "meeting" means any encounter between two or more persons during which a communication of any kind occurred and shall include, but not be limited to, formal gatherings, conversations, communication by electronic media, and telephone calls.

9. The term "communication" shall be afforded the broadest possible definition and shall refer to and include (by way of example and not as an exclusive list) the transmittal of information by any means, including (by way of example and not as an exclusive list) any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including (by way of example and not as an exclusive list) in person or by telephone, facsimile, telegraph, telex, e-mail, instant message, or other medium.

10. The term "concerning" means related to, referring to, describing, evidencing, proving, disproving, summarizing, containing, analyzing, explaining, mentioning, discussing, describing, or constituting.

11. The term "document" is used in the broadest possible sense permissible under the Federal Rules of Civil Procedure and shall refer to and include each and every written, recorded or graphic matter or material of any kind, type, nature or description (whether in tangible hard-copy, printed or electronic form) that is, or has been, in Your possession, custody or control.  This includes all hard-copy documents, correspondences, memoranda, tapes, stenographic or handwritten notes, forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, telephone records, electronic mail, instant messages, computer files, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, surveys, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks or diskettes, brochures, pamphlets, or any other written or recorded materials however stored, recorded, produced, or reproduced (whether in tangible, hard-

copy, printed, or electronic form). This definition shall include all drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original or final documents or that are otherwise not identical to the original or final documents. This definition shall include communications.

12. The term "identify":

    a. When used in reference to a natural person, means provide (i) full name; (ii) present or last known business and residential address; (iii) present or last known business affiliation; (iv) present or last known business position (including job title and a description of job functions, duties and responsibilities); (v) present or last known telephone number(s); and (vi) present or last known email address(es).

    b. When used with reference to any entity other than a natural person, means provide (i) its full name; (ii) the address of its principal place of business; (iii) the identity of all individuals who acted on its behalf in connection with the matters referred to in these requests; (iv) whether such individuals are current or former employees of the entity; (v) the present or last known telephone number(s); and (vi) the present or last known email address(es).

    c. When used in reference to a document, means provide (i) the nature of the document (e.g., letter, contract, memorandum); (ii) the Bates number, if applicable, and any other information that would facilitate the identification thereof (e.g., its title, filename, index file); (iii) its date of preparation; (iv) its present location and the identity (as defined above) of its present custodian or, if its present location and custodian are not known, a description of its last known location, and disposition; (v) its subject matter and substance; (vi) the identity (as defined above) of each person who performed any function

or had any role in connection therewith (i.e., author, contributor of information, recipient, etc.) or who has any knowledge thereof together with a description of each such person's function, role or knowledge; and (vii) if the document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such document no longer exists, and the identity (as defined above) of the person(s) responsible for the destruction or loss of the document, and the identity of its last custodian.

      d.    When used in connection with an event, decision, action, or fact means provide (i) the nature of the event, decision, action, or fact; (ii) the date on which the event, decision, action, or fact occurred; (iii) the time and place of the event, decision, action, or fact; (iv) the identity (as defined above) of each person who performed any function or had any role in connection therewith or who has any knowledge thereof together with a description of each such person's function, role or knowledge; and (v) the identity (as defined above) of each document that refers thereto or that was used, referred to or prepared in the course of as a result thereof.

13.    The term "including" shall be understood to mean "including but not limited to" and shall not limit the scope of any Request.

14.    A request for a document shall be deemed to include a request for any non-identical copies or drafts of such documents, as well as all transmittal sheets, cover letters, exhibits, enclosures or attachments to the document, in addition to the document itself.  Any document described is to be produced in its original file folder, with all labels or similar markings intact, and with the name of the person from whose file it was produced.

15.    If it is not possible to produce any document called for by this request, or if any part of this request is objected to, the reasons for the failure to produce the documents or the objection

should be stated specifically as to all grounds.

16. If a document responsive to any request is no longer in Your possession, custody or control, state what disposition was made of the document and the date of such disposition, and identify all persons having knowledge of the document's contents.

17. If any document responsive to any request has been destroyed, set forth the content of said document, the location of any copies of said document, the date of such destruction and the name of the person who destroyed the document or ordered or authorized such destruction.

18. If any of the requested information is withheld under a claim of privilege or other protection, furnish a list identifying each document for which the privilege or protection is claimed, together with the following information: (i) the form of document (e.g., memorandum, letter, note, electronic mail, etc.) that is being withheld; (ii) the date of that document or, if no date appears thereon, the approximate date the document was prepared; (iii) the identity of the author or authors; (iv) the identity of the person or persons to whom the document is addressed; (v) the identity of any recipients of the document that appear on the document as having received a copy; (vi) the identity of any attachments to the document and a statement of whether such attachments have been produced; (vii) the subject matter of the document; and (viii) the nature of the privilege or immunity asserted, or the other grounds for withholding the document including, if relevant, the attorney and client involved.

