CONFIDENTIAL

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALICE ROSENBLUM,<br>on behalf of herself and all others similarly<br>situated,<br><br>                     Plaintiff,<br><br>      v.<br><br>PASSES, INC., NOFHOTOS GROUP LLC,<br>WLM MANAGEMENT LLC, LUCY GUO,<br>ALEC CELESTIN, and LANI GINOZA,<br><br>                  Defendants. | Civ. Action No. 1:25-cv-20899-JEM |

### DEFENDANTS PASSES INC. AND LUCY GUO'S
### RESPONSES AND OBJECTIONS TO PLAINTIFF ALICE ROSENBLUM'S
### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Rule 26.1 of the Local Rules for the United States District Court for the Southern District of Florida ("Local Rules"), Defendants Passes, Inc. ("Passes") and Lucy Guo (together, "Passes Defendants"), by and through counsel, object to Plaintiff Alice Rosenblum's ("Plaintiff") First Set of Requests for Production of Documents, dated May 30, 2025, ("Requests") in the above-captioned action ("Action"), as follows:

### GENERAL OBJECTIONS

1.      Passes Defendants make the following General Objections to the Requests, which form a part of Passes Defendants' response to each and every Request.  Although some or all of these General Objections may be specifically invoked in a response to an individual Request, failure to make a General Objection in a particular response should not be construed as a waiver of any General Objection.  The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Passes Defendants from raising that objection at a later time.

1

CONFIDENTIAL

2.      Passes Defendants object to producing any documents or otherwise responding to the Requests at this time because the Requests are premature.  Because venue does not lie in the Southern District of Florida, because Passes Defendants are immune from liability under Section 230 of the Communications Decency Act, and because the Complaint does not state a claim against Passes Defendants, in the interest of judicial economy and to preserve the parties' resources, Passes Defendants intend to seek a stay of discovery pending the outcome of Passes Defendants' Motion to Dismiss. Passes Defendants make these Objections to the Requests solely to preserve the Objections should discovery in this Action commence.  By making these Objections, Passes Defendants do not intend to waive, and hereby reserve, any and all objections to discovery commencing before the Motion to Dismiss is decided.

3.      Passes Defendants object to the Requests to the extent that they could be interpreted to call for the disclosure of protected information subject to the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, doctrine, immunity, law, or rule protecting information from disclosure.  Specific Objections on the ground of privilege or protection are provided herein for emphasis and clarity only, and the absence of a Specific Objection should not be interpreted as indicating that Passes Defendants do not object to the specific Request on the basis of any applicable privilege, doctrine, immunity, law, or rule protecting information from disclosure.  The inadvertent disclosure of any information or document that is subject to the attorney-client privilege, the work-product doctrine, or any other privilege or immunity from discovery shall not constitute a waiver of any such privilege, immunity, claim of confidentiality, or Passes Defendants' right to object to the use of any such information or document in this Action or elsewhere.

4.      Passes Defendants object to the Requests to the extent that each is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, or seeks the discovery of information that is neither relevant to the claims or defenses of any party to, nor proportional to the needs of, the Action,

CONFIDENTIAL

as well as to the extent that the Requests are unduly burdensome because they impose a significant burden, expense, and inconvenience on Passes Defendants that outweighs the likely benefit of the Requests.

5.      Passes Defendants object to the Requests to the extent they seek information that is not in Passes Defendants' possession, custody, or control, including because the Requests purport to seek production of documents and communications from third parties, including Passes Defendants' attorneys, unidentified agents, or other third parties.

6.      Passes Defendants object to the Requests to the extent they seek information that is publicly available or obtainable from some other more convenient, less burdensome, or less expensive source.

7.      Passes Defendants object to the Requests to the extent they purport to expand or alter the scope of discovery or impose requirements that are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, any order entered or that may be entered in this Action, including any confidentiality order, protective order, case management plan, or scheduling order, or any other applicable laws or rules (the "Applicable Rules") and insofar as they call for the production of deleted files or other electronic data that is not reasonably accessible. Passes Defendants will construe and, if necessary and at the appropriate time, respond to the Requests in accordance with the Applicable Rules.

8.      Passes Defendants' Responses to the Requests are made without in any way waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged status, or admissibility as evidence, for any purpose, of any documents or information provided in response to the Requests; (b) the right to object on any ground to the documents or information produced in response to the Requests at any hearing or trial; or (c) the right to object on any ground at any time to a demand for further responses to the Requests.

CONFIDENTIAL

9.      Passes Defendants object to the Requests to the extent they purport to seek the production of documents or information reflecting trade secrets, or that is confidential, proprietary, commercially sensitive, competitively significant, or otherwise sensitive subject to third-party rights and to any forthcoming confidentiality stipulations and orders.  To the extent the information is otherwise discoverable, Passes Defendants will, if necessary and at the appropriate time, produce documents containing confidential or proprietary information pursuant to an agreed-upon confidentiality order entered into between the parties and approved by the Court.

10.     Passes Defendants object to the Requests to the extent they seek "all" or "any" documents and/or communications as overbroad and unduly burdensome.

