**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ALICE ROSENBLUM, on behalf of herself and all others similarly situated,

Plaintiff,

v.

PASSES, INC., NOFHOTOS GROUP LLC, WLM MANAGEMENT LLC, LUCY GUO, ALEC CELESTIN, and LANI GINOZA,

Defendants.

Civ. Action No. 1:25-cv-20899-JEM

**ORAL ARGUMENT REQUESTED**

**DEFENDANTS PASSES, INC. AND LUCY GUO'S REPLY IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY**

Date: August 1, 2025

Rollo C. Baker, IV (admitted *pro hac vice*)
Vivek Tata (admitted *pro hac vice*)
Alexander S. Davis (admitted *pro hac vice*)
Chase J. Shelton (admitted *pro hac vice*)
Elsberg Baker & Maruri PLLC
1 Penn Plaza Suite 4015
New York, NY 10019
Tel: 917-923-2401
rbaker@elsberglaw.com
vtata@elsberglaw.com
adavis@elsberglaw.com
cshelton@elsberglaw.com

Brian W. Toth
Freddy Funes
Toth Funes PA
25 Southeast Second Avenue Suite 805
Miami, Florida 33131
Tel: 305-717-7851
btoth@tothfunes.com
ffunes@tothfunes.com

*Counsel for Passes, Inc. and Lucy Guo*

**TABLE OF CONTENTS**

*Page*

INTRODUCTION ........................................ 1

ARGUMENT ........................................ 3

1. The Court Should Grant a Temporary Stay of Discovery Pending Resolution of the Passes Defendants' Clearly Meritorious Motion to Dismiss. ........................................ 3

2. The Balance of Hardships Weighs In Favor of Staying Discovery. ........................................ 8

CONCLUSION ........................................ 10

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Almeida v. Amazon.com, Inc.*,
456 F.3d 1316 (11th Cir. 2006) ........ 4

*CE-1709 Midland Trail Shelbyville KY, LLC v. Redstone, LLC*,
2022 WL 22839794 (S.D. Fla. Nov. 18, 2022)........ 5

*Chudasama v. Mazda Motor Corp.*,
123 F.3d 1353 (11th Cir. 1997) ........ 1

*Couture v. Noshirvan*,
2023 WL 8280955 (M.D. Fla. Nov. 30, 2023) ........ 6

*Doe ex rel. Doe v. Grindr, LLC*,
2023 WL 7053471 (M.D. Fla. Oct. 26, 2023) ........ 4

*Doe v. Fenix Int'l, Ltd.*,
2025 WL 336741 (S.D. Fla. Jan. 30, 2025) ........ 4

*Doe v. Kik Interactive, Inc.*,
482 F. Supp. 3d 1242 (S.D. Fla. 2020) ........ 4

*Elting v. Lassiter*,
2023 WL 8699454 n.3 (S.D.N.Y. Dec. 14, 2023) ........ 7

*FTC v. AccuSearch, Inc.*,
2007 WL 9717829 (D. Wyo. Jan. 3, 2007)........ 5

*Gaffney v. Rives*,
2023 WL 1797271 (M.D. Fla. Feb. 7, 2023) ........ 3, 8

*Gill-Samuel v. Nova Biomedical Corp.*,
2014 WL 11762719 (S.D. Fla. Feb. 18, 2014) ........ 2

*HNA LH OD, LLC v. Loc. House Int'l, Inc.*,
2021 WL 2767080 (S.D. Fla. July 2, 2021)........ 3

*Inman v. Am. Paramount Fin.*,
517 F. App'x 744 (11th Cir. 2013) ........ 6, 7

*M.H. v. Omegle.com, LLC*,
2022 WL 93575 (M.D. Fla. Jan. 10, 2022) ........ 4

*L.H. v. Marriott International, Inc.*,
604 F. Supp. 3d 1346 (S.D. Fla. 2022) ........ 6

*McCall v. Zotos*,
2023 WL 3946827 (11th Cir. June 12, 2023) ........ 4

*Neal v. Atlas Acquisitions, LLC*,
2015 WL 12841062 (M.D. Fla. Feb. 24, 2015) ........ 9

*Ray v. Spirit Airlines, Inc.*,
2012 WL 5471793 (S.D. Fla. Nov. 9, 2012) ........ 9

*Rodriguez v. OfferUp, Inc.*,
2019 WL 13247290 (M.D. Fla. Aug. 29, 2019) ........ 6

