# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

ALICE ROSENBLUM, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.

PASSES, INC., a Delaware Corporation,
NOFHOTOS GROUP LLC, a California
Limited Liability Company, WLM
MANAGEMENT LLC, a California Limited
Liability Company, LUCY GUO, ALEC
CELESTIN, and LANI GINOZA,

    Defendants.

_____/

CASE NO.: 1:25-cv-20899-JEM

## DEFENDANT LANI GINOZA'S MOTION FOR MORE DEFINITIVE STATEMENT; AND MOTION TO STRIKE PUTATIVE CLASS ACTION ALLEGATIONS

Defendant Lani Ginoza ("Ginoza" or "Defendant"), by and through undersigned counsel, respectfully moves this Court for entry of an Order (i) requiring Plaintiff to provide a more definite statement pursuant to Rule 12(e), and (ii) striking Plaintiff's putative class action allegations pursuant to Rules 12(f) and 23, and states in support as follows:

### INTRODUCTION

Plaintiff's Complaint against Defendant Lani Ginoza is defective on multiple, independent grounds. First, the Complaint is a "shotgun pleading." By indiscriminately incorporating every preceding allegation into each count and lumping all "Defendants" together without identifying the specific conduct attributable to Ginoza, Plaintiff deprives her of fair notice of the claims asserted and forces the Court to guess at the factual basis for each cause of action. Furthermore, Plaintiff's class allegations fail at the pleading stage. The Complaint does not plausibly plead the

prerequisites of Rule 23, offering only vague, conclusory references to numerosity, typicality, adequacy, and commonality that are unsupported by factual allegations.

**ARGUMENT**

**I.     The Complaint Constitutes an Impermissible Shotgun Pleading and Requires a More Definite Statement**

A plaintiff's failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and identify claims with sufficient clarity to enable the defendant to frame a responsive pleading, constitutes a "shotgun pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001); *BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1322, 1327 n. 6 (11th Cir. 1998). The 11th Circuit has "roundly, repeatedly, and consistently condemn[ed]" the very type of pleading that Plaintiff has filed in this case. *Davis*, 516 F.3d at 979 (holding that the 11th Circuit has "explicitly condemned shotgun pleadings upward of fifty times ... since 1985")(citing *United States ex el. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006)); *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1156 n.1 (11th Cir. 2006); *Ambrosia Coal and Constr. Co. v. Morales*, 368 F.3d 1320, 1330 n.22, 95 Fed. Appx. 1320 (11th Cir. 2004); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 nn.9-10 (11th Cir. 2002); *Byrne v. Nezhat*, 261 F.3d 1075, 1128-34 (11th Cir. 2001). *Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001); *BMC Indus., Inc. v. Barth Indus.*, Inc., 160 F.3d 1322, 1326-27 n.6 (11th Cir. 1998); *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1368 (11th Cir. 1998); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162 passim (11th Cir. 1997); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-367 (11th Cir. 1996); *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1567 (11th Cir. 1995); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *Oladeinde v. City of Birmingham*,

963 F.2d 1481, 1483-84 (11th Cir. 1992); *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991); *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543-44 n.14 (11th Cir. 1986) (Tjoflat, J., dissenting)). "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *LampkinAsam v. Volusia Cnty. Sch. Bd.,* 261 F. App'x 274, 277 (11th Cir. 2008).

The Eleventh Circuit has identified four categories of shotgun pleadings. Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The most common is where each count adopts the allegations of all preceding counts, thereby making the last count a combination of the entire complaint. Id. at 1321. That is precisely what Plaintiff has done here. At the outset of each cause of action, Plaintiff expressly states: "Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth and brought in this cause of action." (Compl. ¶¶ 119, 126, 133).

By using this formula, each successive count in the Complaint absorbs all that came before it. For example, Count III (transmission of material harmful to minors) incorporates Counts I and II, rendering the final count a conglomeration of the entire pleading. This shotgun structure makes it impossible to discern which factual allegations are intended to support which particular cause of action.

