UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20899-JEM

ALICE ROSENBLUM, on behalf of herself and all others similarly situated,

              Plaintiff,

v.

PASSES, INC., a Delaware corporation, NOFHOTOS GROUP LLC, a California limited liability company, WLM MANAGEMENT LLC, a California limited liability company, LUCY GUO, an individual, ALEC CELESTIN, an individual, and LANI GINOZA, an individual,

              Defendants.

**PLAINTIFF ALICE ROSENBLUM'S FIRST MOTION TO COMPEL DEFENDANT PASSES, INC. TO RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES\***

---

\* Pursuant to the parties' election at ECF No. 29 to submit discovery motions to the Magistrate Judge, this motion is respectfully submitted to U.S. Magistrate Judge Eduardo I. Sanchez.

## **TABLE OF CONTENTS**

**BACKGROUND** ...................................................................................................................1

**ARGUMENT** .......................................................................................................................2

    **I.**    Passes cannot unilaterally grant itself a stay. .........................................................2
    **II.**   Passes should be ordered to respond to every one of Plaintiff's
           interrogatories. ......................................................................................................3
    **III.**  Passes should pay Plaintiff's fees and costs on this motion. .................................5

**CONCLUSION** ....................................................................................................................5

**LOCAL RULE 7.1(A)(3) CERTIFICATION** ..............................................................6

**CERTIFICATE OF SERVICE**. .......................................................................................7

ii

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Apple Inc. v. Eastman Kodak Co.*,
　No. CV 10-04145, 2011 WL 334669 (N.D. Cal. Feb. 1, 2011) ................................................. 3

*Clark v. Burlington N. R.R.*,
　112 F.R.D. 117 (N.D. Miss. 1986) ............................................................................................ 4

*F.T.C. v. Nationwide Connections, Inc.*,
　No. 06-80180-CIV, 2007 WL 2462015 (S.D. Fla. Aug. 27, 2007) ........................................... 4

*Ginn v. Gemini Inc.*,
　137 F.R.D. 320 (D. Nev. 1991) ................................................................................................. 4

*In re Netbank, Inc. Sec. Litig.*,
　259 F.R.D. 656 (N.D. Ga. 2009) ............................................................................................... 4

*In re ULLICO Inc. Litig.*,
　2006 WL 2398744 (D.D.C. June 30, 2006) .............................................................................. 5

*Kendall v. GES Exposition Servs., Inc.*,
　174 F.R.D. 684 (D. Nev. 1997) ................................................................................................. 4

*Norm Thompson Outfitters, Inc. v. Starcrest Prods. of Cal., Inc.*,
　No. Civ. 03-1149-H, 2004 WL 957774 (D. Or. May 4, 2004) ................................................. 5

*Omega Pats., LLC v. Fortin Auto Radio, Inc.*,
　No. 6:05-CV-1113, 2006 WL 2038534 (M.D. Fla. July 19, 2006) .......................................... 2

*Pressman v. Publix Supermarkets, Inc.*,
　2007 WL 9700560 (S.D. Fla. Oct. 1, 2007) .............................................................................. 4

*Republic of Pan v. Omega Eng'g LLC*,

   No. 24-CV-21097, 2024 WL 4554095 (S.D. Fla. Oct. 23, 2024) ................................................ 2

*Safeco of Am. v. Rawstron*,

   181 F.R.D. 441 (C.D. Cal. 1998) ............................................................................................... 5

*Supercooler Techs., Inc. v. Coca-Cola Co.*,

   No. 6:23-CV-187, 2023 WL 7411514 (M.D. Fla. Oct. 6, 2023) ................................................ 2

*Williams v. Taser Int'l, Inc.*,

   2007 WL 1630875 (N.D. Ga. June 4, 2007) ............................................................................. 4

**Rules**

Fed. R. Civ. P. 33 ................................................................................................................... 1, 3, 4

Fed. R. Civ. P. 34 ......................................................................................................................... 3

Fed. R. Civ. P. 37(d)(3) ................................................................................................................ 5

**Other Authorities**

Disc. Procs. for Mag. J. Sanchez ............................................................................................. 2, 3

This Court should compel Defendant Passes, Inc. ("Passes") to respond to Plaintiff Alice Rosenblum's first set of interrogatories (attached as Exhibit 1, with Passes' objections thereto attached as Exhibit 2). Passes improperly refused to answer *any* of the interrogatories, effectively granting itself a stay, unilaterally and without a court order, until its pending motion to dismiss is decided. Passes also baselessly insisted that, even if discovery is not stayed, it will only answer *some* of the interrogatories, wrongly claiming that Plaintiff exceeded the 25-interrogatory limit.

## BACKGROUND

Plaintiff filed this putative class action in February 2025 against Passes and several other Defendants, alleging unlawful efforts to exploit Plaintiff when she was a 17-year-old minor through child pornography posted on Passes' online platform. Passes and its CEO Lucy Guo's joint motion to dismiss the complaint remains pending, as does their motion to stay discovery. (ECF Nos. 12, 48.) On July 31, Plaintiff moved to compel Passes and Guo to produce documents in response to Plaintiff's first request for production, which also remains pending. (ECF No. 50.)

