# EXHIBIT 2

CONFIDENTIAL

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALICE ROSENBLUM, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PASSES, INC., NOFHOTOS GROUP LLC, WLM MANAGEMENT LLC, LUCY GUO, ALEC CELESTIN, and LANI GINOZA, <br><br> Defendants. | Civ. Action No. 1:25-cv-20899-JEM |

## DEFENDANT PASSES INC.'S OBJECTIONS TO PLAINTIFF ALICE ROSENBLUM'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Rule 26.1 of the Local Rules for the United States District Court for the Southern District of Florida ("Local Rules"), Defendant Passes, Inc. ("Passes"), by and through its undersigned attorneys, objects to Plaintiff Alice Rosenblum's First Set of Interrogatories, dated June 16, 2025 ("Interrogatories"), in the above-captioned action ("Action") as follows:

## GENERAL OBJECTIONS

1.    Passes makes the following General Objections to the Interrogatories, which form a part of Passes' response to each specific Interrogatory.  Although some or all of these General Objections may be specifically invoked in a response to an individual Interrogatory, failure to make a General Objection in response to a specific Interrogatory should not be construed as a waiver of any General Objection.  The fact that an Objection is not listed herein does not constitute a waiver of that Objection or otherwise preclude Passes from raising that Objection at a later time.

2.      Passes objects to responding to the Interrogatories at this time because they are premature.  Because venue does not lie in the Southern District of Florida, because Passes and Lucy Guo are immune from liability under Section 230 of the Communications Decency Act, and because the Complaint does not state a claim against Passes or Guo, Passes and Guo have sought a stay of discovery pending the outcome of Passes and Guo's Motion to Dismiss and will not respond to these Interrogatories unless and until discovery in this Action commences.  Passes makes these Objections to the Interrogatories solely to preserve the Objections should discovery in this Action commence.  By making these Objections, Passes does not intend to waive, and hereby reserves, any and all objections to discovery commencing before Passes and Guo's Motion to Dismiss is decided.

3.      Passes objects to each instruction, definition, or Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privileges, doctrines, immunities, laws, rules, or exemptions from disclosure.  Specific Objections on the ground of privilege or protection are provided herein for emphasis and clarity only, and the absence of a Specific Objection should not be interpreted as indicating that Passes does not object to a specific Interrogatory on the basis of any applicable privilege, doctrine, immunity, law, rule, or exemption protecting information from disclosure.  The inadvertent disclosure of any information that is subject to the attorney-client privilege, work-product doctrine, or any other privilege or immunity from discovery shall not constitute a waiver of any such privilege, immunity, claim of confidentiality or any ground for objecting to discovery with respect to such information, or the right of Passes to object to the use of any such information in this Action or elsewhere.

4.      Passes objects to the Interrogatories to the extent that each is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, or seeks the discovery of information

that is neither relevant to the claims or defenses of any party to, nor proportional to the needs of, the Action, as well as to the extent that the Interrogatories are unduly burdensome because they impose a significant burden, expense, and inconvenience on Passes that outweighs the likely benefit of the Interrogatories.

5.      Passes objects to the Interrogatories to the extent they seek or purport to require Passes to respond with information that is not in Passes' knowledge, possession, custody, or control.

6.      Passes objects to the Interrogatories to the extent they purport to expand or alter the scope of discovery or impose requirements that are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, or any order that may be entered in this Action, including any confidentiality order, protective order, case management plan, or scheduling order, or any other applicable laws or rules (the "Applicable Rules").  Passes will construe and, if necessary and at the appropriate time, respond to the Interrogatories in accordance with the Applicable Rules.

7.      Passes' Objections to the Interrogatories are made without in any way waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatories; (b) the right to object on any ground to the information disclosed in any response to the Interrogatories at any hearing or trial; or (c) the right to object on any ground at any time to a demand for further responses to the Interrogatories.

8.      Passes objects to the Interrogatories to the extent they purport to seek information reflecting trade secrets, or that is confidential, proprietary, commercially sensitive, competitively significant, or otherwise sensitive or subject to third-party rights and to any forthcoming confidentiality stipulations and orders.

9. Passes objects to the Interrogatories to the extent they seek they seek "any" or "all" pieces of information as overbroad and unduly burdensome.

