UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20899-JEM

ALICE ROSENBLUM, on behalf of herself
and all others similarly situated,

                Plaintiff,

v.

PASSES, INC., a Delaware corporation,
NOFHOTOS GROUP LLC, a California
limited liability company, WLM
MANAGEMENT LLC, a California limited
liability company, LUCY GUO, an
individual, ALEC CELESTIN, an individual,
and LANI GINOZA, an individual,

                Defendants.

## PLAINTIFF ALICE ROSENBLUM'S OPPOSITION TO DEFENDANTS PASSES, INC. AND LUCY GUO'S MOTION FOR PROTECTIVE ORDER

Defendants Passes, Inc. and Lucy Guo's (together, the "Passes Defendants") motion for a protective order staying discovery (ECF No. 58) should be denied, and they should be sanctioned for making it. Discovery commenced in this action with a Rule 26(f) conference on May 2, 2025. Since then, the Passes Defendants have consistently and baselessly refused to participate in discovery, repeatedly attempting to unilaterally grant themselves a stay without a court order. First, after Plaintiff reminded them that discovery must continue despite their currently pending motion to dismiss, and nearly three months after they filed that dismissal motion, the Passes Defendants belatedly moved for a stay before Judge Martinez. (ECF No. 48 ("First Motion to Stay").) Then, despite Plaintiff's repeatedly reminding them of their obligation to participate in discovery unless and until their First Motion to Stay was granted, the Passes Defendants continued to refuse. And two weeks ago (the same day that their response to Plaintiff's motion

to compel them to produce documents (ECF No. 50) was due), recognizing that they had no basis to continue to refuse to participate in discovery absent a Court-granted stay, the Passes Defendants have again, and bafflingly, moved once more for a stay of discovery (styled as a motion for a protective order), this time before this Court.

But just as filing a motion to stay does not itself excuse non-compliance, "[t]he filing of a motion for a protective order does not excuse the movant from complying with the discovery requested." *Williams v. Am. Tel. & Tel. Co.*, 134 F.R.D. 302, 303 (M.D. Fla. 1991).

And the Passes Defendants' new motion does nothing more than rehash and duplicate the same arguments the Passes Defendants make in their First Motion to Stay directed to Judge Martinez. As such, it is pointlessly duplicative, should be denied, and warrants sanctions against the Passes Defendants (in the form of bearing Plaintiff's attorneys' fees and costs in responding to it) for bringing the new motion before the Court and for continuously failing to comply with their discovery obligations. *See, e.g.*, *Hull v. Spalding*, 2025 WL 2270431, at *4 (N.D. Ga. July 21, 2025) (party's decision to file "the same motion a second time before the Court ruled on the first one" was "frivolous and wasteful of judicial resources"); *Rice v. Berry*, 2024 WL 3260888, at *2 n.3 (M.D. Ga. July 1, 2024) (noting that "repetitive filing of duplicative pleadings" is "frivolous, an abuse of the judicial process, and could subject Plaintiff to civil sanctions from this Court"); *see also* Fed. R. Civ. P. 37(d).

The Passes Defendants should not be permitted to waste the Court's and the parties' time and resources. A motion to stay is already pending before Judge Martinez, who will rule on the motion in due course. Until that point, the Passes Defendants must participate in discovery.

For these reasons, the Passes Defendants' motion for a protective order staying discovery should be denied, and they should be ordered to pay Plaintiff's attorneys' fees and costs in responding to it.

Date:  August 27, 2025

    Respectfully submitted,

    SCHWARTZ | BRESLIN PLLC

    */s/ Jonathan Noah Schwartz*
    Jonathan Noah Schwartz, Esq.
    Florida Bar No. 1014596
    E-Mail: JS@JSJB.Law; Tel.: (305) 577-4626
    Schwartz Breslin PLLC
    The Alfred I. DuPont Building, Ste. 700
    169 E. Flagler St., Miami, FL 33131

    CLARK SMITH VILLAZOR LLP

    */s/ Christopher J. Clark*
    Christopher J. Clark, Esq.
    clark@csvllp.com
    (admitted *pro hac vice*)
    Rodney Villazor, Esq.
    rodney.villazor@csvllp.com
    (admitted *pro hac vice*)
    Brian T. Burns, Esq.
    brian.burns@csvllp.com
    (admitted *pro hac vice*)
    Natalia Lima, Esq.
    natalia.lima@csvllp.com
    (admitted *pro hac vice*)
    J. Adam George, Esq.
    adam.george@csvllp.com
    (admitted *pro hac vice*)

    666 Third Avenue, 21st Floor
    New York, New York 10017
    (212) 377-0850

    *Attorneys for Plaintiff*

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was filed via CM/ECF, which simultaneously effectuated service upon all counsel of record.

Date:  August 27, 2025

                                              */s/ Jonathan Noah Schwartz*
                                              Jonathan Noah Schwartz, Esq.