UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20899-JEM

ALICE ROSENBLUM, on behalf of herself
and all others similarly situated,

                Plaintiff,

v.

PASSES, INC., a Delaware corporation,
NOFHOTOS GROUP LLC, a California
limited liability company, WLM
MANAGEMENT LLC, a California limited
liability company, LUCY GUO, an
individual, ALEC CELESTIN, an individual,
and LANI GINOZA, an individual,

                Defendants.

**PLAINTIFF ALICE ROSENBLUM'S FIRST MOTION TO COMPEL DEFENDANT
LUCY GUO TO RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES\***

---

\* Pursuant to the parties' election at ECF No. 29 to submit discovery motions to the Magistrate Judge, this motion is respectfully submitted to U.S. Magistrate Judge Eduardo I. Sanchez.

## **TABLE OF CONTENTS**

**ARGUMENT** ...................................................................................................................................2

    **I.**    Guo cannot unilaterally grant herself a stay. ..........................................................2
    **II.**   Guo should not be treated as the same party as Passes for purposes of FRCP 33(a). ..........................................................................................................2
    **III.**  Guo should be ordered to respond to every one of Plaintiff's interrogatories. ......................................................................................................4
    **IV.**  Passes should pay Plaintiff's fees and costs on this motion. ..................................5

**CONCLUSION** ...............................................................................................................................5

**LOCAL RULE 7.1(A)(3) CERTIFICATION** ............................................................................6

**CERTIFICATE OF SERVICE**. ....................................................................................................7

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Gonzalez v. United States*,
    2023 WL 7102162 (E.D.N.Y. Oct. 27, 2023) ................................................................. 3

*Allen v. Sch. Bd. for Santa Rosa Cnty.*,
    2011 WL 1831764 (N.D. Fla. May 12, 2011) ................................................................. 3

*Essex Builders Grp., Inc. v. Amerisure Ins. Co.*,
    230 F.R.D. 682 (M.D. Fla. 2005) ................................................................................... 5

*Gutierrez v. Martin Eng'g*,
    2006 WL 8433649 (S.D. Fla. Mar. 10, 2006) ................................................................. 5

*In re Netbank, Inc. Sec. Litig.*,
    259 F.R.D. 656 (N.D. Ga. 2009) .................................................................................... 5

*Mirakl, Inc. v. VTEX Com. Cloud Sols. LLC*,
    544 F. Supp. 3d 146 (D. Mass. 2021) ............................................................................ 2

*Madison v. Nesmith*,
    2008 WL 619171 (N.D.N.Y. Mar. 3, 2008) ................................................................... 3

*Magnesium Elektron N. Am., Inc. v. Applied Chemistries, Inc.*,
    2019 WL 7578395 (D. Mass. July 26, 2019) ................................................................. 4

*Norm Thompson Outfitters, Inc. v. Starcrest Prods. of Cal., Inc.*,
    2004 WL 957774 (D. Or. May 4, 2004) ........................................................................ 5

*Pressman v. Publix Super Mkts., Inc.*,
    2007 WL 9700560 (S.D. Fla. Oct. 1, 2007) ................................................................... 5

*Republic of Pan. v. Omega Eng'g LLC*,

   2024 WL 4554095 (S.D. Fla. Oct. 23, 2024) ................................................................. 2

*Skinner v. Liller*,

   2023 WL 8520240 (D. Md. Dec. 8, 2023) ..................................................................... 4

*Supercooler Techs., Inc. v. Coca-Cola Co.*,

   2023 WL 7411514 (M.D. Fla. Oct. 6, 2023) ................................................................. 2

*Zito v. Leasecomm Corp.*,

   233 F.R.D. 395 (S.D.N.Y. 2006) .................................................................................... 3

**Rules**

FRCP 30(a)(2)(A)(i) ................................................................................................................ 2

FRCP 31(a)(2)(A)(i) ................................................................................................................ 2

FRCP 33 ............................................................................................................... ii, 2, 3, 5

FRCP 37(d)(3) ........................................................................................................................ 5

