# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20899-JEM

| |
|---|
| ALICE ROSENBLUM, on behalf of herself and all others similarly situated, <br><br>  Plaintiff, <br><br> v. <br><br> PASSES, INC., a Delaware corporation, NOFHOTOS GROUP LLC, a California limited liability company, WLM MANAGEMENT LLC, a California limited liability company, LUCY GUO, an individual, ALEC CELESTIN, an individual, and LANI GINOZA, an individual, <br><br>  Defendants. |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT LUCY GUO**

Plaintiff Alice Rosenblum ("Plaintiff"), by and through her undersigned counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby demands that Defendant Lucy Guo ("Guo") answer the following Interrogatories, separately and fully, in writing under oath, within 30 days (or such other date as the parties mutually agree).

**DEFINITIONS AND INSTRUCTIONS**

1. The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside of their scope.

2. To the extent necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside their scope: (i) the word "any" means "any and all"; and (ii) the word "all" means "any and all."

3. To the extent necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside their scope, the singular includes the plural and the plural includes the singular. The use of masculine, feminine, or neutral gender shall include each gender as appropriate in context.

4. Whenever any Interrogatory calls for information with respect to "each" one of a particular type of matter, event, person, or entity, of which there is more than one, separately list, set forth, or identify for each thereof all of the information called for.

5. The term "Action" refers to the above-captioned action.

6. The terms "You," and "Your" refer to and include Defendant Guo in the above-captioned action, and present and former agents, accountants, principals, attorneys, and any and all persons now or previously under Your control or acting or purporting to act for or on Your behalf.

7. The terms "Creator" and "Creators" shall mean individuals who create or created content uploaded to and/or sold via the Passes platform.

8. A "minor" Creator means a Creator who is under the age of 18 years old.

9. The terms "individual," "person" or "persons" shall mean natural persons, proprietorships, sole proprietorships, or corporations, nonprofit corporations, municipal corporations, local, state, federal, or foreign governments or governmental agencies, political subdivisions, general or limited partnerships, business trusts, trusts, estates, clubs, groups, unincorporated associations, or other business or public organizations.

10. The term "communication" shall be afforded the broadest possible definition and shall refer to and include (by way of example and not as an exclusive list) the transmittal of information by any means, including (by way of example and not as an exclusive list) any meeting,

2

conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, e-mail, instant message, or other medium.

11. The term "concerning" means related to, referring to, describing, evidencing, proving, disproving, summarizing, containing, analyzing, explaining, mentioning, discussing, describing, or constituting.

12. The term "document" is used in the broadest possible sense permissible under the meaning of the Federal Rules of Civil Procedure, and shall refer to and include each and every written, recorded or graphic matter or material of any kind, type, nature or description (whether in tangible hard-copy, printed or electronic form) that is, or has been, in Your possession, custody or control. This includes all hard-copy documents, correspondences, memoranda, tapes, stenographic or handwritten notes, forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, telephone records, electronic mail, instant messages, computer files, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, surveys, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks or diskettes, brochures, pamphlets, or any other written or recorded materials however stored, recorded, produced, or reproduced (whether in tangible, hard-copy, printed, or electronic form). This definition shall include all drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original or final documents or that are

otherwise not identical to the original or final documents. This definition shall include communications.

    13.    The term "identify":

        a.    When used in reference to a natural person, means provide (i) full name; (ii) present or last known business and residential address; (iii) present or last known business affiliation; (iv) present or last known business position (including job title and a description of job functions, duties and responsibilities); (v) present or last known telephone number(s); and (vi) present or last known email address(es).

        b.    When used with reference to any entity other than a natural person, means provide (i) its full name; (ii) the address of its principal place of business; (iii) the identity of all individuals who acted on its behalf in connection with the matters referred to in these Interrogatories; (iv) whether such individuals are current or former employees of the entity; (v) the present or last known telephone number(s); and (vi) the present or last known email address(es).

