# EXHIBIT 2

CONFIDENTIAL

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALICE ROSENBLUM, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PASSES, INC., NOFHOTOS GROUP LLC, WLM MANAGEMENT LLC, LUCY GUO, ALEC CELESTIN, and LANI GINOZA, <br><br> Defendants. | Civ. Action No. 1:25-cv-20899-JEM |

## DEFENDANT LUCY GUO'S OBJECTIONS TO
## PLAINTIFF ALICE ROSENBLUM'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Rule 26.1 of the Local Rules for the United States District Court for the Southern District of Florida ("Local Rules"), Defendant Lucy Guo ("Guo"), by and through her undersigned attorneys, objects to Plaintiff Alice Rosenblum's First Set of Interrogatories, dated July 2, 2025 ("Interrogatories"), in the above-captioned action ("Action") as follows:

## GENERAL OBJECTIONS

1.       Guo makes the following General Objections to the Interrogatories, which form a part of Guo's response to each specific Interrogatory. Although some or all of these General Objections may be specifically invoked in a response to an individual Interrogatory, failure to make a General Objection in response to a specific Interrogatory should not be construed as a waiver of any General Objection. The fact that an Objection is not listed herein does not constitute a waiver of that Objection or otherwise preclude Guo from raising that Objection at a later time.

2.      Guo objects to responding to the Interrogatories at this time because they are premature.  Because venue does not lie in the Southern District of Florida, because Passes, Inc. ("Passes") and Guo are immune from liability under Section 230 of the Communications Decency Act, because the Complaint does not state a claim against Passes or Guo, Passes and Guo have sought a stay of discovery pending the outcome of Passes and Guo's Motion to Dismiss, and Guo will not respond to these Interrogatories unless and until discovery in this Action commences.  Guo makes these Objections to the Interrogatories solely to preserve the Objections should discovery in this Action commence.  By making these Objections, Guo does not intend to waive, and hereby reserves, any and all objections to discovery commencing before Passes and Guo's Motion to Dismiss is decided.

3.      Guo objects to each instruction, definition, or Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privileges, doctrines, immunities, laws, rules, or exemptions from disclosure.  Specific Objections on the ground of privilege or protection are provided herein for emphasis and clarity only, and the absence of a Specific Objection should not be interpreted as indicating that Guo does not object to a specific Interrogatory on the basis of any applicable privilege, doctrine, immunity, law, rule, or exemption protecting information from disclosure.  The inadvertent disclosure of any information that is subject to the attorney-client privilege, work-product doctrine, or any other privilege or immunity from discovery shall not constitute a waiver of any such privilege, immunity, claim of confidentiality or any ground for objecting to discovery with respect to such information, or the right of Guo to object to the use of any such information in this Action or elsewhere.

4.      Guo objects to the Interrogatories to the extent that each is vague, ambiguous, overbroad, unduly burdensome, and lacking in particularity, or seeks the discovery of information that is neither relevant to the claims or defenses of any party to, nor proportional to the needs of, the Action, as well as to the extent that the Interrogatories are unduly burdensome because they impose a significant burden, expense, and inconvenience on Guo that outweighs the likely benefit of the Interrogatories.

5.      Guo objects to the Interrogatories to the extent they seek or purport to require Guo to respond with information that is not in Guo's knowledge, possession, custody, or control.

6.      Guo objects to the Interrogatories to the extent they purport to expand or alter the scope of discovery or impose requirements that are inconsistent with the Federal Rules of Civil Procedure, the Local Rules, any order that may be entered in this Action, including any confidentiality order, protective order, case management plan, or scheduling order, or any other applicable laws or rules (the "Applicable Rules").  Guo will construe and, if necessary and at the appropriate time, respond to the Interrogatories in accordance with the Applicable Rules.

7.      Guo's Objections to the Interrogatories are made without in any way waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatories; (b) the right to object on any ground to the information disclosed in any response to the Interrogatories at any hearing or trial; or (c) the right to object on any ground at any time to a demand for further responses to the Interrogatories.