19. When a document is responsive to more than one specific request, only one identical copy of the document need be produced.

20. All documents shall be produced electronically in accordance with the terms of the proposed electronically stored information ("ESI") stipulation circulated by Plaintiff's counsel on May 13, 2025 or any other agreed-upon ESI stipulation that the parties may enter into.

21. The requests below shall be deemed continuing in nature to require further and supplemental production by You as and whenever You acquire or create additional documents between the time of Your initial production and the time of the trial.

22. Unless otherwise stated, the time period covered by the Requests is January 1, 2022 through the present. The Requests seek the production of all documents, whenever prepared, that concern that period, including documents prepared before this period necessary for a correct or complete understanding of any document covered by a Request.

23. Given the nature of Plaintiff's claims, including the claims under 28 U.S.C. §§ 2252 and 2252A, some of the Requests call for documents that could evidence the existence, production, or review of potential child sexual abuse material ("CSAM"). To the extent that material constituting CSAM is found in the Passes Defendants' review and is responsive to the Requests, no CSAM or any similar documents that would be unlawful for a private party to possess or receive shall be produced to Plaintiff or Plaintiff's counsel. Plaintiff proposes a meet and confer with the Passes Defendants to establish a protocol to be presented to and ordered by the Court addressing how such material will be handled in this Action, including to ensure that Plaintiff can obtain the discovery necessary to prosecute her claims while remaining fully compliant with all applicable laws, including those governing CSAM.

## SCHEDULE A

**YOU ARE ADVISED THAT, PURSUANT TO FED. R. CIV. P. 34 AND LOCAL RULE 26.1 WHEN PRODUCING DOCUMENTS, THE PRODUCING PARTY SHALL EITHER PRODUCE THEM AS THEY ARE KEPT IN THE USUAL COURSE OF BUSINESS OR SHALL IDENTIFY THEM TO CORRESPOND WITH THE CATEGORIES IN THE REQUEST.**

**ALL CAPITALIZED TERMS SHALL INCLUDE THE DEFINITION ABOVE.**

1. All Documents concerning Passes' organizational charts, including any drafts, versions, and updates thereof.

2. All Documents concerning any pitch materials prepared for and by You when Passes was seeking funding for seed capital and Series A capital from investors.

3. All Documents concerning internal research, studies, and/or memoranda prepared for and by Passes regarding users, Creators, customers, or subscriber demographics.

4. All Documents concerning internal research, studies, and/or memoranda prepared for and by Passes regarding the decision to allow for minors between the age of 15 years old and 17 years old to join Passes as Creators.

5. All Documents concerning the creation, implementation, enforcement and modification of the Passes Community and Content Guidelines Part 13 Minor Safety.

6. All communications and correspondence between Guo and Alec Celestin regarding any Passes-related matter, including but not limited to, email, text message, iMessage, Signal, WhatsApp, Slack, and any and all other communication systems.

7. All communications and correspondence between Guo and Alec Celestin in August and September 2024, including but not limited to, email, text message, iMessage, Signal, WhatsApp, and any and all other communication systems.

8. All Documents, including but not limited to phone records, of Guo's wireless service provider(s) for the period of August and September 2024, reflecting any call, text message, or other communication(s) with Alec Celestin.

9. All communications and correspondence between Guo and Lani Ginoza regarding any Passes-related matter, including but not limited to email, text message, iMessage, Signal, WhatsApp, Slack, and any and all other communication systems.

10. All Documents, including but not limited to phone records, of Guo's wireless service provider(s) for the period of August and September 2024, reflecting any call, text message, or other communications with Lani Ginoza.

11. All Documents concerning Lani Ginoza's employment at Passes, including but not limited to, employment agreements, Form W-2s, pay stubs, and termination agreements.

12. All Documents concerning any agreements, whether formal or informal, between the Passes Defendants and Alec Celestin, his associates, affiliates, or affiliated entities, including but not limited to WLM Management LLC and Nofhotos Group LLC.

13. All Documents concerning Alec Celestin, his associates, affiliates, or affiliated entities, possessing an ownership interest in Passes, including capitalization tables.

14. All Documents concerning any payments between Alec Celestin, his associates, affiliates, or affiliated entities and either Passes or Guo.