11.     Passes Defendants object to the Requests to the extent they are unreasonably cumulative or duplicative.

12.     Passes Defendants object to the Requests to the extent they state or suggest a conclusion as to any disputed issue of fact or law, and to the extent the Requests contain any factual assumptions, implications, and explicit or implicit characterizations of facts, events, circumstances, or issues.  Passes Defendants reserve all rights to contest any issue of fact and law, and nothing contained in these Responses and Objections is intended as, or shall be deemed, an admission, agreement, or acceptance of any factual or legal allegation, conclusion, characterization, or assumption in the Requests.

13.     Any response by Passes Defendants that they will meet and confer if and when discovery in this Action commences regarding the production of documents sought by a particular Request is not to be construed as an admission that they actually possess the documents requested or that such documents exist.

14.     The failure of Passes Defendants to assert a Specific Objection to any particular aspect of the Requests (including, but not limited to, the Requests' Definitions and Instructions) is not, and should not be construed as, an admission that responsive information or documents exist.

CONFIDENTIAL

15.     These Responses reflect Passes Defendants' present knowledge, information, and belief, and may be subject to change or modification based on further discovery or based on facts or circumstances that may come to Passes Defendants' attention.  Passes Defendants reserve the right, but do not assume the obligation, to rely on any facts, documents, evidence, or other contentions that may develop or come to their attention at a later time and to supplement or amend these responses at any time prior to the trial in this Action.  Passes Defendants further reserve the right to raise any additional objections.

16.     Passes Defendants object to the requested time period of "January 1, 2022 through the present" as overbroad, unduly burdensome, and not proportional to the needs of the case, because Passes was not founded until April 2022, because Plaintiff did not join Passes until August 2024, and because the requested time period is vague and overbroad to the extent it purports to include "all documents, whenever prepared, that concern that period, including documents prepared before this period."

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.     Passes Defendants object to the definition of the terms "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it purports to include information that is not within Passes Defendants' possession, custody, or control, including to the extent the definition purports to include unspecified "present and former parents, subsidiaries, predecessors, and successor entities, and affiliates, and each of their present and former officers, directors, partners, employees, agents, accountants, principals, attorneys, and any and all persons now or previously under their control or acting or purporting to act for or on their behalf."  To the extent discovery commences in this Action, Passes Defendants will interpret the term "You" to mean Passes, Inc. and Guo, and will only produce documents in the possession, custody, and control of Passes, Inc. and Guo.

2.     Passes Defendants object to the definition of the terms "Creator" and "Creators" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals

CONFIDENTIAL

who are not registered as Creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as Creators. To the extent discovery commences in this Action, Passes Defendants will construe the terms "Creator" and "Creators" to mean individuals with Creator accounts on Passes.

3.      Passes Defendants object to the definition of the term "Communication" as vague, ambiguous, overbroad, and unduly burdensome. Passes Defendants further object to the definition of the term "Communication" to the extent that it is duplicative of the term "Document" and to the extent that it purports to include communications that are not within Passes Defendants' possession, custody, or control.

4.      Passes Defendants object to the definition of the term "Document" as vague, ambiguous, overbroad, and unduly burdensome. Passes Defendants further object to the definition of "Document" to the extent it purports to include documents that are not within Passes Defendants' possession, custody, or control.

5.      Passes Defendants object to the definition of "identify" when used in reference to a document or event as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to impose obligations on Passes Defendants beyond those required by the Applicable Rules.

6.      Passes Defendants further object to any Instruction purporting to require Passes Defendants to "identify all persons having knowledge" of documents to the extent that any such Instruction imposes obligations beyond those required by the Applicable Rules.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request for Production No. 1**: All documents concerning Passes' organizational charts, including any drafts, versions, and updates thereof.

**Response and Objection**:  Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are

CONFIDENTIAL

prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" documents concerning Passes' organizational charts, including all drafts, versions, and updates of Passes' organizational charts.  Passes Defendants further object to this Request to the extent that it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences

**Request for Production No. 2**: All documents concerning any pitch materials prepared for and by You when Passes was seeking funding for seed capital and Series A capital from investors.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad and unduly burdensome to the extent it seeks "all" documents concerning the undefined term "pitch materials." Passes Defendants further object to this Request to the extent it seeks documents outside Passes Defendants' possession, custody, or control.  Passes Defendants further object to the definition of "You" as overbroad and unduly burdensome and will interpret the term to mean Passes, Inc. and Guo. Passes Defendants further object to this Request as irrelevant to the extent it seeks information or documents that are not relevant to the claims or defenses in this Action.

Passes Defendants will not produce any documents in response to this Request.

**Request for Production No. 3:** All documents concerning internal research, studies, and/or memoranda prepared for and by Passes regarding users, Creators, customers, or subscriber demographics.