*Rokit World, Inc. v. Williams Grand Prix Eng'g, Ltd.*,
2025 WL 1222467 (M.D. Fla. Apr. 28, 2025) ........ 8, 9

*Skuraskis v. NationsBenefits Holdings, LLC,*
717 F. Supp. 3d 1221 (S.D. Fla. 2023) ........ 7, 9

*Snead v. Ga. Dep't of Corr.*,
2024 WL 4132941 (11th Cir. Sept. 10, 2024) ........ 1

*Sykora v. Brennan*,
2015 WL 12857090 (M.D. Fla. Dec. 22, 2015) ........ 10

*United States v. Cuya*,
964 F.3d 969 (11th Cir. 2020) ........ 7

**Statutes**

28 U.S.C. § 1404 ........ 3
28 U.S.C. § 1406 ........ 2,3,4

**Rules**

Fed. R. Civ. P. 12(b)(3) ........ 2
Fed. R. Civ. P. 12(b)(6) ........ 4

## INTRODUCTION

Plaintiff seeks to rush into taking burdensome and intrusive discovery from the Passes Defendants to try and cure the Complaint's fatal deficiencies: that the Complaint was filed in the wrong court, is barred by Section 230, and makes only spurious, speculative and conclusory allegations of wrongdoing against the Passes Defendants in an effort to try an extract a settlement from deep-pocketed defendants. A stay is appropriate until the Court has an opportunity to address the Passes Defendants' Motion to Dismiss.

Rather than attempt to defend the Complaint's deficiencies, the Opposition to the Motion to Stay time and again falls back on the argument that Plaintiff is entitled to discovery because she will be permitted to amend her Complaint if the Motion to Dismiss is granted. Opp. at 2, 9, 11, 12. But Plaintiff does not even attempt to articulate what new facts or allegations Plaintiff would include in a putative amendment (nor could she, because none exist). And "'the doors of discovery' do not unlock 'for a plaintiff armed with nothing more than conclusions.'" *Snead v. Ga. Dep't of Corr.*, 2024 WL 4132941, at *3 (11th Cir. Sept. 10, 2024) (per curiam). The Court should reject Plaintiff's bald attempt to engage in a fishing expedition against the Passes Defendants. All the relevant factors weigh in favor of a temporary discovery stay.

*First*, the Opposition confirms that the Motion to Dismiss raises three independent "[f]acial challenges to the legal sufficiency of" Plaintiff's claims against the Passes Defendants, each of which would dispose of all claims against the Passes Defendants, that should "be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). The Opposition does not even try to dispute that the Passes Defendants' Motion to Dismiss for improper venue is clearly meritorious. Instead, misconstruing the Passes Defendants' Motion to Dismiss, the Opposition argues that if venue is ***transferred***, discovery will proceed in the transferee court. Opp. at 1, 7-8. But this argument fails because the Court can (and should) ***dismiss*** the case

for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). Further, in trying to argue that the Passes Defendants are not immune under Section 230 and that the Complaint states a claim against the Passes Defendants, the Opposition (at 8, 12) once again tries to create purported "factual disputes" where none exist. The Passes Defendants' Motion to Dismiss attacked the sufficiency of the Complaint on its face, so it presents "purely legal questions" that can be resolved without discovery. *Gill-Samuel v. Nova Biomedical Corp.*, 2014 WL 11762719, at *1 (S.D. Fla. Feb. 18, 2014).

*Second*, the balance of hardships also weighs firmly in favor of granting a stay of discovery. The Opposition's half-hearted and isolated swipes to the contrary do not hold. The Opposition does not contest that responding to more than 50 interrogatories and 41 document requests would be burdensome and costly. And it does not contest that a ruling on the Motion to Dismiss could streamline discovery by disposing of the Complaint's dubious vicarious liability theory and class action allegations. On the other side of the ledger, the only purported "harm" to Plaintiff that the Opposition articulates is that her own wildly unrealistic requested discovery schedule may be "imperil[ed]" by a stay of discovery. Opp. at 2. But the Court has not entered any discovery schedule, and Plaintiff only recently successfully served another co-defendant (and two other co-defendants' cases are stayed pending bankruptcy proceedings), so the Opposition's made-up "case management" concerns (at 6, 14) are meritless.