Moreover, the Complaint also falls into the other recognized shotgun category of "asserting multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission." Id. at 1323; see also Magluta v. Samples, 256 F.3d 1282, 1284–85 (11th Cir. 2001). The counts are pled against "Defendants" collectively and contain no factual

allegations directed specifically at Ginoza. This undifferentiated group pleading deprives her of fair notice of the claims against her and the grounds upon which they rest.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. When faced with a shotgun pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. See Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), abrogated on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." PVC Windows, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." Id. (citation omitted).

Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief. Rule 12(e) is properly invoked in such cases, where the allegations are so extensive and jumbled that the defendant cannot be expected to sort out what is being alleged or against whom. See FED. R. CIV. P. 12(e); Byrne, 261 F.3d at 1133. As the Supreme Court made clear long ago, a pleader must at minimum provide the opponent with "fair notice of what [the] claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The Eleventh Circuit has reiterated that "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to

administer justice." Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366–67 (11th Cir. 1996).

Here, Plaintiff's failure to differentiate among defendants and to allege specific facts as to Ginoza's own conduct violates these pleading requirements and warrants dismissal. The defects appear in each count. Count I, alleging receipt, distribution, and possession of child pornography in violation of 18 U.S.C. §§ 2252 and 2252A, is brought against "Plaintiff and the Class Against All Defendants" and contains no description of any act taken personally by Ginoza that would constitute receipt, distribution, or possession. Instead, the pleading relies entirely on collective allegations that "Defendants" engaged in such conduct, leaving it impossible to discern whether the claim is based on direct action by Ginoza, indirect action through others, or mere association with other defendants. Count II, alleging a violation of Fla. Stat. § 847.012, repeats the same pattern. It is asserted against all defendants in the aggregate, without any specific communication, transaction, or act by Ginoza that would satisfy the statutory elements. The Complaint does not allege that she possessed the alleged material or that she took any steps to distribute or transmit it. Count III, alleging transmission of material harmful to minors under Fla. Stat. § 847.0138 and directed nominally at only Celestin and Ginoza, still fails to allege any individualized conduct. Although it incorporates all prior paragraphs—most of which refer only to "Defendants" collectively—it offers no date, method, recipient, or specific content that Ginoza allegedly transmitted.

This approach is precisely what the Eleventh Circuit prohibits. By failing to distinguish among defendants and by relying solely on collective references, the Complaint deprives Ginoza of the ability to understand the factual basis of the claims against her and to prepare an adequate defense. That prejudice is heightened here, where the claims carry grave reputational and statutory

consequences. This form of pleading is exactly the type repeatedly condemned by the Eleventh Circuit and the Court should enter an order requiring a more definite statement.

### II. Plaintiff's Class Allegations Fail on the Face of the Complaint and Should Be Stricken[1]

The Court should strike the putative class action allegations from the Complaint pursuant to Federal Rules of Civil Procedure 12(f), 23(c)(1), and 23(d)(1)(D)[2] Rule 23(d)(1)(D) permits a court to "require that the pleadings be amended to eliminate allegations about representation of absent persons." Under Rule 23 and Rule 12(f), courts have discretion to strike class allegations if "the propriety of a class action procedure is plain from the initial pleadings." *Vandenbrink*, 2012 WL 3156596, at *3; *see also Elson v. Black*, 56 F.4th 1002, 1006 (5th Cir. 2023) (striking class allegations where "plaintiffs do not complain about the same alleged" misconduct); *Stearns v. Select Comfort Retail Corp.*, 2009 WL 4723366, at *14 (N.D. Cal. Dec. 4, 2009) ("[I]t is procedurally proper to strike futile class claims at the outset of litigation to preserve time and resources.").

The Complaint fails to plausibly plead the prerequisites of Rule 23(a) and (b). Rule 23(a) requires that a plaintiff show: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. See *Prado–Steiman v. Bush*, 221 F.3d 1266, 1278 (11th Cir.2000).

### A. Plaintiff Fails to Plead Any Facts Showing Adequacy Under Rule 23(a)(4)

---

[1] Defendant Lani Ginoza also joins in and adopts by reference the class action argument advanced in Defendants Passes, et al.'s Motion to Dismiss [D.E. 21]. Ginoza incorporates that argument herein and further states, as elaborated below, that the Complaint fails to satisfy Rule 23 for additional reasons specific to her circumstances.