Plaintiff served the interrogatories at issue on June 16 (Ex. 1), and Passes served their responses and objections on July 16 (Ex. 2.). Among other objections, Passes asserted that the interrogatories were "premature" because Passes and Guo "have sought a stay of discovery" and "will not respond to these Interrogatories unless and until discovery in this Action commences." (*Id.* at 2; *see also id.* at 6-21 (specifically objecting to each interrogatory as premature).) Passes also objected in their General Objections that "multiple specific Interrogatories contain discrete subparts such that the Interrogatories exceed the 25-interrogatory limit under the Applicable Rules." (*Id.* at 4 (citing FRCP 33 advisory committee's note to 1993 amendment)).

Plaintiff's counsel organized a meet and confer, held by Zoom on August 6, 2025. Counsel for Passes represented that their primary objection to answering any interrogatories was their continued belief that they were not obligated to participate in discovery during the

pendency of their motion to stay. And while Passes represented that they would respond to the Plaintiff's interrogatories if compelled to do so (or if discovery otherwise proceeds), they would only respond to the "first 25" interrogatories, based on their assessment of the number of interrogatories that contained "discrete subparts."[1] Thus, Passes stated, while they were willing to respond to Plaintiff's interrogatories (proving that the "specific" objections Passes made to those interrogatories were meaningless), they would not respond to all of them—without specifying which, or how many, they were willing to respond to.

Pursuant to Local Rule 26.1(g)(2)(C), the parties stipulated to extend Plaintiff's deadline to move to compel with respect to the interrogatories from August 13 to August 20. (Ex. 3.)

## ARGUMENT

### I.  Passes cannot unilaterally grant itself a stay.

As explained in Plaintiff's motion to compel Passes and Guo to produce documents (ECF No. 50), a party "may not unilaterally decide that it does not have an obligation to respond to discovery requests and produce responsive documents." *Supercooler Techs., Inc. v. Coca-Cola Co.*, No. 6:23-CV-187, 2023 WL 7411514, at *1 (M.D. Fla. Oct. 6, 2023). The fact that Passes and Guo's motion to stay is pending changes nothing; "if a Motion to Stay Discovery is filed, parties must continue to comply with their discovery obligations unless and until that Motion to Stay is granted." *Republic of Pan v. Omega Eng'g LLC*, No. 24-CV-21097, 2024 WL 4554095, at *2 (S.D. Fla. Oct. 23, 2024); *see also Omega Pats., LLC v. Fortin Auto Radio, Inc.*, No. 6:05-CV-1113, 2006 WL 2038534, at *2 (M.D. Fla. July 19, 2006) ("[N]owhere in the rules is a motion to stay discovery [] self-executing."). "[U]nless and until it is granted a stay," Passes

---

[1] Passes also claimed its laundry list of general objections complied with this Court's Discovery Procedures, including their prohibition on "nonspecific, boilerplate objections," U.S. Dist. Ct. S. Dist. of Fla., Disc. Procs. for Mag. J. Sanchez, at 2, but provided little explanation in support.

2

"should be required to conduct discovery as if no motion had been filed at all." *Apple Inc. v. Eastman Kodak Co.*, No. CV 10-04145, 2011 WL 334669, at *2 (N.D. Cal. Feb. 1, 2011).

## II.   Passes should be ordered to respond to every one of Plaintiff's interrogatories.

Each of Plaintiff's 22 interrogatories requests information relevant to Plaintiff's allegations and proportional to the needs of the case. Plaintiff's interrogatories fall comfortably within the presumptive 25-interrogatory limit under Federal Rule of Civil Procedure ("FRCP") 33(a)(1). Passes' objection to the number of interrogatories is improper for two distinct reasons.

*First*, Passes improperly raised the issue as a "general objection" without tying it to any specific interrogatory. As clearly laid out both in the Southern District of Florida's Local Rules and this Court's Discovery Procedures, "[t]he parties shall not make nonspecific, boilerplate objections." U.S. Dist. Ct. S. Dist. of Fla., Disc. Procs. for Mag. J. Sanchez, at 2-3 (citing S.D. Fla. L.R. 26.1(e)(2)(A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under [FRCP] 34, the objection shall state with specificity all grounds."). Accordingly, "General Objections that are not tied to a particular discovery request . . . are meaningless and will be found meritless by the Court." *Id.* at 3.

The wisdom of this approach is apparent from the circumstances here. Passes, by asserting only that some number of interrogatories contain discrete subparts, has made it impossible for Plaintiff to determine which, and how many, interrogatories Passes does intend to answer. Passes states only that "multiple specific Interrogatories contain discrete subparts such that the Interrogatories exceed the 25-interrogatory limit under the Applicable Rules." (Ex. 2 at 4.) By Plaintiff's count, interrogatories 1, 2, 6, and 15 contain subparts, but Passes did not specifically object to any of those four, or any others, on the basis that those subparts were discrete. It is not at all clear, then, whether Passes finds all four objectionable or only a subset (or others), or whether they find each subpart to be discrete or only some. Absent such clarity, the

3

parties were unable to confer in good faith to try to resolve the issue without having to resort to motion practice. In short, Passes' vague, generalized objection flouts this Court's rules and has added needless confusion and expense to what should have been a straightforward discovery dispute. It should be found meritless for that reason alone.