10. Passes objects to the Interrogatories to the extent that they are unreasonably cumulative or duplicative.

11. Passes objects to the Interrogatories to the extent they state or suggest a conclusion as to any disputed issue of fact or law, and to the extent the Interrogatories contain any factual assumptions, implications, and explicit or implicit characterizations of facts, events, circumstances, or issues. Passes reserves all rights to contest any issue of fact and law, and nothing contained in these Objections is intended as, or shall be deemed, an admission, agreement, or acceptance of any factual or legal allegation, conclusion, characterization, or assumption in the Interrogatories.

12. Passes objects to the Interrogatories because multiple specific Interrogatories contain discrete subparts such that the Interrogatories exceed the 25-interrogatory limit under the Applicable Rules. *See* 4 Fed. R. Civ. P. 33, Advisory Committee Notes, 1993 Amendment ("Parties cannot evade this presumptive [25-interrogatory] limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects.").

13. The failure of Passes to assert a Specific Objection to any particular aspect of the Interrogatories (including, but not limited to, the Interrogatories' Definitions and Instructions) is not, and should not be construed as, an admission that responsive information or documents exist.

14. To the extent Passes responds to the Interrogatories if and when discovery in this Action commences, Passes reserves the right, but does not assume the obligation, to rely on any facts, documents, evidence, or other contentions that may develop or come to its attention at a later time and to supplement or amend these responses at any time prior to the trial in this Action. Passes further reserves the right to raise any additional objections.

4

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Passes objects to the requested time period of "January 1, 2022 through the present" as overbroad, unduly burdensome, and not proportional to the needs of the case, because Passes was not founded until April 2022, and because Plaintiff did not join Passes until August 2024.

2.      Passes objects to the definition of the terms "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it purports to include information that is not within Passes' knowledge, possession, custody, or control, including to the extent the definition purports to include unspecified "present and former parents, subsidiaries, predecessors, and successor entities, and affiliates, and each of their present and former officers, directors, partners, employees, agents, accountants, principals, attorneys, and any and all persons now or previously under their control or acting or purporting to act for or on their behalf."  To the extent Passes responds to the Interrogatories if and when discovery in this Action commences, any such responses will be based only on information in the knowledge, possession, custody, and control of Passes.

3.      Passes objects to the definition of the terms "Creator" and "Creators" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as Creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as Creators.  To the extent Passes responds to the Interrogatories if and when discovery in this Action commences, Passes will construe the terms "Creator" and "Creators" to mean individuals with Creator accounts on Passes.

4.      Passes objects to the definition of "Person" as vague, ambiguous, overbroad, and unduly burdensome to the extent it requests that Passes identify business entities, government agencies, and other third parties that are not affiliated with Passes or do not have contractual relationships with Passes.

5

5.      Passes objects to the definition of the term "Communication" as vague, ambiguous, overbroad, and unduly burdensome.   Passes further objects to the definition of the term "Communication" to the extent that it purports to include communications that are not within Passes' knowledge, possession, custody, or control.

6.      Passes objects to the definition of the term "Document" as vague, ambiguous, overbroad, and unduly burdensome.  Passes further objects to the definition of "Document" to the extent it purports to include documents that are not within Passes' possession, custody, or control.

7.      Passes objects to the definition of "identify" when used in conjunction with "any" or "all" to the extent it purports to require Passes to draw on information outside the knowledge, possession, custody, or control of Passes.

## SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1:** Describe the Know-Your-Customer ("KYC") process in place during the time when minor Creators were permitted to join the Passes platform, including: (i) how, if at all, the process differed for minor Creators and adult Creators; (ii) what criteria or standards Passes applied in reviewing and assessing materials submitted as part of the KYC process; (iii) how Passes obtained parental consent for accounts of minor Creators (including how Passes verified the purported parent's authority to authorize the minor's account); (iv) how Passes obtained and maintained parental contact information to notify parents in the event of a minor Creator posting nudity or content containing banned words; and (v) what, if any, third-party vendors Passes used to verify information submitted by or on behalf of minor Creators during the account creation or registration process.