**Other Authorities**

Disc. Procs. for Mag. J. Sanchez ............................................................................................ 1

S.D. Fla. Local R. 26.1(e)(2)(A) ............................................................................................ 5

This is Plaintiff Alice Rosenblum's third discovery motion prompted by Defendants Lucy Guo ("Guo") and Passes, Inc.'s ("Passes") complete disregard of their discovery obligations. After wasting countless hours reminding Passes and Guo of their indisputable duty to participate in discovery (and after Passes and Guo filed a second, entirely duplicative, motion for a protective order to stay discovery), Plaintiff must again ask this Court to require Guo to answer Plaintiff's reasonable requests. Because Guo cannot identify any reason for declining to answer Plaintiff's first set of interrogatories (attached as Exhibit 1, with Guo's objections thereto attached as Exhibit 2), this Court should compel her to do so.

## BACKGROUND

Plaintiff served the interrogatories at issue on July 2 (Ex. 1), and Guo served her objections on August 1 (Ex. 2.). Among other objections, Guo asserted that the interrogatories were "premature" because Passes and Guo "have sought a stay of discovery" and "will not respond to these Interrogatories unless and until discovery in this Action commences." (*Id.* at 2; *see also id.* at 6-21 (specifically objecting to each of the first 20 interrogatories as premature).) Guo also objected in her General Objections that "Plaintiff has already served over 25 Interrogatories on Defendant Passes, and each of the Interrogatories to Guo relate to claims against Guo solely in her capacity as CEO. Plaintiff has thus already exceeded the limit on Interrogatories set forth in the Federal Rules of Civil Procedure ["FRCP"]." (*Id.* at 4.) This general objection did not make apparent whether or not Guo was refusing to answer the interrogatories on that basis, and Guo did not state this objection in direct response to any specific interrogatory. The general objection does not comply with this Court's discovery procedures. *See* U.S. Dist. Ct. S. Dist. Of Fla., Disc. Procs. for Mag. J. Sanchez, at 2-4.

The parties met and conferred regarding Guo's objections on August 20. Counsel for Guo represented that, as with all other aspects of discovery to date, they would not participate during

the pendency of their motion to stay, pending before Judge Martinez. Moreover, counsel for Guo stated expressly what Guo's written objections left at best ambiguous, and only in response to Plaintiff's counsel's inquiry about the objection: that even if she were compelled to participate in discovery, Guo would not respond to any of the interrogatories, claiming Guo and Passes ought to be treated as a single party for purposes of FRCP 33(a). This motion followed.

## ARGUMENT

### I. Guo cannot unilaterally grant herself a stay.

As Plaintiff repeatedly explained in her other discovery motions, a party "may not unilaterally decide that it does not have an obligation to respond to discovery requests." *Supercooler Techs., Inc. v. Coca-Cola Co.*, 2023 WL 7411514, at *1 (M.D. Fla. Oct. 6, 2023). Even "if a Motion to Stay Discovery is filed, parties must continue to comply with their discovery obligations unless and until that Motion to Stay is granted." *Republic of Pan. v. Omega Eng'g LLC*, 2024 WL 4554095, at *2 (S.D. Fla. Oct. 23, 2024). Across multiple motions, Guo has yet to identify a single case holding otherwise.

### II. Guo should not be treated as the same party as Passes for purposes of FRCP 33(a).

Under FRCP 33(a)(1), "a party may serve on *any other party* no more than 25 written interrogatories, including all discrete subparts" (emphasis added). FRCP 33(a) refers to "parties," rather than "plaintiffs" or "defendants," collectively, in contrast to other limitations set out in the FRCP. *See, e.g.*, FRCP 30(a)(2)(A)(i) (imposing 10-deposition limit on depositions taken "by the plaintiffs, or by the defendants, or by the third-party defendants"); FRCP 31(a)(2)(A)(i) (imposing same limitation). The Rule's plain language permits exactly what Plaintiff did here, because parties may serve 25 interrogatories on each party, rather than only 25 total. *See Mirakl, Inc. v. VTEX Com. Cloud Sols. LLC*, 544 F. Supp. 3d 146, 147 (D. Mass. 2021) ("Plaintiff may therefore serve 25 interrogatories on each defendant, consistent with Federal Rule 33(a).");

2

*Madison v. Nesmith*, 2008 WL 619171, at *3 (N.D.N.Y. Mar. 3, 2008) ("Under Rule 33, plaintiff was entitled to serve up to 25 Interrogatories on each of the three defendants.").