        c.    When used in reference to a document, means provide (i) the nature of the document (e.g., letter, contract, memorandum); (ii) the Bates number, if applicable, and any other information that would facilitate the identification thereof (e.g., its title, filename, index file); (iii) its date of preparation; (iv) its present location and the identity (as defined above) of its present custodian or, if its present location and custodian are not known, a description of its last known location, and disposition; (v) its subject

matter and substance; (vi) the identity (as defined above) of each person who performed any function or had any role in connection therewith (i.e., author, contributor of information, recipient, etc.) or who has any knowledge thereof together with a description of each such person's function, role or knowledge; and (vii) if the document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such document no longer exists, and the identity (as defined above) of the person(s) responsible for the destruction or loss of the document, and the identity of its last custodian.

    d.      When used in connection with an event, decision, action, or fact means provide (i) the nature of the event, decision, action, or fact; (ii) the date on which the event, decision, action, or fact occurred; (iii) the time and place of the event, decision, action, or fact; (iv) the identity (as defined above) of each person who performed any function or had any role in connection therewith or who has any knowledge thereof together with a description of each such person's function, role or knowledge; and (v) the identity (as defined above) of each document that refers thereto or that was used, referred to or prepared in the course of as a result thereof.

14.     The term "including" shall be understood to mean "including but not limited to" and shall not limit the scope of any Interrogatory.

15.     If any information called for by an Interrogatory is withheld on the basis of a claim of privilege or attorney work product, the claimed basis for withholding the information and the nature of the information withheld shall be set forth, together with a statement of all the

circumstances relied upon to support such claim, including the date the information was conveyed, the form of the information, the identity of the Persons who have knowledge of the privileged communication, the business relationship of each to You, and, in the case of information withheld on the grounds of attorney work-product, the identity of the attorney for whom the privilege is claimed, the nature of the work product and the litigation in anticipation of which the work was prepared.

16. When an Interrogatory asks for specific information, such as a date, and the specific information requested is not known to You, such Interrogatory shall be deemed to ask You to approximate the information requested, provided that You indicate in Your response that the information being provided is an approximation or is incomplete in certain specific respects.

17. If any Interrogatory is answered by reference to a document or group of documents, with respect to each such Interrogatory answer, identify (as defined above) the specific document or documents containing the requested information by Bates number (if applicable); in the case of multi-page documents (e.g., transcripts of depositions, answers to interrogatories, etc.), the subject matter, dates and page numbers should be specified. In answering these Interrogatories, You shall not rely without detailed explanation on general descriptions of information in documents in lieu of specific factual statements.

18. Unless otherwise stated, the Relevant Period covered by the Interrogatories is January 1, 2022 through present.

19. Given the nature of Plaintiff's claims, including the claims under 28 U.S.C. §§ 2252 and 2252A, some of the Interrogatories call for material that could evidence the existence, production, or review of potential child sexual abuse material ("CSAM"). To the extent that material constituting CSAM is found in Defendant Guo's review and is responsive to the

Interrogatories, no CSAM or any similar material that would be unlawful for a private party to possess or receive shall be provided to Plaintiff or Plaintiff's counsel. Plaintiff proposes a meet and confer with Guo to establish a protocol to be presented to and ordered by the Court addressing how such material will be handled in this Action, including to ensure that Plaintiff can obtain the discovery necessary to prosecute her claims while remaining fully compliant with all applicable laws, including those governing CSAM.

## **INTERROGATORIES**

1. Describe Your role and/or involvement in establishing the Know-Your-Customer ("KYC") process and guidelines in place during the time when minor Creators, such as but not limited to Plaintiff, were permitted to join the Passes platform.

2. Describe Your role and/or involvement with developing, establishing, programming, overseeing, or refining the operation of the Passes machine learning algorithm and classifiers, including the "three comprehensive, industry-leading third-party content moderation systems," referred to in the "Passes Defendants' Motion to Dismiss the Complaint and to Strike the Complaint's Class Action Allegations," dated April 28, 2025, (ECF No. 12 at 2), that purportedly review all content uploaded to the Passes platform.