8.      Guo objects to the Interrogatories to the extent they purport to seek information reflecting trade secrets, or that is confidential, proprietary, commercially sensitive, competitively

significant, or otherwise sensitive or subject to third-party rights and to any forthcoming confidentiality stipulations and orders.

9.      Guo objects to the Interrogatories to the extent they seek they seek "any" or "all" pieces of information as overbroad and unduly burdensome.

10.     Guo objects to the Interrogatories to the extent that they are unreasonably cumulative or duplicative.

11.     Guo objects to each Interrogatory, because Plaintiff has already served over 25 Interrogatories on Defendant Passes, and each of the Interrogatories to Guo relate to claims against Guo solely in her capacity as CEO.  Plaintiff has thus already exceeded the limit on Interrogatories set forth in the Federal Rules of Civil Procedure.

12.     Guo objects to the Interrogatories to the extent they state or suggest a conclusion as to any disputed issue of fact or law, and to the extent the Interrogatories contain any factual assumptions, implications, and explicit or implicit characterizations of facts, events, circumstances, or issues.  Guo reserves all rights to contest any issue of fact and law, and nothing contained in these Objections is intended as, or shall be deemed, an admission, agreement, or acceptance of any factual or legal allegation, conclusion, characterization, or assumption in the Interrogatories.

13.     Guo objects to the Interrogatories because multiple specific Interrogatories contain discrete subparts such that the Interrogatories exceed the 25-interrogatory limit under the Applicable Rules.  *See* Fed. R. Civ. P. 33, Advisory Committee Notes, 1933 Amendment ("Parties cannot evade this presumptive [25-interrogatory] limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects.").  Specifically, Interrogatory No. 4 contains at least two discrete subparts; Interrogatory No. 5 contains at least three discrete subparts; Interrogatory No. 12 contains at least two discrete subparts; Interrogatory

No. 14 contains at least two discrete subparts; and Interrogatory No. 15 contains at least two discrete subparts.

14.     The failure of Guo to assert a Specific Objection to any particular aspect of the Interrogatories (including, but not limited to, the Interrogatories' Definitions and Instructions) is not, and should not be construed as, an admission that responsive information or documents exist.

15.     To the extent Guo responds to the Interrogatories if and when discovery in this Action commences, Guo reserves the right, but does not assume the obligation, to rely on any facts, documents, evidence, or other contentions that may develop or come to its attention at a later time and to supplement or amend these responses at any time prior to the trial in this Action.  Guo further reserves the right to raise any additional objections.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.     Guo objects to the requested time period of "January 1, 2022 through the present" as overbroad, unduly burdensome, and not proportional to the needs of the case, because Passes was not founded until April 2022, and because Plaintiff did not join Passes until August 2024.

2.     Guo objects to the definition of the terms "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it purports to include information that is not within Guo's knowledge, possession, custody, or control, including to the extent the definition purports to include unspecified "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under Your control or acting or purporting to act for or on Your behalf."  To the extent Guo responds to the Interrogatories if and when discovery in this Action

5

commences, any such responses will be based only on information in the knowledge, possession, custody, and control of Guo.

3. Guo objects to the definition of the terms "Creator" and "Creators" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as creators on Passes, including individuals who create content on behalf of individuals who are registered as creators. To the extent Guo responds to the Interrogatories if and when discovery in this Action commences, Guo will construe the terms "Creator" and "Creators" to mean individuals with creator accounts on Passes.

4. Guo objects to the definition of the term "Communication" as vague, ambiguous, overbroad, and unduly burdensome. Guo further objects to the definition of the term "Communication" to the extent that it purports to include communications that are not within Guo's knowledge, possession, custody, or control.

5. Guo objects to the definition of the term "Document" as vague, ambiguous, overbroad, and unduly burdensome. Guo further objects to the definition of "Document" to the extent it purports to include documents that are not within Guo's possession, custody, or control.

6. Guo objects to the definition of "identify" when used in conjunction with "any" or "all" to the extent it purports to require Guo to draw on information outside the knowledge, possession, custody, or control of Guo.

## SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1:** Describe Your role and/or involvement in establishing the Know-Your-Customer ("KYC") process and guidelines in place during the time when minor Creators, such as but not limited to Plaintiff, were permitted to join the Passes platform.

**<u>OBJECTIONS TO INTERROGATORY NO. 1</u>:**  Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Guo further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information to the extent it seeks information about Passes' KYC process prior to Plaintiff joining Passes.  Guo further objects to this Interrogatory as overbroad and unduly burdensome to the extent it purports to seek information about the role and/or involvement of any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf" in establishing Passes' KYC process and guidelines.  Guo further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or discovery protection.

**<u>INTERROGATORY NO. 2</u>:** Describe Your role and/or involvement with developing, establishing, programming, overseeing, or refining the operation of the Passes machine learning algorithm and classifiers, including the "three comprehensive, industry-leading third-party content moderation systems," referred to in the "Passes Defendants' Motion to Dismiss the Complaint and to Strike the Complaint's Class Action Allegations," dated April 28, 2025, (ECF No. 12 at 2), that purportedly review all content uploaded to the Passes platform.

**<u>OBJECTIONS TO INTERROGATORY NO. 2</u>:**  Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Guo further objects to this Interrogatory as vague and ambiguous to the extent it seeks information about Guo's purported "role" and "involvement" in "overseeing[] or refining" Passes' machine learning algorithm and classifiers.  Guo further objects to this Interrogatory as overbroad and unduly burdensome to the extent it purports to seek information about the role and/or

involvement of any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf" in developing, establishing, programming, overseeing, or refining the operation of Passes' machine learning algorithm and classifiers.  Guo further objects to this Interrogatory to the extent it assumes as true that Guo had a "role" or was "involve[d]" in "programming, overseeing, or refining" Passes' machine learning algorithm and classifiers.   Guo further objects to this Interrogatory to the extent it mischaracterizes the meaning of "content" as used in Passes and Guo's Motion to Dismiss.  Guo further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or discovery protection.

**INTERROGATORY NO. 3:** Describe Your role/and involvement as Passes CEO and founder in ensuring Passes' compliance with reporting requirements to the National Center for Missing & Exploited Children.

**OBJECTIONS TO INTERROGATORY NO. 3:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.   Guo further objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking irrelevant information to the extent it seeks information about Guo's purported role and involvement in ensuring compliance with unidentified "reporting requirements" to the National Center for Missing & Exploited Children, including because it does not identify the "requirements" to which it refers, and to the extent it seeks information about reporting to the National Center for Missing & Exploited Children that are unrelated to reports of actual or suspected child sex abuse material.  Guo further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any

8

other applicable privilege, immunity, or discovery protection. Guo further objects to this Interrogatory to the extent it purports to seek information about the role or involvement of any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf" in making reports to the National Center for Missing & Exploited Children.

**INTERROGATORY NO. 4:** Describe each instance in which You were informed, notified, or otherwise made aware that the machine learning algorithm and classifiers identified images and videos of minors or potential minors engaged in sexually explicit conduct and describe Your response in each instance, including, to Your knowledge, whether a report was submitted to the National Center for Missing & Exploited Children.

**OBJECTIONS TO INTERROGATORY NO. 4:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss. Guo further objects to this Interrogatory as vague and ambiguous to the extent it seeks information about Guo being "otherwise made aware" of specific content identified by the machine learning algorithm and classifiers. Guo further objects to this Interrogatory as overbroad and unduly burdensome to the extent it purports to require Guo to describe every instance in which any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf" were informed, notified, or otherwise made aware that Passes' machine learning algorithm and classifiers identified actual or potential child sex abuse material. Guo further objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking irrelevant information to the extent it seeks information about content depicting "potential minors" engaged in "sexually explicit conduct." If and when discovery in this Action commences, Guo will construe

9

content depicting "sexually explicit conduct" as content identified by Passes' content enforcement process as violating Passes' content and community guidelines on explicit adult content.  Guo further objects to this Interrogatory to the extent it assumes as true that Guo was "informed, notified, or otherwise made aware" in real-time that Passes' machine learning algorithm and classifiers identified content as child sex abuse material.  Guo further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or discovery protection.  Guo further objects to this Interrogatory because it contains at least two discrete subparts, resulting in more than 25 interrogatories.