15. All Documents concerning any Know-Your Customer (KYC) processes performed on Plaintiff's Passes account or profile.

16. All Documents concerning any review or enforcement action taken by Passes relating to Plaintiff's account, profile, or content depicting Plaintiff, including but not limited to: content moderation logs; CSAM detection reports; any and all instances where any content

9

associated with or depicting Plaintiff was automatically or manually flagged as potential or actual CSAM; and takedown or removal records.

17. All Documents concerning internal communications, notes, or discussions regarding Plaintiff's account, profile, or content depicting Plaintiff.

18. All Documents concerning the marketing and/or advertisement of any content depicting Plaintiff.

19. All Documents concerning the metadata, including time of upload, user identification, IP address, and device data, of content depicting Plaintiff.

20. All communications and correspondence with users or customers relating to content depicting Plaintiff.

21. All Documents concerning any payments, commissions, or similar receipt of funds by Passes, including any automatic payments, for sale of content depicting Plaintiff.

22. All Documents concerning the suspension and/or deactivation of Plaintiff's Passes account or profile.

23. All Documents concerning minor Creator membership, including but not limited to, records reflecting duration of minor Creators' accounts and profiles on Passes.

24. All Documents concerning the establishment, implementation, modification, suspension, or overriding of Passes' parental consent requirements, specifically "Verifiable Parent Consent" in the form of: (a) a signed consent form; (b) a video conference with a parent to verify; (c) a copy of the parent's identification or license; or (d) a successful knowledge-based challenge test for parents.

25. All Documents concerning modifying, limiting, or disabling safeguards for minor Creators, such as Verifiable Parent Consent and restricting access to Passes' direct messaging

system.

        25.1    Any logs or similar Documents reflecting such changes.

26.    All Documents reflecting any instance where any post, message, or other content associated with minor Creators was flagged as potential or actual CSAM.

        26.1    All Documents reflecting any response by You to any such instance.

27.    All Documents concerning Passes' policies, guidelines, or internal enforcement procedures relevant to the use of Passes by minors, including all drafts, versions, or updates to such Documents.

28.    All Documents concerning Passes' removal on or about February 24, 2025 of the option for minors aged 15-17 years old to join the platform as Creators.

29.    All communications and correspondence with the National Center for Missing & Exploited Children (NCMEC).

30.    All Documents concerning visitor logs, swipe card access data, or similar entry system data, for Passes' Miami office from founding to present.

31.    Documents sufficient to show the locations of Passes' vendors from founding to present, such as but not limited to, wholesale, security, and transportation vendors.

32.    Documents sufficient to show the locations of Passes' computers, servers, other electronic devices, physical files, records, and archives, from founding to present.

33.    Visitor logs, swipe card access data, or similar entry system data, for Guo's Miami residence for the period June 2024 through December 2024.

34.    All Documents relating to the alleged relocation of Passes' Miami office to its Los Angeles office, including but not limited to, moving or shipping receipts and office inventory lists for the relocation.

35. All Documents concerning paperwork submitted and/or filed by Passes to any federal, state, or local government or regulatory entity reflecting any change of address.

36. All Documents concerning paperwork submitted and/or filed by Guo to any federal, state, or local government or regulatory entity reflecting any change of address.

37. All Documents concerning Guo's driver's licenses during the period of March 2024 through February 2025.

38. All Documents and communications between You and any non-party concerning this Complaint, this Action, or the allegations or claims contained therein.

39. All Documents You rely upon and/or reference in responding to any of these Requests or interrogatories directed to You in connection with this Action.

40. All Documents You may use or rely upon in connection with any hearing, deposition, motion, or trial in this Action.

41. All Documents and communications responsive to any requests for production served by You.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing document was served on counsel for the Defendant and not filed of record pursuant to local rule.

Date: May 30, 2025

Respectfully submitted,

CLARK SMITH VILLAZOR LLP

*/s/ Christopher J. Clark*

Christopher J. Clark, Esq.
clark@csvllp.com
(admitted *pro hac vice*)
Rodney Villazor, Esq.
rodney.villazor@csvllp.com
(admitted *pro hac vice*)
Michelle E. Lee, Esq.
michelle.lee@csvllp.com
(*pro hac vice* forthcoming)
Natalia Lima, Esq.
natalia.lima@csvllp.com
(admitted *pro hac vice*)

666 Third Avenue, 21st Floor
New York, New York 10017
(212) 377-0850

SCHWARTZ | BRESLIN PLLC

*/s/Jonathan Noah Schwartz*

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
E-Mail: JS@JSJB.Law; Tel.: (305) 577-4626
Schwartz Breslin PLLC
The Alfred I. DuPont Building, Ste. 700
169 E. Flagler St., Miami, FL 33131

*Attorneys for Plaintiff*

13