CONFIDENTIAL

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as overbroad and unduly burdensome and seeking irrelevant information to the extent it seeks internal research, studies, and/or memoranda for a three-and-a-half-year period unrelated to Passes allowing minors to join Passes as Creators because they are not relevant to the claims or defenses in this Action.  Passes Defendants further object to the definition of the term "Creator" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as Creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as Creators.  Passes Defendants will construe the term "Creators" to mean individuals with Creator accounts on Passes. Passes Defendants further object to this Request to the extent that it seeks material that is confidential or that is protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes Defendants further object to this Request as duplicative of Request No. 4.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 4**: All documents concerning internal research, studies, and/or memoranda prepared for and by Passes regarding the decision to allow for minors between the age of 15 years old and 17 years old to join Passes as Creators.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly

CONFIDENTIAL

burdensome to the extent it seeks "all" documents concerning internal research, studies, and/or memoranda prepared for and by Passes in a three-and-a-half-year period.  Passes Defendants further object to the definition of the term "Creator" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as Creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as Creators.  Passes Defendants will construe the term "Creators" to mean individuals with Creator accounts on Passes.  Passes Defendants further object to this Request to the extent that it seeks material that is confidential or that is protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 5**: All documents concerning the creation, implementation, enforcement and modification of the Passes Community and Content Guidelines Part 13 Minor Safety.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" documents concerning the creation, implementation, enforcement and modification of Passes' Community and Content Guidelines.  Passes Defendants further object to this Request to the extent that it seeks material that is confidential or that is protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 6**: All communications and correspondence between Guo and

CONFIDENTIAL

Alec Celestin regarding any Passes-related matter, including but not limited to, email, text message, iMessage, Signal, WhatsApp, Slack, and any and all other communication systems.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague and ambiguous to the extent it seeks communications regarding undefined "Passes-related matter[s]" and to the extent it seeks communications from "any and all" unidentified "communication systems."  Passes Defendants further object to this Request to the extent that it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes Defendants further object to the Request as overbroad, unduly burdensome, and seeking irrelevant information insofar as it seeks communications and correspondence between Guo and Celestin for a three-and-a-half-year period and communications and correspondence that are not relevant to the claims or defenses in this Action.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 7**: All communications and correspondence between Guo and Alec Celestin in August and September 2024, including but not limited to, email, text message, iMessage, Signal, WhatsApp, and any and all other communication systems.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague and ambiguous to the extent it seeks communications from "any and all" unidentified "communication systems."  Passes Defendants

CONFIDENTIAL

further object to this Request as overbroad, unduly burdensome, and seeking irrelevant information to the extent it seeks communications and correspondence between Guo and Celestin that are not relevant to the claims or defenses in this Action.  Passes Defendants further object to this Request to the extent that it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes Defendants further object to the Request as duplicative of Request No. 6.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 8**: All documents, including but not limited to phone records, of Guo's wireless service provider(s) for the period of August and September 2024, reflecting any call, text message, or other communication(s) with Alec Celestin.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as seeking documents that are not within Passes Defendants' possession, custody, or control.  Passes Defendants further object to this request as overbroad, unduly burdensome, and seeking irrelevant information to the extent it seeks records of purported communications that are not relevant to the claims or defenses in this Action.  Passes Defendants further object to this Request as duplicative of Request Nos. 6 and 7.

Passes Defendants will not produce documents in response to this Request.

**Request for Production No. 9**: All communications and correspondence between Guo and Lani Ginoza regarding any Passes-related matter, including but not limited to email, text message, iMessage, Signal, WhatsApp, Slack, and any and all other communication systems.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are

CONFIDENTIAL

prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague and ambiguous to the extent it seeks communications and correspondence regarding undefined "Passes-related matter[s]" and to the extent it seeks communications from "any and all" unidentified "communication systems." Passes Defendants further object to the Request as overbroad, unduly burdensome, and seeking irrelevant information insofar as it seeks communications and correspondence between Guo and Ginoza for a three-and-a-half-year period and communications and correspondence that are not relevant to the claims or defenses in this Action. Passes Defendants further object to this Request to the extent that it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 10**: All documents, including but not limited to phone records, of Guo's wireless service provider(s) for the period of August and September 2024, reflecting any call, text message, or other communications with Lani Ginoza.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as seeking documents that are not within Passes Defendants' possession, custody, or control. Passes Defendants further object to this Request as overbroad, unduly burdensome, and seeking irrelevant information to the extent it seeks records of purported communications that are not relevant to the claims or defenses in this Action. Passes Defendants further object to this Request as duplicative of Request No. 8.

Passes Defendants will not produce documents in response to this Request.