The Passes Defendants were hopeful that through their Responses and Objections and the meet and confer process, Plaintiff would see the merit to a temporary discovery stay. But because a stay would reduce putative settlement leverage, Plaintiff's counsel refuses any compromise. A temporary stay should be entered pending resolution of the clearly meritorious Motion to Dismiss.

## ARGUMENT

### 1. The Court Should Grant a Temporary Stay of Discovery Pending Resolution of the Passes Defendants' Clearly Meritorious Motion to Dismiss.

Good cause to stay discovery exists because a "preliminary peek" at the Motion to Dismiss demonstrates an "immediate and clear possibility" that the Court will grant the Motion to Dismiss and dismiss all counts against the Passes Defendants. *Gaffney v. Rives*, 2023 WL 1797271, at *2 (M.D. Fla. Feb. 7, 2023); *see* Mot. at 6-8. Nothing in the Opposition justifies rushing into discovery while the Passes Defendants' clearly meritorious Motion to Dismiss is pending.

***Venue.*** Arguing that improper venue does not justify staying discovery, the Opposition (at 8) relies on inapposite authority concerning ***the wrong statutory provision***—the cases on which the Opposition relies address motions to ***transfer*** venue under 28 U.S.C. § 1404, not motions to ***dismiss*** for improper venue under 28 U.S.C. § 1406. *MindbaseHQ LLC v. Google LLC*, No. 20-cv-24742-BB, ECF No. 25 (S.D. Fla. Jan. 25, 2021) (moving to transfer venue under 28 U.S.C. § 1404(a)); *see HNA LH OD, LLC v. Loc. House Int'l, Inc.*, 2021 WL 2767080, at *2 (S.D. Fla. July 2, 2021) (in contrast to a motion to dismiss for improper venue, "the resolution of a motion to ***transfer*** venue would not be case dispositive or avoid the need to engage in discovery" (emphasis added)). The authority on which Plaintiff relies is plainly distinguishable. In *HNA*, the defendants "agreed to produce pertinent discovery" in a related pending litigation in New York state court and agreed "that this discovery is directly relevant to the claims raised in" the Florida federal litigation, so a stay of discovery pending resolution of defendants' motion to transfer venue was unnecessary because "even if the Court transfers this action to New York, the discovery at issue will nonetheless be produced." 2021 WL 2767080, at *2. But here, there is no related litigation in any other court, and, if the Court concludes that venue does not lie in this District, it

can (and should) dismiss the case.[1] *See* 28 U.S.C. § 1406(a). And even if the Court were to elect to transfer rather than dismiss the case, the transferee court would need to supervise discovery—another reason counselling in favor of a stay.

***Section 230.*** Consistent with "[t]he majority of federal circuits," the Eleventh Circuit has "interpreted the CDA to establish broad 'federal immunity ***to any cause of action*** that would make service providers liable for information originating with a third-party user of the service.'" *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1321 (11th Cir. 2006) (emphasis added); *see Doe ex rel. Doe v. Grindr, LLC*, 2023 WL 7053471, at *2 (M.D. Fla. Oct. 26, 2023). The Opposition cites no authority holding otherwise, and its vague innuendo (at 9) that Section 230 provides only immunity from liability fails. And contrary to the Opposition's suggestion (at 9) that Section 230 immunity "is not the proper subject of a Rule 12(b)(6) motion to dismiss," courts in this Circuit regularly dismiss claims where, as here, it is clear from the face of the complaint that Section 230 bars the claims. *E.g.*, *McCall v. Zotos*, 2023 WL 3946827, at *3 (11th Cir. June 12, 2023) (per curiam) (affirming dismissal under Section 230); *M.H. v. Omegle.com, LLC*, 2022 WL 93575, at *5-6 (M.D. Fla. Jan. 10, 2022), *aff'd sub nom. M.H. ex rel. C.H. v. Omegle.com LLC*, 122 F.4th 1266 (11th Cir. 2024); *Doe v. Fenix Int'l, Ltd.*, 2025 WL 336741, at *3-4, 8 (S.D. Fla. Jan. 30, 2025), *appeal filed sub nom. Doe v. Romelus, et al.*, No. 25-10669 (11th Cir); *Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1242, 1250-51 (S.D. Fla. 2020).