[2] Alternatively, the Court should dismiss Plaintiff's class allegations under Rule 12(b)(6). Some courts in this Circuit have stated that the proper procedure is to file a "motion to strike/dismiss or deny class allegations." *E.g.*, *Lawson v. Life of the S. Ins. Co.*, 286 F.R.D. 689, 695 (M.D. Ga. 2012). Whatever the mechanism, the standard of review is the same: "the issues [must be] . . . plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Id.* Under that standard, the class allegations fail.

Rule 23(a)(4) requires that "the named representatives will be able to represent the interests of the class adequately and fairly." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1188 (11th Cir. 2003) (quoting Fed. R. Civ. P. 23(a)(4)). This inquiry has two components: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action. *Id.* at 1189 (citing *Phillips v. Klassen*, 502 F.2d 362, 365 (D.C. Cir. 1974); *In re HealthSouth Corp. Sec. Litig.*, 213 F.R.D. 447, 460–61 (N.D. Ala. 2003)). The proponent of the class bears the burden of pleading facts to establish adequacy. *Id.* at 1188 (citing *Jones v. Diamond*, 519 F.2d 1090, 1099 (5th Cir. 1975)).

The Complaint contains no such facts. It is silent as to whether Plaintiff's interests are aligned with those of the class, whether no substantial conflicts exist, and whether she and her counsel have the resources and commitment to vigorously prosecute the claims on behalf of all members. Instead, Plaintiff merely recites a proposed class definition (Compl. ¶ 153) without addressing the adequacy element at all.

This omission is fatal. As *Valley Drug* explains, courts have an "independent obligation" to determine whether Rule 23(a)(4) is met, even if defendants do not challenge it. *Id.* (quoting *Martinez–Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 n.37 (11th Cir. 2003)). Adequacy is not satisfied where a "fundamental" conflict exists — for example, when "a class cannot be certified when its members have opposing interests or when it consists of members who benefit from the same acts alleged to be harmful to other members of the class." *Id.* at 1189 (citing *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1280 (11th Cir. 2000)). Because Plaintiff has not pleaded any facts to show the absence of such conflicts or her ability to vigorously prosecute the action, the class allegations should be dismissed.

### B. Plaintiff Fails to Plausibly Plead Numerosity

Rule 23(a)(1) requires a showing that "the class is so numerous that joinder of all members is impracticable." Mere allegations of numerosity are insufficient; the proponent of the class must make "some showing, affording the district court the means to make a supported factual finding, that the class actually certified meets the numerosity requirement." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983)).

In *Vega*, the Eleventh Circuit vacated a numerosity finding where the plaintiff relied on nationwide employment figures to support a Florida-only class, holding that "the district court's inference of numerosity for a Florida-only class without the aid of a shred of [Florida-specific] evidence was an exercise in sheer speculation." *Id.* at 1268. Even if the defendant was a large company, the court stressed that "a plaintiff still bears the burden of establishing every element of Rule 23," and "a district court's factual findings must find support in the evidence before it." *Id.*

Here, Plaintiff alleges numerosity based only on the assertion that Passes "has at least 1,000 creators" and "allowed minors between 15 and 17 years old to join" between certain dates. (Compl. ¶ 154). These are platform-wide statistics untethered to the actual class definition. Plaintiff does not allege, let alone offer evidence, as to how many putative class members meet the precise definition pled, i.e., individuals in the defined age range who joined during the relevant period and otherwise fall within the class criteria.

As in *Vega*, such generalized, company-wide figures "might be tempting to assume" are sufficient to meet the "generally low hurdle" of Rule 23(a)(1), but they fail because they are not specific to the certified class. *Id.* at 1268. Plaintiff's reliance on broad numbers, without a factual

showing tied to the proposed class parameters, is speculation and cannot satisfy the numerosity requirement.

### C. Plaintiff Fails to Plausibly Plead Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." *Fed. R. Civ. P.* 23(a)(3). Typicality exists only where the class representative "possess[es] the same interest and suffer[s] the same injury" as the class, and where a "sufficient nexus" exists between her claims and those of the class at large. *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008); *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001). As the Eleventh Circuit explained in *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009), typicality is lacking where the named plaintiff's claims turn on unique facts or individualized circumstances not shared by the class.