*Second*, even assuming Passes objection to the number of interrogatories was properly raised, it is also substantively deficient. When considering whether an interrogatory contains discrete subparts, courts will "use[] a related question test' to determine whether the various subparts of plaintiffs' interrogatories were discrete and in violation of Rule 33. [] This test asks 'whether the particular subparts are logically or factually subsumed within and necessarily related to the primary question." *In re Netbank, Inc. Sec. Litig.*, 259 F.R.D. 656, 679 (N.D. Ga. 2009) (finding that subparts within interrogatory logically fell within the primary question raised) (quoting *Williams v. Taser Int'l, Inc.*, 2007 WL 1630875, at *2 (N.D. Ga. June 4, 2007) (finding same)); *see also Ginn v. Gemini Inc.*, 137 F.R.D. 320, 321 (D. Nev. 1991) ("[A]n interrogatory is to be counted as but a single question . . ., even though it may call for an answer containing several separate bits of information, if there is a direct relationship between the various bits of information called for" (quoting *Clark v. Burlington N. R.R.*, 112 F.R.D. 117, 118 (N.D. Miss. 1986))). In other words, an interrogatory does not contain discrete subparts if "the first question is primary and subsequent questions are secondary to the primary question. Or can the subsequent question stand alone? Is it independent of the first question?" *Pressman v. Publix Supermarkets, Inc.*, 2007 WL 9700560, at *8 (S.D. Fla. Oct. 1, 2007) (quoting *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997)); *see also F.T.C. v. Nationwide Connections, Inc.*, No. 06-80180-CIV, 2007 WL 2462015, at *3 (S.D. Fla. Aug. 27, 2007) (rejecting defendant's objection that interrogatory contained numerous discrete subparts).

Here, each sub-question of the Plaintiff's interrogatories is directly related to, and "logically subsumed" within, the primary question asked. For example, interrogatory number 6 asks Passes to "[i]dentify all Persons involved with the marketing to or recruitment of minor Creators to join Passes, including, without limitation Alec Celestin, Lani Ginoza, and any affiliated entities," and then asks that Passes describe the nature of their relationship with each Person. (Ex. 1 at 8.) Such questions, in which an interrogatory seeks individuals' identities, relationship, and general responsibilities, have been found to be considered a single question, because the subparts are "directed at eliciting details concerning the common theme." *See Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 444 (C.D. Cal. 1998); *see also In re ULLICO Inc. Litig.*, 2006 WL 2398744, at *3 (D.D.C. June 30, 2006) (finding interrogatory seeking several individuals' job titles, responsibilities, and compensation over the past two years "is part of a single line of inquiry, even though several pieces of information are sought."). All other interrogatories containing subparts here are similarly directed at eliciting additional details about the primary question, and not seeking information about additional, independent topics.

### III.  Passes should pay Plaintiff's fees and costs on this motion.

The "court must" order Passes to pay Plaintiff's attorney's fees "unless the[ir] failure was substantially justified" or other factors make fee-shifting "unjust." FRCP 37(d)(3). No such factors exist; the Court "must" order fee shifting. *See Norm Thompson Outfitters, Inc. v. Starcrest Prods. of Cal., Inc.*, No. Civ. 03-1149-H, 2004 WL 957774, at *3-4 (D. Or. May 4, 2004) (ordering fee-shifting where "[e]ssentially, defendant has granted itself a stay of discovery").

## CONCLUSION

For the reasons given, the Court should grant Plaintiff's motion to compel.

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

On August 6, 2025, counsel for Plaintiff conferred, by Zoom, with counsel for Passes in a good faith effort to resolve the issues raised in this motion to compel but was unable to resolve the issues. Further detail about the conferral is provided above in the body of this motion.

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed via CM/ECF, which simultaneously effectuated service upon all counsel of record.

Date:  August 20, 2025

Respectfully submitted,

CLARK SMITH VILLAZOR LLP

*/s/ Brian T. Burns*
Christopher J. Clark, Esq.
clark@csvllp.com
(admitted *pro hac vice*)
Rodney Villazor, Esq.
rodney.villazor@csvllp.com
(admitted *pro hac vice*)
Brian T. Burns, Esq.
brian.burns@csvllp.com
(admitted *pro hac vice*)
Natalia Lima, Esq.
natalia.lima@csvllp.com
(admitted *pro hac vice*)

666 Third Avenue, 21st Floor
New York, New York 10017
(212) 377-0850


SCHWARTZ | BRESLIN PLLC

*/s/ Jonathan Noah Schwartz*
Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
E-Mail: JS@JSJB.Law; Tel.: (305) 577-4626
Schwartz Breslin PLLC
The Alfred I. DuPont Building, Ste. 700
169 E. Flagler St., Miami, FL 33131

*Attorneys for Plaintiff*