**OBJECTIONS TO INTERROGATORY NO. 1:** Passes objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to

Dismiss.  Passes further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information to the extent it seeks information about the KYC process prior to Plaintiff joining Passes.  Passes further objects to this Interrogatory because it requests information outside the knowledge, possession, custody, or control of Passes.   Passes further objects to this Interrogatory as vague and ambiguous to the extent it requests "criteria and standards" Passes uses in verifying information of part of its KYC process.  Passes further objects to the use of "Creator" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as creators.

**INTERROGATORY NO. 2:** Describe the Passes machine learning algorithm and classifiers (including the "three comprehensive, industry-leading third-party content moderation systems," referred to in the Passes Defendants' Motion to Dismiss the Amended Complaint and to Strike the Complaint's Class Action Allegations, dated April 28, 2025, (ECF No. 12 at 2), that purportedly review all content uploaded to the Passes platform, including by describing: (i) what types of content the tools identify as explicit or inappropriate; (ii) how the tools identify such content; (iii) whether the tools scan content or messages shared on Passes' direct-messaging platform; (iv) what types of logs or records are created reflecting instances where these tools identify explicit or inappropriate content; (v) the full list of "banned word[s]" that would block a caption or text from being posted in a minor Creator's account (as referenced in Passes' Community and Content Guidelines); and (vi) what notifications the tools produce to Passes employees or to a minor Creator's parents when the tools flag content as explicit or inappropriate.

**OBJECTIONS TO INTERROGATORY NO. 2:** Passes objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to

Dismiss.  Passes further objects to this Interrogatory because it requests information outside the knowledge, possession, custody, or control of Passes.  Passes further objects to this Interrogatory as seeking irrelevant information to the extent it requests information predating Plaintiff joining Passes as that information is not relevant to any claims or defenses in this Action.  Passes further objects to this Interrogatory as vague and ambiguous to the extent it seeks information about the "types of contents" the content moderation tools identify as "inappropriate."  Passes further objects to this Interrogatory as vague, overbroad and unduly burdensome to the extent it requests information about the operation of machine learning algorithms over a three-and-a-half-year period, as machine learning algorithms are constantly evolving.  Passes further objects to this Interrogatory to the extent it mischaracterizes the meaning of "content," as used in Passes and Guo's Motion to Dismiss.  Passes further objects to the use of "Creator" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as creators.

**INTERROGATORY NO. 3:** Identify all Persons who were involved with establishing, programming, overseeing, refining, or otherwise participated in the operation of the Passes machine learning algorithm and classifiers.

**OBJECTIONS TO INTERROGATORY NO. 3:** Passes objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Passes further objects to this Interrogatory as vague and ambiguous to the extent it seeks information about individuals who were "involved with" "establishing," "overseeing," or "otherwise participated" in the operation of Passes' machine learning algorithms and classifiers.  Passes further objects to this Interrogatory as overbroad and unduly burdensome to the extent it

requests Passes to identify, for a three-and-a-half-year period, "all" such persons involved with Passes' machine learning algorithms and classifiers, and to the extent it requests information about machine learning algorithms and/or classifiers that were not in use at the time Plaintiff was using Passes.  Passes further objects to this Interrogatory because it requests information outside the knowledge, possession, custody, or control of Passes.  Passes further objects to the use of "Person" as vague, ambiguous, overbroad, and unduly burdensome to the extent it requests that Passes identify various business entities and government agencies that are not affiliated with Passes or do not have contractual relationships with Passes.  To the extent this Action proceeds to discovery, Passes will identify only persons within Passes or businesses from which Passes directly receives or purchases its machine learning classifiers.

**INTERROGATORY NO. 4:** Describe all instances where the machine learning algorithm and classifiers identified images and videos of minors or potential minors engaged in sexually explicit conduct and describe Passes' response in each instance, including whether a report was submitted to the National Center for Missing & Exploited Children.

**OBJECTIONS TO INTERROGATORY NO. 4:** Passes objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Passes further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information to the extent it purports to require Passes to describe, for a three-and-a-half-year period, "all" instances in which Passes' machine learning algorithms and classifiers erroneously flagged content as explicit, content posted on Passes that does not involve minor individuals, and content that was not posted on Passes at all.  Passes further objects to this Interrogatory to the extent that it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes

further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks information about "potential minors" engaged in "sexually explicit conduct." If this Action proceeds to discovery, Passes will construe "sexually explicit conduct" as content identified by Passes' content enforcement process as violating Passes' policy guidelines on explicit adult content.