In email correspondence between the parties, Guo cited *Gonzalez v. United States* to support her position that Guo and Passes should be treated as the same party. (*See* Ex. 3 (citing 2023 WL 7102162 (E.D.N.Y. Oct. 27, 2023)).) In that case, the court considered a husband and wife to have a "common interest" such that they constituted the same party under Rule 33(a). *See id.* at *7 (quoting *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 398-99 (S.D.N.Y. 2006)).[1]

That case has no bearing here for two reasons. First, neither the Eleventh Circuit nor the Southern District of Florida has adopted this test (which, in any event, is just a discretionary device for a trial court to "effectively manage interrogatory practice in multi-party cases," *Gonzalez*, 2023 WL 7102162, at *5)). And a rule which treats defendants as distinct in most circumstances aligns with Rule 33(a)'s plain text and furthers its purpose by allowing parties to efficiently receive information specific to each party, streamlining the issues in dispute for trial.

Second, the rationale for *Gonzalez*'s approach does not apply here. Plaintiff named Passes and Guo, separately, as Defendants, and the Complaint alleges numerous specific and separate acts committed by each. (*See, e.g.*, Compl. ¶ 4 ("Guo personally intervened to override Passes' strict internal safety controls"); ¶¶ 47-52 (describing Guo's efforts to recruit Defendant Celestin to Passes); ¶ 41 (describing Passes' community and content guidelines); ¶ 107 (describing Passes' "proprietary machine learning classifiers"); ¶ 108 (describing "Passes'

---

[1] Guo also cited *Allen v. Sch. Bd. for Santa Rosa Cnty.*, 2011 WL 1831764 (N.D. Fla. May 12, 2011). (*See* Ex. 3.) There, three defendants separately served interrogatories on the same plaintiff which, if allowed for all plaintiffs in that case, could result in 1,725 interrogatories. *See Allen*, 2011 WL 1831764, at *2-3. The ruling, which barred an obviously excessive number of interrogatories (and hinted at bad faith), is irrelevant to the considerably smaller number here (43 in total), which were served in good faith, on separate Defendants, and seek different information.

3

unrestricted and unchecked platform").) Guo has not claimed to be an alter-ego of Passes, a multimillion-dollar enterprise with a significant payroll, a board of directors, and a distinct corporate identity. *See Magnesium Elektron N. Am., Inc. v. Applied Chemistries, Inc.*, 2019 WL 7578395, at *2 (D. Mass. July 26, 2019) (permitting interrogatories served separately on a corporation and two employees). And the interrogatories ask different questions indicative of the two defendants' distinct roles in facilitating the egregious harm done to Plaintiff, asking Passes, for example, about its procedures and asking Guo about her specific roles and conduct. Further, even where the interrogatories request similar information, Guo and Passes can provide different answers based on their unique roles. That the interrogatories are not duplicative weighs strongly in Plaintiff's favor. *See Skinner v. Liller*, 2023 WL 8520240, at *4 (D. Md. Dec. 8, 2023) (treating 10 defendants as separate parties in part because "the interrogatories are not duplicative, and . . . they are tailored to aid in forming the defense of each Individual Defendant.").

      Moreover, denying Plaintiff's motion would prevent Plaintiff from receiving highly relevant information from a key actor in an efficient manner. If the interrogatories are barred, Plaintiff will be hampered in preparing for depositions and trial. While treating separate parties as one in certain circumstances may discourage gamesmanship and increase efficiency, applying it rigidly here would only serve to unnecessarily burden both parties. *See Skinner*, 2023 WL 8520240, at *4 (ordering the plaintiff to respond to interrogatories and noting that doing so presently, "with the assistance of highly-experienced counsel at a time of his choosing, would be less burdensome than being required to sit for a deposition to respond orally to the same questions contained in the interrogatories.").