3. Describe Your role/and involvement as Passes CEO and founder in ensuring Passes' compliance with reporting requirements to the National Center for Missing & Exploited Children.

4. Describe each instance in which You were informed, notified, or otherwise made aware that the machine learning algorithm and classifiers identified images and videos of minors or potential minors engaged in sexually explicit conduct and describe Your response in each instance, including, to Your knowledge, whether a report was submitted to the National Center for

Missing & Exploited Children.

5. Describe the scope, extent, and circumstances of Your relationship to and/or with Alec Celestin ("Celestin"), Nofhotos Group LLC and WLM Management LLC, from August 1, 2022 to present.

6. Describe Your role and/or involvement in the engagement of Celestin to perform marketing, recruitment, or other tasks on behalf of Passes.

7. Describe the circumstances and context of the photos of You and Celestin referenced in Plaintiff's Complaint ¶¶ 50-51 (ECF No. 1).

8. Describe the scope of Lani Ginoza's ("Ginoza") work as a former director of talent at Passes.

9. Describe the extent and frequency of Your interactions with Ginoza when she was a former director of talent at Passes.

10. Describe Your role and/or involvement in the creation, implementation, enforcement and modification of the Passes Community and Content Guidelines Part 13 Minor Safety.

11. Describe the process through which "Verifiable Parent Consent" procedures or Passes' direct messaging ban for minor Creator profiles can be overridden, disabled, or otherwise restricted by You.

12. Identify all instances in which You authorized or executed any such overriding, disabling, or restricting of "Verifiable Parent Consent" procedures or Passes' direct messaging ban for minor Creator profiles, and Your rationale for each such decision.

13. Identify Your role and/or involvement in the suspension of Plaintiff's access to her Creator profile on or about February 18, 2025.

14. Identify Your role and/or involvement in all instances where any minor Creator profiles were suspended, removed, or deactivated from Passes and the reason for such suspension, removal, or deactivation.

15. Describe Your knowledge of and Your involvement in the decision to remove the option for minor Creators to join Passes, on or about February 24, 2025, and identify any Persons with whom You discussed the decision.

16. Identify the dates and duration of Your stays in Miami, Florida from July 1, 2024 through March 1, 2025.

17. Identify the time period during which You maintained, or continue to maintain, a residence in Miami, Florida.

18. Identify the locations of Your computers, servers, other electronic devices, physical files, records, and archives, past and current, that may contain documents relevant to this Action.

19. Without regard to the Relevant Period, identify all Documents consulted, referred to, or used in responding to these Interrogatories, to the extent not otherwise identified in Your response.

20. Identify the Persons who provided information for, or otherwise contributed to, responding to these Interrogatories, and describe the extent and scope of such Persons' knowledge.

21. Identify all Persons who You intend to call at trial or at any deposition or hearing in this matter.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on July 2, 2025, the foregoing document was served on counsel for Defendant Guo and not filed of record pursuant to S.D. Fla. L. R. 26.1(b)(2).

Date: July 2, 2025

Respectfully submitted,

CLARK SMITH VILLAZOR LLP

*/s/ Christopher J. Clark*
Christopher J. Clark, Esq.
clark@csvllp.com
(admitted *pro hac vice*)
Rodney Villazor, Esq.
rodney.villazor@csvllp.com
(admitted *pro hac vice*)
Michelle E. Lee, Esq.
michelle.lee@csvllp.com
(admitted *pro hac vice*)
Natalia Lima, Esq.
natalia.lima@csvllp.com
(admitted *pro hac vice*)

666 Third Avenue, 21st Floor
New York, New York 10017
(212) 377-0850


SCHWARTZ | BRESLIN PLLC

*/s/ Jonathan N. Schwartz*
Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
E-Mail: JS@JSJB.Law; Tel.: (305) 577-4626
Schwartz Breslin PLLC
The Alfred I. DuPont Building, Ste. 700
169 E. Flagler St., Miami, FL 33131

*Attorneys for Plaintiff*

10