**INTERROGATORY NO. 5:** Describe the scope, extent, and circumstances of Your relationship to and/or with Alec Celestin ("Celestin"), Nofhotos Group LLC and WLM Management LLC, from August 1, 2022 to present.

**OBJECTIONS TO INTERROGATORY NO. 5:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Guo further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information to the extent it seeks information about Guo's purported "relationship" with Celestin, Nofhotos Group LLC, and WLM Management, LLC for a three-year period, including because Plaintiff did not join Passes until August 2024, because Nofhotos Group LLC was not registered to do business until June 2023, and because WLM Management, LLC was not registered to do business until July 2023  Guo further objects to this Interrogatory to the extent it purports to seek information about the relationship between any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf" and Celestin, Nofhotos Group LLC, and

WLM Management, LLC.  Guo further objects to this Interrogatory because it contains at least three discrete subparts, resulting in more than 25 interrogatories.

**INTERROGATORY NO. 6:** Describe Your role and/or involvement in the engagement of Celestin to perform marketing, recruitment, or other tasks on behalf of Passes.

**OBJECTIONS TO INTERROGATORY NO. 6:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Guo further objects to this Interrogatory as vague and ambiguous to the extent it seeks information about Guo's purported role or involvement in engaging Celestin to perform unidentified "other tasks" on behalf of Passes.  Guo further objects to this Interrogatory as overbroad and unduly burdensome to the extent it purports to seek information about the role or involvement of any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf" in engaging Celestin to market, recruit, or perform other tasks on behalf of Passes. Guo further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information to the extent it seeks information about marketing or recruiting efforts for a three-and-a-half-year period, including because Passes was not founded until April 2022 and Plaintiff did not join Passes until August 2024, and to the extent it seeks information about marketing and recruiting efforts that were not directed at minors.

**INTERROGATORY NO. 7:** Describe the circumstances and context of the photos of You and Celestin referenced in Plaintiff's Complaint ¶¶ 50-51 (ECF No. 1).

**OBJECTIONS TO INTERROGATORY NO. 7:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Guo further objects to this Interrogatory as vague and ambiguous to the extent it seeks

information about the "circumstances" and "context" of the photographs identified in the Complaint. Guo further objects to this Interrogatory to the extent it seeks information that is not within Guo's knowledge, possession, custody, or control, including because it seeks information about photographs that purport to be posted on an Instagram account that belongs to Celestin.

**INTERROGATORY NO. 8:** Describe the scope of Lani Ginoza's ("Ginoza") work as a former director of talent at Passes.

**OBJECTIONS TO INTERROGATORY NO. 8:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss. Guo further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information, including because the Complaint does not allege that Ginoza engaged in any wrongful conduct while she was employed at Passes, because Ginoza was not employed by Passes at any time during which Plaintiff had an account on Passes, and because the scope of Ginoza's work at Passes is not relevant to any claim or defense in this action. Guo further objects to this Interrogatory to the extent it seeks information that is not within Guo's knowledge, possession, custody, or control, and to the extent it seeks information that is available from a more convenient, less burdensome, or less expensive source, including Ginoza.

**INTERROGATORY NO. 9:** Describe the extent and frequency of Your interactions with Ginoza when she was a former director of talent at Passes.

**OBJECTIONS TO INTERROGATORY NO. 9:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss. Guo further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information, including because the Complaint does not allege that Ginoza engaged in any wrongful conduct when she was employed at Passes, because Ginoza was not employed by Passes

at any time during which Plaintiff had an account on Passes, and because the "extent and frequency" of Guo's interactions with Ginoza while she was employed at Passes is not relevant to any claim or defense in this action.  Guo further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information to the extent it purports to seek information about the extent and frequency of interactions between any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf" and Ginoza while Ginoza was employed at Passes.