12

CONFIDENTIAL

**Request for Production No. 11**: All documents concerning Lani Ginoza's employment at Passes, including but not limited to, employment agreements, Form W-2s, pay stubs, and termination agreements.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" documents concerning Ginoza's employment at Passes. Passes Defendants further object to this Request to the extent it seeks information that is not relevant to the claims or defenses in this Action. Passes Defendants further object to this Request to the extent it seeks documents that are not within Passes Defendants' possession, custody, or control. Passes Defendants further object to this Request to the extent it seeks material that is confidential or that is protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 12**: All documents concerning any agreements, whether formal or informal, between the Passes Defendants and Alec Celestin, his associates, affiliates, or affiliated entities, including but not limited to WLM Management LLC and Nofhotos Group LLC.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" documents for a three-and-a-half-year period concerning

CONFIDENTIAL

purported "informal" agreements, and to the extent it seeks documents concerning purported agreements with unidentified "associates, affiliates, or affiliated entities" of Celestin.   Passes Defendants further object to this Request to the extent it seeks purported agreements that are not relevant to the claims or defenses in this Action.   Passes Defendants further object to this Request to the extent it seeks documents that are not within Passes Defendants' possession, custody, or control. Passes Defendants further object to this Request to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 13**: All documents concerning Alec Celestin, his associates, affiliates, or affiliated entities, possessing an ownership interest in Passes, including capitalization tables.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.   Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, unduly burdensome, and irrelevant to the extent it seeks "all" documents for a three-and-a-half-year period concerning purported agreements with unidentified "associates, affiliates, or affiliated entities" of Celestin, and to the extent any such purported agreements are not relevant to the claims or defenses in this Action.   Passes Defendants further object to this Request as duplicative of Request No. 12.   Passes Defendants further object to this Request to the extent it seeks material that is confidential or that is protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and

CONFIDENTIAL

confer about this Request if and when discovery in this Action commences.

**Request for Production No. 14**: All documents concerning any payments between Alec Celestin, his associates, affiliates, or affiliated entities and either Passes or Guo.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, unduly burdensome, and irrelevant to the extent it seeks "all" documents for a three-and-a-half-year period concerning purported payments made to or received from unidentified "associates, affiliates, or affiliated entities" of Celestin, and to the extent any such purported payments are not relevant to the claims or defenses in this Action. Passes Defendants further object to this Request to the extent it seeks material that is not within Passes Defendants' possession, custody, or control. Passes Defendants further object to this Request to the extent that it seeks material that is confidential or that is protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 15**: All documents concerning any Know Your Customer (KYC) processes performed on Plaintiff's Passes account or profile.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as overbroad and unduly burdensome to the extent it seeks documents that are not within the Passes Defendants' possession, custody, or control,

including because they are in the possession, custody, or control of Plaintiff, another Defendant, or a third party.  Passes Defendants further object to this Request to the extent that it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 16**: All documents concerning any review or enforcement action taken by Passes relating to Plaintiff's account, profile, or content depicting Plaintiff, including but not limited to: content moderation logs; CSAM detection reports; any and all instances where any content associated with or depicting Plaintiff was automatically or manually flagged as potential or actual CSAM; and takedown or removal records.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" documents concerning any review of "content depicting Plaintiff" and "content associated with or depicting Plaintiff."  Passes Defendants further object to this Request to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes Defendants further object to this Request to the extent it seeks material that is not within Passes Defendants' possession, custody, or control.  Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks documents concerning any content depicting Plaintiff when Plaintiff was not a minor, and to the extent it seeks documents concerning any content depicting Plaintiff that was not uploaded to Plaintiff's Passes account and content that was not uploaded to Passes at all.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 17**: All documents concerning internal communications, notes, or discussions regarding Plaintiff's account, profile, or content depicting Plaintiff.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" documents concerning any communications regarding "content depicting Plaintiff."  Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks documents concerning any content depicting Plaintiff when Plaintiff was not a minor, and to the extent it seeks documents concerning any content depicting Plaintiff that was not uploaded to Plaintiff's Passes account and content that was not uploaded to Passes at all.  Passes Defendants further object to this Request to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 18**: All documents concerning the marketing and/or advertisement of any content depicting Plaintiff.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly

17

CONFIDENTIAL

burdensome to the extent it seeks "all" documents concerning purported marketing or advertisement of "content depicting Plaintiff." Passes Defendants further object to this Request as overbroad, unduly burdensome, and seeking irrelevant information to the extent it seeks documents concerning the marketing and/or advertisement of any content depicting Plaintiff when Plaintiff was not a minor, and to the extent it seeks documents concerning any content depicting Plaintiff that was not uploaded to Plaintiff's Passes account and content that was not uploaded to Passes at all. Passes Defendants further object to this Request to the extent it seeks material that is not within Passes Defendants' possession, custody, or control. Passes Defendants further object to this Request to the extent that it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 19**: All documents concerning the metadata, including time of upload, user identification, IP address, and device data, of content depicting Plaintiff.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" documents concerning metadata associated with "content depicting Plaintiff." Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks documents concerning content depicting Plaintiff when Plaintiff was not a minor, and to the extent it seeks documents concerning any content depicting Plaintiff that was not uploaded to Plaintiff's Passes account and content that was not uploaded to Passes at all Passes Defendants further object to this Request to the extent it seeks material that is not within Passes Defendants' possession, custody, or control. Passes Defendants further object to this

Request to the extent that it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 20**: All communications and correspondence with users or customers relating to content depicting Plaintiff.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" documents relating to "content depicting Plaintiff" and to the extent it seeks purported communications with unidentified "users" and "customers." Passes Defendants further object that the Request is overbroad, unduly burdensome, and seeks irrelevant material to the extent it seeks documents regarding content depicting Plaintiff when Plaintiff was not a minor, and to the extent it seeks documents regarding content that was not uploaded to Plaintiff's account and content that was not uploaded to Passes at all. Passes Defendants further object to the extent the Request seeks documents that are not within Passes Defendants' possession, custody, or control. Passes Defendants further object to this Request to the extent that it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 21**: All documents concerning any payments, commissions, or similar receipt of funds by Passes, including any automatic payments, for sale of content depicting Plaintiff.