The Opposition next flatly asserts (at 9) that "factual issues" preclude a ruling on the Passes Defendants' Section 230 immunity defense without identifying even one supposed "factual

[1] The fact that Plaintiff intends to re-file this case in the correct district if it is dismissed does not change the analysis. Were the rule to be otherwise, plaintiffs could—as Plaintiff appears to be doing here—intentionally file half-baked complaints in the wrong districts, engage in fishing expeditions to try and cure pleading deficiencies, and file new complaints in the correct district after the benefit of extensive discovery. That is not the law.

issue,"[2] simply rehashing (at 10) the same conclusory allegations relied upon in the Motion to Dismiss Opposition. Even if these allegations were well-pled (they are not, *see* Mot. to Dismiss at 6-8), they challenge conduct protected by Section 230 as a matter of law. *See id.* at 12-14; Mot. to Dismiss Reply at 4-7.

The Opposition's brand-new argument (at 9-10) that the Passes Defendants are not immune under Section 230 because of the alleged conduct of the Passes Defendants' purported "agents" also fails because Plaintiff's Motion to Dismiss Opposition argued the exact opposite: citing only the alleged conduct of Guo and Passes allegedly identifying the material uploaded to Plaintiff's account as CSAM, Plaintiff argued that Section 230 immunity is inapplicable because "Plaintiff seeks to hold the Passes Defendants accountable for ***their*** acts and practices."[3] Mot. to Dismiss Opp. at 12. At any rate, as explained in the Motion to Dismiss, (i) the Complaint does not plead a vicarious liability theory; (ii) the Complaint does not come close to alleging that Celestin and

[2] The Opposition's authority for the proposition that the Passes Defendants' Section 230 defense is not clearly meritorious rings hollow. In *CE-1709 Midland Trail Shelbyville KY, LLC v. Redstone, LLC*, the court denied a motion to stay discovery filed before plaintiffs opposed the motion to dismiss because it could not "preemptively evaluate" defendants' arguments before the motion was fully briefed. 2022 WL 22839794, at *6 (S.D. Fla. Nov. 18, 2022). But here, the Motion to Dismiss is fully briefed. And in *FTC v. AccuSearch, Inc.*, a District of Wyoming case where defendants allegedly provided "details of incoming and outgoing telephone calls from any phone number in the world," plaintiff "raise[d] legitimate issues" as to defendants' Section 230 immunity because defendants were "not publishers or communicators of information provided by another information content provider." 2007 WL 9717829, at *1-2 (D. Wyo. Jan. 3, 2007). But here, the Complaint seeks to hold the Passes Defendants liable for publishing information provided by third parties. Mot. to Dismiss at 11-14.

[3] Plaintiff's ever-shifting theory of vicarious liability only counsels further in favor of a stay. The Complaint gestured at, but did not allege, a theory of vicarious liability. Then, the Opposition to the Motion to Dismiss argued that the Complaint stated a claim against the Passes Defendants under both vicarious and, for the first time, secondary theories of liability, but explicitly stated that the availability of Section 230 immunity turned only on the conduct of Guo and Passes. Mot. to Dismiss Opp. at 12. Now, the Opposition contends that Celestin and Ginoza's conduct *is* relevant to the Passes Defendants' Section 230 immunity. A stay of discovery pending resolution of the Motion to Dismiss would thus conserve the Passes Defendants' resources while awaiting much-needed clarity as to what, if any, theories of liability Plaintiff may proceed upon.

Ginoza were the Passes Defendants' agents; and (iii) even if the Complaint had pled a vicarious liability theory or alleged that Celestin and Ginoza were the Passes Defendants' agents, it does not allege that Celestin and Ginoza acted within the scope of any purported agency relationship while engaging in the alleged misconduct. *See* Mot. to Dismiss at 14-16.

The Opposition also wrongly asserts (at 11) that it is "doubtful that the pleading will be dismissed with prejudice" on Section 230 grounds. But courts in this Circuit regularly dismiss complaints with prejudice on Section 230 grounds, and the Court should do the same here. *E.g.*, *L.H. v. Marriott International, Inc.*, 604 F. Supp. 3d 1346, 1367 (S.D. Fl. 2022) (dismissing with prejudice "based on [defendant's] immunity under § 230"); *Rodriguez v. OfferUp, Inc.*, 2019 WL 13247290, at *4 (M.D. Fla. Aug. 29, 2019) (dismissing with prejudice because a plaintiff may not sue "the interactive computer service that enabled [third parties] to publish . . . content online"); *Couture v. Noshirvan*, 2023 WL 8280955, at *2 (M.D. Fla. Nov. 30, 2023) (dismissing with prejudice claims "bar[red]" by Section 230).