That is exactly the case here. Plaintiff's claims against Ginoza are based on a single alleged victim, a discrete set of events, and particularized circumstances involving an alleged override of content controls. The Complaint contains no allegation that all putative class members were subject to the same conduct by Ginoza, or that their claims arise from the same factual basis. As in *Vega*, the absence of a unifying factual predicate means the Court would have to engage in individualized inquiries for each class member, examining who uploaded the content, whether it involved that person, what actions were taken, and under what circumstances. See *Vega*, 564 F.3d at 1276–77; *Moore v. Am. Fed'n of Television & Radio Artists*, 216 F.3d 1236, 1241–42 (11th Cir. 2000).

Because Plaintiff's allegations are not representative of the factual scenarios of other putative class members, she does not "share the same interest" or "suffer the same injury" as the

class. The typicality requirement is therefore not met, and the class allegations should be dismissed.

### D. Plaintiff Fails to Satisfy Commonality and Predominance Requirements

To maintain a class action, Plaintiff must satisfy Rule 23(a)'s commonality requirement and Rule 23(b)(3)'s predominance requirement. (invoking Rule 23(b)(3)). The Complaint makes individualized allegations about a single alleged victim, who was allegedly exploited by two individuals, including Ginoza, based on specific and individualized factual circumstances. Plaintiff's claims require "individual factual inquiries," so "it is apparent" from the Complaint that "individualized issues are predominant and this suit cannot proceed as a class action." *Vandenbrink*, 2012 WL 3156596, at *3; see *Saunders v. BellSouth Advert. & Pub. Corp.*, 1998 WL 1051961, at *2 (S.D. Fla. Nov. 10, 1998) (dismissing class allegations on the pleadings where certification would "require distinctly case-specific inquiries into the facts surrounding each alleged incident").

## CONCLUSION

For the foregoing reasons, the Court should require Plaintiff to file a more definite statement pursuant to Rule 12(e) and strike Plaintiff's putative class allegations as improperly pled under Rule 23.

XANDER LAW GROUP, P.A.
25 S.E. 2nd Avenue, Suite 808
Miami, Florida 33131
Telephone: (305) 767-2001
matt@xanderlaw.com
service@xanderlaw.com
*Counsel for Defendant*

By: */s/ Jose J. Teurbe-Tolon*
JOSE J. TEURBE-TOLON, ESQ.
FL BAR NO. 87791
jose@xanderlaw.com
MATTHEW J. TROCCOLI, ESQ.
Fla. Bar No. 63454
matt@xanderlaw.com
ASHLEY A. NAVARRO, ESQ.
Fla. Bar No. 1058843
ashley@xanderlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August, 2025, a true and correct copy of the foregoing *Defendants' Motion for More Definitive Statement and Motion to Strike Putative Class Action Allegations* was served on was served via CM/ECF on all parties on record including Plaintiff's counsel Christopher J. Clark, Michelle Eugenia Lee, Natalia De Barros Lima and Rodney Villazor from Clark Smith Villazor LLP at clark@csvllp.com, michelle.lee@csvllp.com, natalia.lima@csvllp.com and rodney.villazor@csvllp.com, as well as Jerrell Andrew Breslin and Jonathan Noah Schwartz from Schwartz Breslin PLLC at jb@jsjb.law and js@jsjb.law, as well as Jerrell Andrew Breslin and Jonathan Noah Schwartz from Schwartz Breslin PLLC at jb@jsjb.law and js@jsjb.law, and Defendant's counsel: Alexander S. Davis at adavis@elsberglaw.com; Brian W. Toth at btoth@tothfunes.com; Chase J. Shelton at cshelton@elsberglaw.com, Freddy Funes at ffunes@tothfunes.com; Roll Baker at rbaker@elsberglaw.com; Vivek Tata at vtata@elsberglaw.com.

                                                        By: */s/ Jose J. Teurbe-Tolon*
                                                        JOSE J. TEURBE-TOLON, ESQ.
                                                        FL BAR NO. 87791