**INTERROGATORY NO. 5:** Identify all Persons responsible for ensuring Passes' compliance with reporting requirements to the National Center for Missing & Exploited Children.

**OBJECTIONS TO INTERROGATORY NO. 5:** Passes objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss. Passes further objects to this Interrogatory as overbroad and unduly burdensome to the extent it requests Passes identify, for a three-and-a-half-year period, "all" persons responsible for National Center for Missing & Exploited Children compliance, including individuals who were responsible for National Center for Missing & Exploited Children compliance prior to Plaintiff joining Passes. Passes further objects to the use of "Person" as vague, ambiguous, overbroad, and unduly burdensome to the extent it requests that Passes identify business entities and government agencies that are involved in the chain of NCMEC reporting but are not affiliated with Passes.

**INTERROGATORY NO. 6:** Identify all Persons involved with the marketing to or recruitment of minor Creators to join Passes, including, without limitation Alec Celestin, Lani Ginoza, and any affiliated entities, and for each such Person, describe: (i) the nature of their relationship with Passes; (ii) any agreements, whether formal or informal, they had with Passes; (iii) any compensation arrangements they had with Passes; (iv) and the nature of any directives Passes gave them with respect to recruitment of minor Creators.

**OBJECTIONS TO INTERROGATORY NO. 6:** Passes objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Passes further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent it requests Passes identify, for a three-and-a-half-year period, "all" persons "involved with" purported marketing to or recruitment of minor creators to join Passes. Passes further objects to this Interrogatory as vague and ambiguous to the extent it requests information about unidentified "affiliated entities" and purported "informal agreements."  Passes further objects to this Interrogatory to the extent it assumes as true that anyone at Passes "market[ed] to" or "recruit[ed]," or directed any third party to market to or recruit, minor creators.  Passes further objects to the use of "Creator" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as creators. Passes further objects to this Interrogatory because it requests information outside the knowledge, possession, custody, or control of Passes.  Passes further objects to the use of "Person" as vague, ambiguous, overbroad, and unduly burdensome to the extent it requests that Passes identify persons or business entities with whom Passes has no contractual relationship.

**INTERROGATORY NO. 7:**  Identify all Persons responsible for the creation, implementation, enforcement and modification of the Passes Community and Content Guidelines Part 13 Minor Safety.

**OBJECTIONS TO INTERROGATORY NO. 7:** Passes objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Passes further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent it requests Passes identify, for a three-and-a-half-year period, "all"

persons responsible for the "implementation" and "enforcement" of Passes' Community and Content Guidelines. Passes further objects to this Interrogatory as seeking irrelevant information to the extent it seeks information about the "creation, implementation, enforcement and modification" of Passes' Community and Content Guidelines prior to Plaintiff joining Passes. Passes further objects to the use of "Person" as vague, ambiguous, overbroad, and unduly burdensome to the extent it requests that Passes identify persons and business entities that are involved in policy enforcement that are not affiliated with Passes.

**INTERROGATORY NO. 8:** Describe the process through which "Verifiable Parent Consent" procedures or Passes' direct messaging ban for minor Creator profiles can be overridden, disabled, or otherwise restricted, and identify all instances of any such overriding, disabling, or restricting and the rationale for each such decision.

**OBJECTIONS TO INTERROGATORY NO. 8:** Passes objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss. Passes further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information to the extent it requests Passes identify "all" instances of any person purportedly overriding "'Verifiable Parent Consent' procedures or Passes' direct messaging ban for minor Creators," regardless of circumstances or reason. Passes further objects to this Interrogatory to the extent it assumes as true that anyone at Passes ever "over[ode], disabled, or otherwise restricted" "Verifiable Parent Consent" procedures or Passes' direct messaging ban for minor creators. Passes further objects to this Interrogatory to the extent that it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection. Passes further objects to the use of "Creator" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who

are not registered as creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as creators.

**INTERROGATORY NO. 9:** Identify all Persons who authorized or executed any such overriding, disabling, or restricting of "Verifiable Parent Consent" procedures or Passes' direct messaging ban for minor Creator profile.