**III.**    **Guo should be ordered to respond to every one of Plaintiff's interrogatories.**

      Guo's objections to interrogatories 4, 5, 12, 14, and 15 as containing discrete subparts are also unfounded. For example, interrogatory No. 14 asks Guo to identify her involvement "in all

4

instances where any minor Creator profiles were suspended, removed, or deactivated from Passes and the reason for such suspension, removal, or deactivation." (Ex. 1 at 9.) The requests are "logically [] subsumed within and necessarily related to the primary question." *In re Netbank, Inc. Sec. Litig.*, 259 F.R.D. 656, 679 (N.D. Ga. 2009) (citation omitted). It would be impossible to provide "the reason for such suspension, removal, or deactivation" without first identifying the instance in which such suspension, removal, or deactivation occurred. Ex. 1 at 9; *See Pressman v. Publix Super Mkts., Inc.*, 2007 WL 9700560, at *8 (S.D. Fla. Oct. 1, 2007).[2]

Finally, on August 27, Guo served on Plaintiff a set of "amended" objections. (Ex. 4.) Any added objections should be ignored by the Court, as they are not timely and Guo did not establish good cause for her delay in raising them. *See Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685-86 (M.D. Fla. 2005) (citing FRCP 33(b)(4)). Regardless, the objections added by Guo are meritless for the reasons outlined above.

**IV.  Passes should pay Plaintiff's fees and costs on this motion.**

The "court must" order Passes to pay Plaintiff's attorney's fees "unless the[ir] failure was substantially justified" or other factors make fee-shifting "unjust." FRCP 37(d)(3). No such factors exist; the Court "must" order fee shifting. *See Norm Thompson Outfitters, Inc. v. Starcrest Prods. of Cal., Inc.*, 2004 WL 957774, at *3-4 (D. Or. May 4, 2004) (ordering fee-shifting where "[e]ssentially, defendant has granted itself a stay of discovery").

**CONCLUSION**

For the reasons given, the Court should grant Plaintiff's motion to compel.

---

[2] Guo also failed to object to interrogatory No. 21. (Ex. 2 at 21.) "By failing to object, [Guo] waived any objections [she] might have had to the giving of a full answer to the interrogatory." *Gutierrez v. Martin Eng'g*, 2006 WL 8433649, at *4 (S.D. Fla. Mar. 10, 2006); *see also* S.D. Fla. Local R. 26.1(e)(2)(A) ("Any ground not stated in an objection . . . shall be waived").

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

On August 20, 2025, counsel for Plaintiff conferred, by Zoom, with counsel for Guo in a good faith effort to resolve the issues raised in this motion to compel but was unable to resolve the issues. Further detail about the conferral is provided above in the body of this motion.

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed via CM/ECF, which simultaneously effectuated service upon all counsel of record.

Date:  August 27, 2025

Respectfully submitted,

SCHWARTZ | BRESLIN PLLC

*/s/ Jonathan Noah Schwartz*
Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
E-Mail: JS@JSJB.Law; Tel.: (305) 577-4626
Schwartz Breslin PLLC
The Alfred I. DuPont Building, Ste. 700
169 E. Flagler St., Miami, FL 33131

CLARK SMITH VILLAZOR LLP

*/s/ Brian T. Burns*
Christopher J. Clark, Esq.
clark@csvllp.com
(admitted *pro hac vice*)
Rodney Villazor, Esq.
rodney.villazor@csvllp.com
(admitted *pro hac vice*)
Brian T. Burns, Esq.
brian.burns@csvllp.com
(admitted *pro hac vice*)
Natalia Lima, Esq.
natalia.lima@csvllp.com
(admitted *pro hac vice*)
James Adam George, Esq.
adam.george@csvllp.com
(admitted *pro hac vice*)

666 Third Avenue, 21st Floor
New York, New York 10017
(212) 377-0850

*Attorneys for Plaintiff*

7