**INTERROGATORY NO. 10:** Describe Your role and/or involvement in the creation, implementation, enforcement and modification of the Passes Community and Content Guidelines Part 13 Minor Safety.

**OBJECTIONS TO INTERROGATORY NO. 10:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Guo further objects to this Interrogatory as seeking irrelevant information to the extent it seeks information predating Plaintiff joining Passes as that information is not relevant to any claim or defense in this Action.  Guo further objects to this Interrogatory as overbroad and unduly burdensome to the extent it purports to seek information about the role and/or involvement of any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf" in creating, implementing, enforcing, or modifying Passes' Community and Content Guidelines Part 13 Minor Safety.  Guo further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or discovery protection.

**INTERROGATORY NO. 11:** Describe the process through which "Verifiable Parent Consent" procedures or Passes' direct messaging ban for minor Creator profiles can be overridden, disabled, or otherwise restricted by You.

**OBJECTIONS TO INTERROGATORY NO. 11:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Guo further objects to this Interrogatory to the extent it assumes as true that there is a "process" through which "Verifiable Parent Consent" procedures or Passes' direct messaging ban for minor creator profiles can be overridden by Guo.  Guo further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or discovery protection.  Guo further objects to the use of the term "Creator" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as creators.  Guo further objects to this Interrogatory as overbroad and unduly burdensome to the extent it purports to seek information about the process through which any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf" can override, disable, or otherwise restrict the "Verifiable Parent Consent" and direct messaging ban for minor creators.

**INTERROGATORY NO. 12:** Identify all instances in which You authorized or executed any such overriding, disabling, or restricting of "Verifiable Parent Consent" procedures or Passes' direct messaging ban for minor Creator profiles, and Your rationale for each decision.

**OBJECTIONS TO INTERROGATORY NO. 12:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to

Dismiss.  Guo further objects to this Interrogatory to the extent it assumes as true that Guo ever "authorized or executed" the "overriding, disabling, or restricting of 'Verifiable Parent Consent' procedures or Passes' direct messaging ban for minor Creator profiles."  Guo further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information to the extent it requests that Guo identify "all" instances of purportedly "authoriz[ing] or execut[ing]" the overriding of Passes' "Verifiable Parent Consent" procedures or Passes' direct messaging ban for minor creators, and to the extent it purports to seek information about "all" instances of any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf" purportedly "authoriz[ing] or execut[ing]" the overriding of Passes' "Verifiable Parent Consent" procedures or Passes' direct messaging ban for minor creators.  Guo further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or discovery protection.  Guo further objects to the use of the term "Creator" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as creators.  Guo further objects to the use of the term "Identify" as overbroad and unduly burdensome to the extent it purports to require Guo to provide "the identity . . . of each person who performed any function or had any role in connection with" Guo's purported authorizing or executing the overriding of Passes' "Verifiable Parent Consent" procedures or Passes' direct messaging ban for minor creators and "a description of each such person's function, role or knowledge."  Guo further objects to this Interrogatory because it contains at least two discrete subparts, resulting in more than 25 interrogatories.

**INTERROGATORY NO. 13:** Identify Your role and/or involvement in the suspension of Plaintiff's access to her Creator profile on or about February 18, 2025.

**OBJECTIONS TO INTERROGATORY NO. 13:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Guo further objects to this Interrogatory as overbroad and unduly burdensome to the extent it purports to seek information about the role and/or involvement of any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf" in the suspension of Plaintiff's access to her creator profile.  Guo further objects to the use of the term "Identify" as overbroad and unduly burdensome to the extent it purports to require Guo to provide "the identity . . . of each person who performed any function or had any role in connection with" Guo's purported involvement in the suspension of Plaintiff's access to her creator profile "together with a description of each such person's function, role or knowledge."

**INTERROGATORY NO. 14:** Identify Your role and/or involvement in all instances where any minor Creator profiles were suspended, removed, or deactivated from Passes and the reason for such suspension, removal, or deactivation.