CONFIDENTIAL

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" documents concerning purported payments for "content depicting Plaintiff" and to the extent it seeks documents "concerning" unidentified "receipt[s] of funds."  Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks documents concerning payments made for content created when Plaintiff was not a minor, and because payments purportedly made to or received from third parties are not relevant to any claims or defenses in this Action.  Passes Defendants further object to this Request to the extent it seeks documents that are not in Passes Defendants' possession, custody, or control.  Passes Defendants further object to this Request to the extent that it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 22**: All documents concerning the suspension and/or deactivation of Plaintiff's Passes account or profile.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks "all" documents concerning the suspension and deactivation of Plaintiff's Passes account because such suspension and deactivation are not relevant to the claims or

CONFIDENTIAL

defenses in this Action.  Passes Defendants further object to this Request to the extent that it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 23**: All documents concerning minor Creator membership, including but not limited to, records reflecting duration of minor Creators' accounts and profiles on Passes.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, unduly burdensome, and irrelevant to the extent it seeks "all" documents for a three-and-a-half-year period concerning any minor Creator's membership on Passes without regard to the document's relevance to any claim or defense in this Action and because the duration of minor Creators' accounts on Passes is not relevant to any claim or defense in this Action.  Passes Defendants further object to the terms "Creator" and "Creators" as vague, ambiguous, overbroad, and unduly burdensome to the extent they purport to include individuals who are not registered as Creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as Creators.  Passes Defendants will construe the terms "Creator" and "Creators" to mean individuals with Creator accounts on Passes. Passes Defendants further object to this Request to the extent it seeks documents that are not in Passes Defendants' possession, custody, or control.  Passes Defendants further object to this Request to the extent that it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes Defendants further object to this Request to the extent it is duplicative of other Requests, including Request Nos. 15-19, 22, and

CONFIDENTIAL

24-26.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 24**: All documents concerning the establishment, implementation, modification, suspension, or overriding of Passes' parental consent requirements, specifically "Verifiable Parent Consent" in the form of: (a) a signed consent form; (b) a video conference with a parent to verify; (c) a copy of the parent's identification or license; or (d) a successful knowledge-based challenge test for parents.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" documents for a three-and-a-half-year period concerning unidentified "parental consent requirements," and to the extent it seeks all documents regarding any purported parental consent submitted for any and all minor Creators on Passes. Passes Defendants further object to this Request to the extent it assumes as true that anyone at Passes "suspen[ded]" or "over[ode]" Passes' "parental consent requirements." Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks material that is not relevant to any claim or defense in this Action. Passes Defendants further object to this Request to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 25**: All documents concerning modifying, limiting, or disabling safeguards for minor Creators, such as Verifiable Parent Consent and restricting access to Passes'

direct messaging system.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" documents for a three-and-a-half-year period concerning unidentified "safeguards for minor Creators."  Passes Defendants further object to this Request as overbroad unduly burdensome, and irrelevant to the extent it seeks material that is not relevant to any claim or defense in this Action.  Passes Defendants further object to the definition of the term "Creators" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as Creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as Creators.  Passes Defendants will construe the term "Creators" to mean individuals with Creator accounts on Passes.  Passes Defendants further object to this Request to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes Defendants further object to the Request to the extent it is duplicative of Request No. 24.  Passes Defendants further object to this Request to the extent it assumes as true that anyone at Passes "modifi[ed]," "limit[ed]," or "disable[ed]" any "safeguards for minor Creators" on Passes.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 25.1**: Any logs or similar documents reflecting such changes.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

23

CONFIDENTIAL

Passes Defendants further object to this Request as vague and ambiguous to the extent it seeks undefined "similar documents."  Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks material for a three-and-a-half-year period that is irrelevant to any claim or defense in this Action.  Passes Defendants further object to the Request as duplicative of Request Nos. 24 and 25.  Passes Defendants further object to this Request to the extent it assumes as true that anyone at Passes "modifi[ed]," "limit[ed]," or "disabl[ed]" any "safeguards for minor Creators" on Passes.  Passes Defendants further object to this Request to the extent that it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 26**: All documents reflecting any instance where any post, message, or other content associated with minor Creators was flagged as potential or actual CSAM.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" documents for a year-and-a-half-year period reflecting "any instance" in which unidentified "content associated with minor Creators" was purportedly flagged as potential or actual CSAM.  Passes Defendants further object to this Request as overbroad, unduly burdensome, and seeking irrelevant information to the extent it seeks documents concerning content purportedly being flagged as potential CSAM, and to the extent it seeks documents regarding content that was not uploaded to Passes.  Passes Defendants further object to this Request to the extent it is duplicative of Request No. 16.  Passes Defendants further object to the definition of the term "Creators" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include