***Failure to State a Claim.*** Beyond venue and Section 230 immunity, the Complaint's failure to state any claims against the Passes Defendants is another reason the Court should stay discovery pending resolution of the Passes Defendants' Motion to Dismiss. *See Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 749 (11th Cir. 2013) (discovery is "not a device to enable a plaintiff to make a case when his complaint has failed to state a claim"). Trying to avoid this result, the Opposition (at 11-12) asserts, citing no authority, that even if the Passes Defendants are dismissed from the case, "any discovery obtained from Passes will be relevant to the claims against" the other defendants. But the possibility of taking much more narrowly tailored *third party* discovery from the Passes Defendants (once dismissed) cannot justify rushing into burdensome and expensive party discovery against the Passes Defendants (who should never have

been named as parties in the first place). *See Skuraskis v. NationsBenefits Holdings, LLC,* 717 F. Supp. 3d 1221, 1231 (S.D. Fla. 2023) ("Accordingly, even if the Motion to Dismiss were granted in part, such a grant would substantially impact the viability of claims against one or more Defendants and drastically alter the scope of discovery.").

The Opposition (at 12) also tries, yet again, to manufacture "factual disputes" to argue that the Motion to Dismiss is not meritorious. No such factual disputes exist—the Motion to Dismiss facially challenges the legal sufficiency of the claims against the Passes Defendants. *See* Mot. to Dismiss at 17-19. And neither the Opposition nor Plaintiff's Motion to Dismiss Opposition identifies a single well-pled allegation claiming that the Passes Defendants knowingly possessed or accessed the material or knowingly used Plaintiff in the production of CSAM.[4]

The Opposition (at 12) notes that Plaintiff sought leave to amend her Complaint. But "the mere filing of a complaint 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" *Elting v. Lassiter*, 2023 WL 8699454, at *8 n.3 (S.D.N.Y. Dec. 14, 2023); *see United States v. Cuya*, 964 F.3d 969, 973 (11th Cir. 2020) ("[I]n civil cases generally, a party is not entitled to discovery before an action is brought—indeed, he may not seek discovery until after he has not only filed a complaint, but a well-pleaded one."); *Inman*, 517 F. App'x at 749 (finding "no merit" in plaintiff's argument "that it was entitled to discovery to assist it" in "adequately plead[ing] a claim for relief"). And the opposition does not set forth any new facts or allegations that would be included in the putative amendment that could possibly cure the numerous, fatal legal deficiencies. Other than its vague assertion (at 12) that "any discovery obtained will likely be relevant to the issues raised in the Motion to Dismiss," the Opposition

[4] In fact, Plaintiff's Motion to Dismiss Opposition relegated the assertion that the Complaint states a claim under section 847.012 of the Florida Statutes to a footnote. Mot. to Dismiss Opp. at 8 n.4.

"identifies no specific factual issues in need of exploration at this juncture," *Rokit World, Inc. v. Williams Grand Prix Eng'g, Ltd.*, 2025 WL 1222467, at *3 (M.D. Fla. Apr. 28, 2025) ("[D]iscovery should be stayed in cases where there is no factual issue in need of 'immediate exploration'").

**2. The Balance of Hardships Weighs In Favor of Staying Discovery.**

The balance of hardships also weighs in favor of granting a temporary stay here: Proceeding with discovery will greatly burden the Passes Defendants, and a temporary discovery stay will not prejudice Plaintiff. *See* Mot. at 10-12. The Opposition's piecemeal pot shots to the contrary fall short.

*First*, mischaracterizing the Passes Defendants' argument, the Opposition (at 13) purports that the Passes Defendants "challenge the scope of Plaintiff's discovery demands." The Passes Defendants are not seeking a discovery stay because of Plaintiff's overbroad discovery requests (although they are overbroad and unduly burdensome); the Passes Defendants are seeking a discovery stay because, among other reasons, there is an "immediate and clear possibility . . . that the Court will dismiss some . . . of Plaintiff's claims"—including the Complaint's purported vicarious liability theory and class action allegations—and thus a ruling on the Motion to Dismiss may "at a minimum, streamline the discovery process." *Gaffney*, 2023 WL 1797271, at *2; *see also* Mot. at 9-10. The Opposition does not address the Passes Defendants' argument.