**OBJECTIONS TO INTERROGATORY NO. 9:** Passes objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss. Passes further objects to this Interrogatory as overbroad and unduly burdensome to the extent it requests Passes identify, for a three-and-a-half-year period, "all" persons who authorized or executed "any" purported overriding, disabling, or restricting of "Verifiable Parent Consent" procedures or Passes' direct messaging ban, regardless of circumstances or reason. Passes further objects to this Interrogatory to the extent it assumes as true that anyone at Passes ever "authorized" or "executed" the "overriding, disabling, or restricting" of "Verifiable Parent Consent" procedures or Passes' direct messaging ban. Passes further objects to this Interrogatory as duplicative of Interrogatory No. 8.

**INTERROGATORY NO. 10:** Identify all Persons who were involved in, including but not limited to authorizing, the suspension of Plaintiff's access to her Creator profile on or about February 18, 2025.

**OBJECTIONS TO INTERROGATORY NO. 10:** Passes objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss. Passes further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent it requests Passes identify "all" persons "involved in" the suspension of Plaintiff's access to her Passes account. Passes further objects to the use of "Creator" as vague,

ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as creators.

**INTERROGATORY NO. 11:** Identify all instances where any minor Creator profiles were suspended, removed, or deactivated from Passes and the reason for such suspension, removal, or deactivation.

**OBJECTIONS TO INTERROGATORY NO. 11:** Passes objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss.  Passes objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information to the extent it seeks information about "all" instances over a three-and-a-half-year period, as not all profile suspensions, removals, or deactivations are relevant to the claims and defenses in this Action.  Passes further objects to this Interrogatory to the extent it seeks material protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes further objects to the use of the term "Creator" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as creators.

**INTERROGATORY NO. 12:** Identify and describe all methods by which minor Creators can earn income through Passes, including for example, through sales of recurring subscriptions, one-time events or content access, livestreams, or direct sales of content through direct messaging or otherwise, and describe how such income is divided between Passes and the minor Creator.

**OBJECTIONS TO INTERROGATORY NO. 12:** Passes objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to

Dismiss.  Passes further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent it requests Passes identify, for a three-and-a-half-year period, "all" methods by which minor Creators could earn income, including to the extent it seeks information about monetization methods outside of the Passes platform or income Creators receive outside the Passes platform as a result of their Passes profile.  Passes further objects to this Interrogatory to the extent it seeks information that is available from a more convenient, less burdensome, or less expensive source, including because the information is publicly available or known to Plaintiff. Passes further objects to this Interrogatory as overbroad and unduly burdensome to the extent it requests information about monetization methods that were not available when Plaintiff had an account on Passes.  Passes further objects to this Interrogatory as seeking irrelevant information because minor creators' ability to earn income through Passes is not relevant to any claim or defense in this Action.  Passes further objects to the use of the terms "Creator" and "Creators" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as creators.

**INTERROGATORY NO. 13:** For any minor Creator profiles that were suspended, removed, or deactivated from Passes for posting sexually explicit content or including banned words in captions or messages, identify all income generated or payments received by those profiles, including payments for recurring subscriptions, one-time events or content access, livestreams, and direct sales of content, including photos and video, through direct messaging or otherwise, and identify the share of such income or payments that Passes obtained.

**OBJECTIONS TO INTERROGATORY NO. 13:** Passes objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to

Dismiss.  Passes further objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks, for a three-and-a-half-year period, information about income and payment generated from any type of content, including content that was policy-compliant or was posted after a minor Creator became an adult.  Passes further objects to this Interrogatory as seeking irrelevant information because minor Creators' ability to earn income through Passes, and Passes' purported "share" of such income, is not relevant to any claim or defense in this Action.  Passes further objects to the use of "sexually explicit content" as vague and ambiguous.  If this Action proceeds to discovery, Passes will construe "sexually explicit content" as content identified by Passes' content enforcement process as violating Passes' policy guidelines on explicit adult content.  Passes further objects to the use of "Creator" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as creators.