**OBJECTIONS TO INTERROGATORY NO. 14:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Guo further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information to the extent it seeks information about "all" instances in which any minor creator profiles were suspended, removed, or deactivated over a three-and-a-half-year period, as not all profile suspensions, removals, or deactivations are relevant to the claims or defenses in this Action.  Guo further objects to the use of the term "Identify" as overbroad and unduly burdensome

16

to the extent it purports to require Guo to provide "the identity . . . of each person who performed any function or had any role in connection with" the suspension, removal, or deactivation of minor creators' accounts "together with a description of such person's function, role or knowledge."  Guo further objects to this Interrogatory as overbroad and unduly burdensome to the extent it purports to seek information about the role and/or involvement of any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf" in suspending, removing, or deactivating any minor creator accounts on Passes.  Guo further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or discovery protection.  Guo further objects to the use of the term "Creator" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include individuals who are not registered as creators on Passes, including individuals who upload or create content on behalf of individuals who are registered as creators.  Guo further objects to this Interrogatory because it contains at least two discrete subparts, resulting in more than 25 interrogatories.

**INTERROGATORY NO. 15:** Describe Your knowledge of and Your involvement in the decision to remove the option for minor Creators to join Passes, on or about February 24, 2025, and identify any Persons with whom You discussed the decision.

**OBJECTIONS TO INTERROGATORY NO. 15:**  Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Guo further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or discovery protection.  Guo further objects to this Interrogatory as seeking irrelevant

information because the identity of individuals with whom Guo discussed the decision to remove minor creators from Passes is not relevant to any claims or defenses in this Action.  Guo further objects to the use of the term "Identify" as overbroad and unduly burdensome to the extent it purports to require Guo to provide the "knowledge" of any individual with whom she discussed the decision to remove minor creators from Passes.  Guo further objects to this Interrogatory as overbroad and unduly burdensome to the extent it purports to seek information about the knowledge of or involvement by any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf" in the decision to remove minor creators from the Passes platform.  Guo further objects to this Interrogatory because it contains at least two discrete subparts, resulting in more than 25 interrogatories.

**INTERROGATORY NO. 16:** Identify the dates and duration of Your stays in Miami, Florida from July 1, 2024 through March 1, 2025.

**OBJECTIONS TO INTERROGATORY NO. 16:** Guo objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss.  Guo further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information because the "dates and duration" of Guo's purported stays in Miami are neither relevant to any claim or defense in this Action nor to determining that venue does not lie in the Southern District of Florida.  The Court has not ordered an evidentiary hearing to resolve Passes and Guo's Motion to Dismiss, or, in the Alternative, to Transfer Venue, and, even if it had, the "dates and duration" of Guo's purported stays in Miami, Florida are not relevant to determining that venue does not lie in the Southern District of Florida.  Guo further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information to the extent it purports to

request information about the "dates and duration" of the stays in Miami, Florida of any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf."

**INTERROGATORY NO. 17:** Identify the time period during which You maintained, or continue to maintain, a residence in Miami, Florida.

**OBJECTIONS TO INTERROGATORY NO. 17:** Guo objects to this Interrogatory as premature because discovery should be stayed pending the outcome of Passes and Guo's Motion to Dismiss. Guo further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information because whether, for a three-and-a-half-year period, Guo maintained a residence in Miami, Florida is neither relevant to any claim or defense in this Action nor to determining that the Complaint fails to allege that venue lies in the Southern District of Florida. The Court has not ordered an evidentiary hearing to resolve Passes and Guo's Motion to Dismiss, or, in the Alternative, to Transfer Venue and, unless and until the Court decides that an evidentiary hearing is required to resolve the Motion, the location of Guo's residence is irrelevant. Guo further objects to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information to the extent it purports to request information about the time period during which any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf" maintained a residence in Miami, Florida.

**INTERROGATORY NO. 18:** Identify the locations of Your computers, servers, other electronic devices, physical files, records, and archives, past and current, that may contain documents relevant to this Action.