CONFIDENTIAL

individuals who are not registered as Creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as Creators.  Passes Defendants will construe the term "Creators" to mean individuals with Creator accounts on Passes.  Passes Defendants further object to this Request to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes Defendants further object to this Request to the extent it seeks material that is not in Passes Defendants' possession, custody, or control.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 26.1**: All documents reflecting any response by You to any such instance.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" documents for a year-and-a-half-year period reflecting Passes Defendants' response to "any instance" in which unidentified "content associated with minor Creators" was purportedly flagged as potential or actual CSAM.  Passes Defendants further object to this Request as overbroad, unduly burdensome, and seeking irrelevant information to the extent it seeks documents concerning content purportedly being flagged as potential CSAM, and to the extent it seeks documents regarding content that was not uploaded to Passes.  Passes Defendants further object to this Request to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes Defendants further object to the definition of the term "You" as overbroad and unduly burdensome and will interpret the term to mean Passes, Inc. and Guo.  Passes Defendants further object to this

CONFIDENTIAL

Request as duplicative of Request Nos. 16 and 26.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 27**: All documents concerning Passes' policies, guidelines, or internal enforcement procedures relevant to the use of Passes by minors, including all drafts, versions, or updates to such documents.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks "all" documents for a three-and-a-half-year period concerning Passes' policies, guidelines, or internal enforcement procedures, including such policies, guidelines, or enforcement procedures that are not related to minor Creators on Passes; to the extent it seeks versions of policies, guidelines, and internal enforcement procedures that were not in effect when Plaintiff had an active minor Creator account on Passes; and to the extent it seeks drafts of policies, guidelines, or internal enforcement procedures because such drafts are not relevant to any claim or defense in this Action. Passes Defendants further object to this Request to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection. Passes Defendants further object to this Request to the extent it is duplicative of Request Nos. 15, 16, and 23-26.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 28**: All documents concerning Passes' removal on or about February 24, 2025 of the option for minors aged 15-17 years old to join the platform as Creators.

**Response and Objection**: Passes Defendants object to this Request as premature because

CONFIDENTIAL

discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to the Request as overbroad, unduly burdensome, and irrelevant because Passes Defendants' decision to remove minor Creators from the platform is not relevant to any claim or defense in this Action.  Passes Defendants further object to the definition of the term "Creators" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as Creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as Creators.  Passes Defendants will construe the term "Creators" to mean individuals with Creator accounts on Passes.  Passes Defendants further object to this Request to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 29**: All communications and correspondence with the National Center for Missing & Exploited Children (NCMEC).

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection. Passes further object to this Request as seeking irrelevant information to the extent it seeks Passes Defendants' communications with NCMEC other than any reports made by Passes Defendants to NCMEC that are required by law, to the extent any such reports exist.  Passes Defendants further object to this Request to the extent it seeks documents that are not within Passes

CONFIDENTIAL

Defendants' possession, custody, or control because the Request is not limited to Passes Defendants' communications with NCMEC.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 30**: All documents concerning visitor logs, swipe card access data, or similar entry system data, for Passes' Miami office from founding to present.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request to the extent it seeks documents not within Passes Defendants' possession, custody, or control. Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant because visitor logs, swipe card access data, and similar entry system data—much less such data for the three-and-a-half-year period requested—are neither relevant to any claim or defense in this Action nor to determining that the Complaint fails to allege that venue lies in the Southern District of Florida. The Court has not ordered an evidentiary hearing to resolve Passes Defendants' pending Motion to Transfer Venue and, unless and until the Court decides that an evidentiary hearing is required to resolve the Motion, data regarding access to Passes' Miami office is irrelevant.

Passes Defendants will not produce documents in response to this request.

**Request for Production No. 31**: Documents sufficient to show the locations of Passes' vendors from founding to present, such as but not limited to, wholesale, security, and transportation vendors.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending

CONFIDENTIAL

resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant because the location of Passes' "vendors"—much less the location of such vendors for the three-and-a-half-year period requested—is neither relevant to any claim or defense in this Action nor to determining that the Complaint fails to allege that venue lies in the Southern District of Florida. The Court has not ordered an evidentiary hearing to resolve Passes Defendants' pending Motion to Transfer Venue and, unless and until the Court decides that an evidentiary hearing is required to resolve the Motion, the location of Passes Defendants' vendors is irrelevant. Passes Defendants further object to this Request to the extent it seeks material that is not within Passes Defendants' possession, custody, or control.

Passes Defendants will not produce documents in response to this request.

**Request for Production No. 32**: Documents sufficient to show the locations of Passes' computers, servers, other electronic devices, physical files, records, and archives, from founding to present.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant because the location of electronic devices and files—much less the location of such devices and files for the three-and-a-half-year period requested—is neither relevant to any claim or defense in this Action nor to determining that the Complaint fails to allege that venue lies in the Southern District of Florida. The Court has not decided that an evidentiary hearing is required to resolve Passes Defendants' pending Motion to Transfer Venue and, unless and until the Court decides that an evidentiary hearing is required to resolve the Motion, the location of Passes' electronic devices and records is irrelevant.