*Second*, the Opposition half-heartedly argues (at 14) that Plaintiff would be prejudiced by a short discovery stay, waiving at Plaintiff's unilateral ***proposal*** that fact discovery be "completed" by November 2025 (which the Opposition admits has not yet been ordered by the Court), purporting that a temporary stay could present some unspecified "risk" to Plaintiff's ***proposed***

schedule that does not govern this case.[5] The Opposition does not articulate any other prejudice. Nor could it. This case is at an early stage; Defendant Ginoza's responsive pleading is not due until August 18, 2025; the Court has not yet entered a case management order; Plaintiff has not alleged any ongoing harm; Plaintiff has not identified any concerns about the preservation of evidence; and Plaintiff will have ample opportunity to conduct discovery pending resolution of the Motion to Dismiss. *See Rokit*, 2025 WL 1222467, at *2 (staying discovery where "it does not appear that discovery would affect case management" because "[t]he Court has yet to enter a case management and scheduling order"); *Skuraskis*, 717 F. Supp. 3d at 1231 (finding a temporary stay did not prejudice plaintiffs where plaintiffs did not allege ongoing harm); *Neal v. Atlas Acquisitions, LLC*, 2015 WL 12841062, at *2 (M.D. Fla. Feb. 24, 2015) ("[Plaintiff] has presented no staleness or destruction concerns that would counsel against a stay, and none are apparent. Under those circumstances, a stay is appropriate."); Mot. at 11-12.

*Third*, the Opposition quibbles (at 13) that the Passes Defendants do not "quantify the supposed burden [of discovery], either in terms of volume of data, time, or money." But that is not the law, and Plaintiff does not cite to any authority supporting such a requirement. Instead, the Passes Defendants bear the burden of demonstrating the "necessity, appropriateness, and reasonableness" of a stay. *Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012). Plaintiff has propounded nearly 100 burdensome document requests and interrogatories seeking wide-ranging (and often irrelevant) sensitive personal and business information that will require the Passes Defendants to expend significant resources. *See* Mot. at 10-11. Given the

[5] Plaintiff's proposed discovery schedule is also wildly unrealistic. Only one other defendant has even appeared in the case, and her responsive pleading is not due for more than two weeks. And if Ginoza moves to dismiss the complaint, that motion will not be fully briefed until mid-September.

breadth and scope of these discovery requests, the burden is self-evident: as drafted, the requests would likely seek production of hundreds of thousands of irrelevant documents and cause the Passes Defendants to incur hundreds of thousands, if not millions, of dollars in expenses and attorney time. Thus, the Opposition (at 14) does not dispute that Plaintiff's discovery requests will be costly and burdensome but instead characterizes such expenditures as merely "ordinary." Given that the Opposition cannot articulate any prejudice to Plaintiff that would result in a stay, the balance of hardships clearly weighs in favor of staying discovery. *Id.*; *see also Sykora v. Brennan*, 2015 WL 12857090, at *1 (M.D. Fla. Dec. 22, 2015) ("Weighing the harm of delaying discovery against the possibility that the need for discovery may be eliminated, ***and taking into consideration the likely costs and burdens of discovery***, the undersigned finds that a stay of discovery is appropriate.") (emphasis added).

## CONCLUSION

The Court should stay discovery pending a ruling on the Passes Defendants' Motion to Dismiss for the reasons stated in the Motion and herein.

Dated: August 1, 2025

Respectfully submitted,

/s/ Brian W. Toth
Brian W. Toth
Florida Bar No. 57708
Freddy Funes
Florida Bar No. 87932
Ingraham Building
25 Southeast Second Avenue, Suite 805
Miami, Florida 33131
(305) 717-7850
btoth@tothfunes.com
ffunes@tothfunes.com

*Counsel for Defendants Passes, Inc. and Lucy Guo*

Rollo C. Baker, IV (admitted *pro hac vice*)
Vivek Tata (admitted *pro hac vice*)
Alexander S. Davis (admitted *pro hac vice*)
Chase J. Shelton (admitted *pro hac vice*)
Elsberg Baker & Maruri, PLLC
1 Penn Plaza
New York, NY 100119
Tel: (212) 597-2602
rbaker@elsberglaw.com
vtata@elsberglaw.com
adavis@elsberglaw.com
cshelton@elsberglaw.com

*Counsel for Defendants Passes, Inc. and Lucy Guo*