**INTERROGATORY NO. 14:** For any minor Creator profiles where "Verifiable Parent Consent" procedures or Passes' direct messaging ban for minor Creator profiles was overridden, disabled, or otherwise restricted, identify all income generated or payments received by those profiles, including payments for recurring subscriptions, one-time events or content access, livestreams, and direct sales of content, including photos and video, through direct messaging or otherwise, and identify the share of such income or payments that Passes obtained.

**OBJECTIONS TO INTERROGATORY NO. 14:** Passes objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss.  Passes further objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks income and payment information, for a three-and-a-half-year period, from all types of content, including content that was policy-compliant, and to the extent it seeks payment or

income information from accounts that were never flagged for potentially violating Passes' policies. Passes further objects to this Interrogatory as seeking irrelevant information because minor Creators' ability to earn income through Passes, and Passes' purported "share" of such income, is not relevant to any claim or defense in this Action. Passes further objects to this Interrogatory to the extent it assumes as true that anyone at Passes ever "over[ode], disabled, or otherwise restricted" Passes "Verifiable Parent Consent" procedures.  Passes further objects to the use of "Creator" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as creators.

**INTERROGATORY NO. 15:** Identify all transactions in Plaintiff's Passes profile that generated payments or income, including: (i) the date of the transaction; (ii) the amount of the payment; (iii) the payee; (iv) the nature of the content or subscription purchased; (v) any caption or description of the content purchased; and (vi) the amount of such payment that Passes obtained.

**OBJECTIONS TO INTERROGATORY NO. 15**: Passes objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss.  Passes further objects to this Interrogatory as vague and ambiguous to the extent it seeks information about the "nature" of the content purchased.  Passes further objects to this Interrogatory as seeking irrelevant information because Plaintiff's ability to earn income through Passes, and the amount of money retained by Passes, is not relevant to any claims or defenses in this Action.  Passes further objects to this Interrogatory to the extent it seeks information that is available from a more convenient, less burdensome, or less expensive source, including because the information is known to Plaintiff.

**INTERROGATORY NO. 16:** Identify all Persons involved in the decision to remove the option for minor Creators to join Passes, on or about February 24, 2025, and describe Passes' rationale for that decision.

**OBJECTIONS TO INTERROGATORY NO. 16:** Passes objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss.  Passes further objects to this Interrogatory as vague and ambiguous to the extent it purports to require Passes to identify all persons "involved in" Passes' decision to remove minor Creators from Passes.  Passes further objects to this Interrogatory as seeking irrelevant information because the identity of individuals who were "involved in" Passes' decision to remove minor Creators from Passes is not relevant to any claims or defenses in this Action.  Passes further objects to the use of "Creator" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as creators.  Passes further objects to the use of "Person" as vague, ambiguous, overbroad, and unduly burdensome to the extent it requests that Passes identify persons unaffiliated with Passes who may have influenced the decision to de-activate Plaintiff's account.

**INTERROGATORY NO. 17:** Identify all Passes employees or contractors who previously worked or currently work out of Passes' Miami, Florida office.

**OBJECTIONS TO INTERROGATORY NO. 17:** Passes objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss.  Passes further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information because the identities of every individual who, for a three-and-a-half-year period, "previously worked or currently work[s]" out of Passes' Miami office are neither relevant

to any claim or defense in this Action nor to determining that venue does not lie in the Southern District of Florida. The Court has not ordered an evidentiary hearing to resolve Passes and Guo's Motion to Transfer Venue, and, even if it had, the identities of various Passes employees and contractors who at any point worked out of Passes' Miami office is not relevant to determining that venue does not lie in the Southern District of Florida. Passes further objects to this Interrogatory to the extent it requests the identities of employees or contractors who exclusively worked for Passes before Plaintiff joined the platform, and to the extent it requests the identities of employees or contractors whose roles are irrelevant to any claims or defenses in this Action.

**INTERROGATORY NO. 18:** Identify the locations of Passes' computers, servers, other electronic devices, physical files, records, and archives, past and current.