**OBJECTIONS TO INTERROGATORY NO. 18:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss. Guo further objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information about Guo's "past" computers, servers, other electronic devices, physical files, records, and archives. Guo further objects to this Interrogatory as seeking irrelevant information because the location of Guo's computers, servers, other electronic devices, physical files, records, and archives are neither relevant to any claim or defense in this Action nor to determining that the Complaint fails to allege that venue lies in the Southern District of Florida. The Court has not ordered an evidentiary hearing to resolve Passes and Guo's Motion to Dismiss, or, in the Alternative, to Transfer Venue and, unless and until the Court decides that an evidentiary hearing is required to resolve the Motion, the location of Guo's computers, servers, other electronic devices, physical files, records, and archives is irrelevant. Guo further objects to this Interrogatory to the extent it seeks information about the location of computers, servers, other electronic devices, physical files, records, and archives of any of Guo's "present and former agents, accountants, principals, attorneys, and any and all persons now or previously under [Guo's] control or acting or purporting to act for or on [Guo's] behalf."

**INTERROGATORY NO. 19:** Without regard to the Relevant Period, identify all Documents consulted, referred to, or used in responding to these Interrogatories, to the extent not otherwise identified in Your response.

**RESPONSE TO INTERROGATORY NO. 19:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss. Guo further objects to this Interrogatory as overbroad and unduly burdensome to the extent it purports to expand the "Relevant Period" beyond the already overbroad and unduly

burdensome three-and-a-half-year period requested.  Guo further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or discovery protection.  Guo further objects to the use of the term "Documents" as vague, ambiguous, overbroad, and unduly burdensome.  Guo further objects to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and seeking irrelevant information to the extent it purports to require Guo to identify documents "consulted" or "referred to," but not relied upon or used, in responding to the Interrogatories.

**INTERROGATORY NO. 20:** Identify the Persons who provided information for, or otherwise contributed to, responding to these Interrogatories, and describe the extent and scope of such Persons' knowledge.

**RESPONSE TO INTERROGATORY NO. 20:** Guo objects to this Interrogatory as premature because discovery should be stayed pending resolution of Passes and Guo's Motion to Dismiss.  Guo further objects to this Interrogatory because it exceeds the permitted 25-interrogatory limit.  Guo further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or discovery protection.  Guo further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent it requests Guo identify individuals who "contributed to" Guo responding to the Interrogatories, and to the extent it requests Guo describe "the extent and scope of such Persons' knowledge" without limiting the request to the individual's knowledge that aided Guo's responses to the Interrogatories.

**INTERROGATORY NO. 21:** Identify all Persons who You intend to call at trial or at any deposition or hearing in this matter.

CONFIDENTIAL

Dated: August 1, 2025

|  | /s/ *Brian W. Toth* |
|---|---|
| Rollo C. Baker, IV (admitted *pro hac vice*) | Brian W. Toth |
| Vivek Tata (admitted *pro hac vice*) | Florida Bar No. 57708 |
| Alexander S. Davis (admitted *pro hac vice*) | Freddy Funes |
| Chase J. Shelton (admitted *pro hac vice*) | Florida Bar No. 87932 |
| Elsberg Baker & Maruri, PLLC | Toth Funes PA |
| 1 Penn Plaza | Ingraham Building |
| New York, NY 100119 | 25 Southeast Second Avenue, Suite 805 |
| Tel: (212) 597-2602 | Miami, Florida 33131 |
| rbaker@elsberglaw.com | (305) 717-7850 |
| vtata@elsberglaw.com | btoth@tothfunes.com |
| adavis@elsberglaw.com | ffunes@tothfunes.com |
| cshelton@elsberglaw.com | |
| | |
| *Counsel for Defendants Passes, Inc. and Lucy Guo* | *Counsel for Defendants Passes, Inc. and Lucy Guo* |

CONFIDENTIAL

## <u>CERTIFICATE OF SERVICE</u>

I, Alexander Davis, hereby certify that on August 1, 2025, I caused a true and correct copy of Defendant Passes, Inc.'s Responses and Objections to Plaintiff's First Set of Interrogatories to Defendant Passes, Inc. to be served on all counsel of record via email.

<u>/s/ *Alexander Davis*               </u>
Alexander Davis