CONFIDENTIAL

Passes Defendants will not produce documents in response to this request.

**Request for Production No. 33**: Visitor logs, swipe card access data, or similar entry system data, for Guo's Miami residence for the period June 2024 through December 2024.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request to the extent it seeks documents that are not within Passes Defendants' possession, custody, or control. Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant because visitor logs, swipe card access data, and similar entry system data are neither relevant to any claim or defense in this Action nor to determining that the Complaint fails to allege that venue lies in the Southern District of Florida. The Court has not ordered an evidentiary hearing to resolve Passes Defendants' pending Motion to Transfer Venue and, unless and until the Court decides that an evidentiary hearing is required to resolve the Motion, access data for Guo's Miami residence is irrelevant.

Passes Defendants will not produce documents in response to this request.

**Request for Production No. 34**: All documents relating to the alleged relocation of Passes' Miami office to its Los Angeles office, including but not limited to, moving or shipping receipts and office inventory lists for the relocation.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request to the extent it seeks documents that are not within Passes Defendants' possession, custody, or control. Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant because all documents relating to the alleged

CONFIDENTIAL

relocation are neither relevant to any claim or defense in this Action nor to determining that the Complaint fails to allege that venue lies in the Southern District of Florida. The Court has not ordered an evidentiary hearing to resolve Passes Defendants' pending Motion to Transfer Venue and, unless and until the Court decides that an evidentiary hearing is required to resolve the Motion, documents regarding the relocation of Passes to Los Angeles are irrelevant. Passes Defendants further object to this Request because the location of Passes' principal place of business is not relevant for determining where venue is proper under 28 U.S.C. § 1391(b)(2).

Passes Defendants will not produce documents in response to this request.

**Request for Production No. 35**: All documents concerning paperwork submitted and/or filed by Passes to any federal, state, or local government or regulatory entity reflecting any change of address.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request to the extent it seeks material that is not in Passes Defendants' possession, custody, or control. Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks documents other than any paperwork filed by Passes to a government entity reflecting a change of address, and to the extent it seeks documents reflecting any change of address other than Passes relocating its headquarters to Los Angeles, California in July 2024. Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant because documents reflecting a change of address are neither relevant to any claim or defense in this Action nor to determining that that the Complaint fails to allege that venue lies in the Southern District of Florida. The Court has not ordered an evidentiary hearing is required to resolve Passes Defendants' pending Motion to Transfer Venue and, unless and until the Court decides that an evidentiary hearing is required to resolve the Motion, paperwork filed to a

CONFIDENTIAL

government agency reflecting a change of Passes' address is irrelevant. Passes Defendants further object to this Request because the location of Passes' principal place of business is not relevant for determining where venue is proper under 28 U.S.C. § 1391(b)(2).

Passes Defendants will not produce documents in response to this request.

**Request for Production No. 36**: All documents concerning paperwork submitted and/or filed by Guo to any federal, state, or local government or regulatory entity reflecting any change of address.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss. Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request to the extent it seeks material that is not within Passes Defendants' possession, custody, or control. Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks documents other than any paperwork filed by Guo to a government entity reflecting a change of address and to the extent it seeks documents reflecting any change of address other than Guo relocating her primary residence and domicile to Los Angeles, California in July 2024. Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant because "all" documents reflecting a change of address are neither relevant to any claim or defense in this Action nor to determining that the Complaint fails to allege that venue lies in the Southern District of Florida. The Court has not ordered that an evidentiary hearing is required to resolve Passes Defendants' pending Motion to Transfer Venue and, unless and until the Court decides that an evidentiary hearing is required to resolve the Motion, paperwork filed to a government agency reflecting Guo's change of address is irrelevant. Passes Defendants further object to this Request because the location of Guo's primary residence is not relevant for determining where venue is proper under 28 U.S.C. § 1391(b)(2).

Passes Defendants will not produce documents in response to this request.

**Request for Production No. 37**: All documents concerning Guo's driver's licenses during the

CONFIDENTIAL

period of March 2024 through February 2025.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks documents other than Guo's driver license and to the extent it seeks information from March 2024 through August 12, 2024, before Plaintiff alleges she registered for an account on Passes and before any alleged misconduct occurred.  Passes Defendants further object to this Request to the extent it is duplicative of Request No. 36.  Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant because documents reflecting a change of address are neither relevant to any claim or defense in this Action nor to determining that the Complaint fails to allege that venue lies in the Southern District of Florida.  The Court has not ordered that an evidentiary hearing is required to resolve Passes Defendants' pending Motion to Transfer Venue and, unless and until the Court decides that an evidentiary hearing is required to resolve the Motion, documents reflecting a change of address are irrelevant.  Passes Defendants further object to this Request because the location of Guo's primary residence is not relevant for determining where venue is proper under 28 U.S.C. § 1391(b)(2).