**OBJECTIONS TO INTERROGATORY NO. 18:** Passes objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss. Passes further objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information about Passes' "past" computers, servers, other electronic devices, physical files, records, and archives. Passes further objects to this Interrogatory as seeking irrelevant information because the locations of Passes' computers, servers, other electronic devices, physical files, records, and archives are neither relevant to any claim or defense in this Action nor to determining that venue does not lie in the Southern District of Florida. The Court has not ordered an evidentiary hearing to resolve Passes and Guo's Motion to Transfer Venue and, unless and until the Court decides that an evidentiary hearing is required to resolve the Motion, the location of Passes' computers, servers, other electronic devices, physical files, records, and archives is irrelevant.

**INTERROGATORY NO. 19:** In the event that discovery in this Action proceeds, Plaintiff proposes to meet and confer with Passes about the custodians and sources that Passes will review for responsive documents.

**RESPONSE TO INTERROGATORY NO. 19:** Passes objects to this Interrogatory because it is not an interrogatory.  To the extent Plaintiff wishes to meet and confer, her counsel may contact counsel of record for Passes.  Passes further views this Interrogatory as a concession that discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss.

**INTERROGATORY NO. 20:** Without regard to the Relevant Period, identify all Documents consulted, referred to, or used in responding to these Interrogatories, to the extent not otherwise identified in Your response.

**RESPONSE TO INTERROGATORY NO. 20:** Passes objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss.  Passes further objects to this Interrogatory as overbroad and unduly burdensome to the extent it purports to expand the "Relevant Period" beyond the already overbroad and unduly burdensome three-and-a-half-year period requested.  Passes further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection.  Passes further objects to the use of "Documents," as defined by Plaintiff, as vague, ambiguous, overbroad, and unduly burdensome.  Passes further objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking irrelevant information to the extent it purports to require Passes to identify documents "consulted" or "referred to," but not relied upon or used, in responding to the Interrogatories.

**INTERROGATORY NO. 21:** Identify the Persons who provided information for, or otherwise contributed to, responding to these Interrogatories, and describe the extent and scope of such Persons' knowledge.

**RESPONSE TO INTERROGATORY NO. 21:** Passes objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss. Passes further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege, immunity, or discovery protection. Passes further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent it requests Passes identify individuals who "contributed to" Passes responding to the Interrogatories, and to the extent it requests Passes describe "the extent and scope of such Persons' knowledge" without limiting the request to the individual's knowledge that aided Passes' responses to the Interrogatories.

**INTERROGATORY NO. 22:** Identify all Persons who Passes intends to call at trial or at any deposition or hearing in this matter.

**RESPONSE TO INTERROGATORY NO. 22:** Passes objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss. Passes further objects to this Interrogatory because it cannot identify the individuals it intends to call at trial or at any deposition or hearing in this Action until the Court decides Passes and Guo's Motion to Dismiss and before discovery has even begun.

CONFIDENTIAL

Dated: July 16, 2025

|  | /s/ *Brian W. Toth* |
|---|---|
| Rollo C. Baker, IV (admitted *pro hac vice*) | Brian W. Toth |
| Vivek Tata (admitted *pro hac vice*) | Florida Bar No. 57708 |
| Alexander S. Davis (admitted *pro hac vice*) | Freddy Funes |
| Chase J. Shelton (admitted *pro hac vice*) | Florida Bar No. 87932 |
| Elsberg Baker & Maruri, PLLC | Toth Funes PA |
| 1 Penn Plaza | Ingraham Building |
| New York, NY 100119 | 25 Southeast Second Avenue, Suite 805 |
| Tel: (212) 597-2602 | Miami, Florida 33131 |
| rbaker@elsberglaw.com | (305) 717-7850 |
| vtata@elsberglaw.com | btoth@tothfunes.com |
| adavis@elsberglaw.com | ffunes@tothfunes.com |
| cshelton@elsberglaw.com | |
| | *Counsel for Defendants Passes, Inc. and Lucy Guo* |
| *Counsel for Defendants Passes, Inc. and Lucy* | |

CONFIDENTIAL

## <u>CERTIFICATE OF SERVICE</u>

I, Chase J. Shelton, hereby certify that on July 16, 2025, I caused a true and correct copy of Defendant Passes, Inc.'s Responses and Objections to Plaintiff's First Set of Interrogatories to Defendant Passes, Inc. to be served on all counsel of record via email.


/s/ *Chase J. Shelton*

Chase J. Shelton