Passes Defendants will not produce documents in response to this request.

**Request for Production No. 38**: All documents and communications between You and any non-party concerning this Complaint, this Action, or the allegations or claims contained therein.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to the Request as vague, ambiguous, overbroad, unduly

CONFIDENTIAL

burdensome, and irrelevant because it seeks any document for a three-and-a-half-year period that could relate to any allegation Plaintiff's 158-paragraph Complaint without specifying any particular allegations or claims about which it seeks documents.  Passes Defendants further object to this Request to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes Defendants further object to the definition of "You" as overbroad and unduly burdensome and will interpret the term to mean Passes, Inc. and Guo.  Passes Defendants further object to this Request to the extent it seeks material that is not within Passes Defendants' possession, custody, or control, and to the extent it seeks material that is publicly available.  Passes Defendants further object to this Request to the extent it is duplicative of Request Nos. 2, 5, 6-10, 12-13, 16-18, 22, and 24-29.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 39**: All documents You rely upon and/or reference in responding to any of these Requests or interrogatories directed to You in connection with this Action.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes Defendants further object to the definition of the term "You" as overbroad and unduly burdensome and will interpret the term to mean Passes, Inc. and Guo.  Passes Defendants further object to this Request to the extent it seeks material that is not in Passes Defendants' possession, custody, or control, including to the extent it is in Plaintiff's possession, custody, or control, and to the extent it seeks material that is publicly available.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and

CONFIDENTIAL

confer about this Request if and when discovery in this Action commences.

**Request for Production No. 40**: All documents You may use or rely upon in connection with any hearing, deposition, motion, or trial in this Action.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests material Passes Defendants "may" use.  Passes Defendants further object to this Request to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes Defendants further object to this Request as premature to the extent it purports to require Passes Defendants to produce materials earlier than required by the Applicable Rules, including to the extent it seeks information and documents that will be the subject of expert discovery.  Passes Defendants further object to the definition of the term "You" as overbroad and unduly burdensome and will interpret the term to mean Passes, Inc. and Guo.  Passes Defendants further object to this Request to the extent it seeks material that is not within Passes Defendants' possession, custody, or control, including to the extent it seeks material in Plaintiff's possession, custody, or control, and to the extent it seeks material that is publicly available.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

**Request for Production No. 41**: All documents and communications responsive to any requests for production served by You.

**Response and Objection**: Passes Defendants object to this Request as premature because discovery should be stayed pending resolution of the Motion to Dismiss.  Passes Defendants are prepared to meet and confer to see if the parties can reach agreement on staying discovery pending

CONFIDENTIAL

resolution of the motion to dismiss, to obviate unnecessary motion practice.

Passes Defendants further object to this Request to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes Defendants further object to this Request as premature because Passes Defendants have not propounded any requests for production.  Passes Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome because the Request is not limited to requests for production that may be propounded in this Action, and because Plaintiff cannot convert requests for production propounded by Passes Defendants into her own requests for production. Passes Defendants further object to the definition of the term "You" as overbroad and unduly burdensome and will interpret the term to mean Passes, Inc. and Guo.  Passes Defendants further object to this Request to the extent it seeks material that is not within Passes Defendants' possession, custody, or control, including to the extent it seeks material that is in the possession, custody, or control of Plaintiff, another Defendant, or any third party, and to the extent it seeks material that is publicly available.

Subject to the foregoing general and specific objections, Passes Defendants agree to meet and confer about this Request if and when discovery in this Action commences.

CONFIDENTIAL

Dated: June 30, 2025

/s/ *Brian W. Toth*

| | |
|---|---|
| Rollo C. Baker, IV (admitted *pro hac vice*) | Brian W. Toth |
| Vivek Tata (admitted *pro hac vice*) | Florida Bar No. 57708 |
| Alexander S. Davis (admitted *pro hac vice*) | Freddy Funes |
| Chase J. Shelton (admitted *pro hac vice*) | Florida Bar No. 87932 |
| Elsberg Baker & Maruri, PLLC | Toth Funes PA |
| 1 Penn Plaza | Ingraham Building |
| New York, NY 100119 | 25 Southeast Second Avenue, Suite 805 |
| Tel: (212) 597-2602 | Miami, Florida 33131 |
| rbaker@elsberglaw.com | (305) 717-7850 |
| vtata@elsberglaw.com | btoth@tothfunes.com |
| adavis@elsberglaw.com | ffunes@tothfunes.com |
| cshelton@elsberglaw.com | |

*Counsel for Defendants Passes, Inc. and Lucy Guo*

*Counsel for Defendants Passes, Inc. and Lucy Guo*

CONFIDENTIAL

## CERTIFICATE OF SERVICE

I, Chase J. Shelton, hereby certify that on June 30, 2025, I caused a true and correct copy of Defendants Passes, Inc. and Lucy Guo's Responses and Objections to Plaintiff's First Set of Requests for Production to be served on all counsel of record via email.

/s/ *Chase J. Shelton*
Chase J. Shelton