# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| ALICE ROSENBLUM, on behalf of herself and all others similarly situated, |  |
| Plaintiff, | Civ. Action No. 1:25-cv-20899-JEM |
| v. |  |
| PASSES, INC., NOFHOTOS GROUP LLC, WLM MANAGEMENT LLC, LUCY GUO, ALEC CELESTIN, and LANI GINOZA, |  |
| Defendants. |  |

## <u>DEFENDANTS PASSES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO PASSES</u>

Date:  August 27, 2025

Rollo C. Baker, IV (admitted *pro hac vice*)
Vivek Tata (admitted *pro hac vice*)
Alexander S. Davis (admitted *pro hac vice*)
Chase J. Shelton (admitted *pro hac vice*)
Elsberg Baker & Maruri PLLC
1 Penn Plaza Suite 4015
New York, NY 10019
Tel: 917-923-2401
rbaker@elsberglaw.com
vtata@elsberglaw.com
adavis@elsberglaw.com
cshelton@elsberglaw.com

Brian W. Toth
Freddy Funes
Toth Funes PA
25 Southeast Second Avenue Suite 805
Miami, Florida 33131
Tel: 305-717-7851
btoth@tothfunes.com
ffunes@tothfunes.com

*Counsel for Passes, Inc. and Lucy Guo*

## INTRODUCTION

Plaintiff moves to compel Defendant Passes, Inc. ("Passes") to respond to her First Set of Interrogatories to Passes (the "Interrogatories"). Plaintiff's Motion comes while the Passes Defendants (Passes plus Defendant Lucy Guo) have a pending dispositive Motion to Dismiss (ECF No. 12), as well as pending Motions to Stay Discovery (ECF No. 48) and for a Protective Order (ECF No. 58), requesting that the Court temporarily stay discovery pending resolution of the Passes Defendants' Motion to Dismiss. And because Plaintiff is moving to compel Passes to respond to more than 25 interrogatories, the Motion is also an attempt to circumvent the discovery limits set forth in the Federal Rules of Civil Procedure. The Court should deny the Motion.

## ARGUMENT

### I.     Passes Is Not Improperly Withholding Discovery

Passes has not "unilaterally granted" itself a stay; to the contrary, Passes has timely and promptly served objections to Plaintiff's Interrogatories, and the Passes Defendants moved for both a stay of discovery (ECF. No. 48) (which the Passes Defendants filed the ***day after*** Plaintiff made clear its position on the parties' meet and confer) and a protective order (ECF. No. 58). Plaintiff's moving full bore with discovery *before* the Court has even had an opportunity to rule on the Passes Defendants' Motion to Stay Discovery and Motion for Protective Order is an unfair and thinly veiled attempt to moot the relief that the Passes Defendants have lawfully sought.

At bottom, this is a unique case where frivolous and scandalous claims have been lodged against the Passes Defendants—the "deep pockets" who rejected Plaintiff's counsel's pre-suit $15 million holdup demand—and those claims are almost certain to be dismissed. The Motion to Dismiss, which is dispositive on three independent and meritorious grounds, has been fully briefed since May 19, 2025. Under these circumstances, where the Motion to Dismiss is meritorious and

the requested discovery is no more than a burdensome fishing expedition, it would be highly unfair and prejudicial to subject the Passes Defendants to potentially unnecessary, expensive discovery. *See, e.g.*, *Fondo De Proteccion Soc. De Los Depositos Bancarios v. Diaz Reus & Targ, LLP*, 2016 WL 10952495, at *1 (S.D. Fla. Dec. 29, 2016) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay."); *see also* Mot. to Stay at 6-9; Mot. to Compel Opp. at 1-2; Mot. for Protective Order at 2-4.  And as Passes has repeatedly explained to Plaintiff, in the event discovery is not stayed, Passes will respond to the first 25 of the Interrogatories, including discrete subparts, subject to its objections.[1]

## II.     The Interrogatories Exceed the 25 Permitted by the Federal Rules of Civil Procedure

Passes objected to the Interrogatories because, among other deficiencies, Interrogatory Nos. 1 and 2 contain discrete subparts, so the total number of interrogatories served on Passes exceeds the 25-interrogatory limit in the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 33(a)(1).

Plaintiff's chief complaint with this objection is that Passes' position is purportedly "not at all clear."  Mot. at 3.  Not so.  To start, Passes' Objections include the express objection that "multiple specific Interrogatories contain discrete subparts such that the Interrogatories exceed the 25-interrogatory limit," and there are only a limited subset of interrogatories—Interrogatory Nos. 1, 2, 6, and 15—that include subparts.  Mot., Ex. 2 at 4; Mot. Ex. 1 at Interrogatory Nos. 1, 2, 6, 15.  And on the same day Passes served its Objections, the Passes Defendants filed the Motion to Stay explaining that "Interrogatory No. 1 contains five discrete subparts, and Interrogatory No. 2 contains six discrete subparts."  Mot. to Stay at 2 n. 2.  And during the parties' August 6, 2025

---

[1] Plaintiff falsely claims (at 2) that Passes' specific objections are "meaningless" because Passes agreed to respond to the Interrogatories if discovery is not stayed.  If and when Passes responds to the Interrogatories, its response will be subject to its specific objections (which Plaintiff has simply ignored).

meet and confer, counsel for Passes explained Passes' position three separate times.  Plaintiff's counsel is clearly on notice as to Passes' objection, so its suggestion (at 3-4) that "the parties were unable to confer in good faith to try to resolve the issue without having to resort to motion practice" is wrong.

Passes' objection to the number of interrogatories is meritorious.[2]  As Plaintiff recognizes (at 4), to assess whether the subparts of an interrogatory are discrete, courts ask "whether the particular subparts are logically or factually subsumed within and necessarily related to the primary question."  *Perez v. Aircom Mgmt. Corp.*, 2012 WL 6811079, at *1 (S.D. Fla. Sept. 24, 2012).  Because the "first question" in Interrogatory Nos. 1 and 2 "can be answered fully and completely without answering the [additional] question[s]," the additional questions are "totally independent of the first and not factually subsumed within and necessarily related to the primary question." *Sprint Commc'ns, Inc. v. Calabrese*, 2019 WL 9598506, at *2 (S.D. Fla. Aug. 20, 2019).[3]

***Interrogatory No. 1.***  The "first question" asks Passes to "describe" Passes' "Know Your Customer" ("KYC") process in place until February 2025.  Mot., Ex. 1 at Request No. 1.  The KYC process is how Passes verifies information about creators on its platform—for example, confirming their identity.  Subpart (i), which asks that Passes (1) describe the KYC process for minors and (2) describe the KYC process for adults, makes clear that the primary question is actually two interrogatories.  Passes can "fully and completely" describe the KYC process for

---

[2] The Motion does not even try to argue that Interrogatory Nos. 1 and 2 do not contain discrete subparts, other than to sweepingly assert (at 5), with no argument, that they are "directed at eliciting additional details about the primary question."

[3] Plaintiff also argues (at 5) that the Interrogatories are proper because the subparts relate to a "common theme."  Whether framed in terms of a "common theme" or being "logically subsumed," the Interrogatories exceed the limit because "the first question can be answered fully and completely without answering the second question," so "the questions are distinct."  *Perez*, 2012 WL 6811079, at *1 n. 1.

3

adults without describing the process for minors, so the primary question is two separate questions. *Broadway v. State Farm Auto. Ins. Co.*, 2014 WL 12741134, at *2-3 (M.D. Ala. Dec. 30, 2014) (questions about "number of customers for automobile insurance" and "number of customers for other lines of insurance" were distinct).

Subpart (iii) relates to Passes' process for obtaining **parental consent**, which is about whether the minor creator has parental permission to be on Passes. Similarly, subpart (iv) asks about Passes' process for maintaining contact information for notifying parents if a minor creator posts non-policy-compliant content—a process that necessarily occurs after the KYC process is completed and that is not part of the initial parental consent process. Subpart (v) requests Passes identify any **third-party vendors** used to verify information submitted as part of the KYC process, which is also a distinct issue from **Passes'** KYC process.

**Interrogatory No. 2.** This Interrogatory asks Passes to "describe" the "three comprehensive, industry-leading third-party content moderation systems" it uses. Mot., Ex. 1 at Request No. 2. These three classifiers target distinct types of content, are built and owned by three different third parties, and operate differently from a technical point of view. *See* Ex.1 at 4. Because each tool is distinct, the primary request comprises three separate interrogatories. *Jeld-Wen, Inc. v. Nebula Glass Int'l Inc.*, 2008 WL 11333260 (S.D. Fla. Mar. 27, 2008), at *5 (interrogatory asking about three different resins each "constitute[d] a separate interrogatory, as each resin formula is a discrete line of inquiry"). Additionally, the third-party classifiers merely classify content as policy-compliant or policy-violating (or, in certain instances, will flag for further review). The classifiers do not generate "logs or records" (subpart (iv)) or "produce . . . notifications" to employees (subpart (vi))—these are downstream systems, created

4

and implemented by Passes, that are totally distinct from the classifiers.  Subparts (iv) and (vi) are thus discrete subparts and not logically subsumed by the primary question.

Subpart (v) is also a discrete question because it, in practice, requires Passes to identify a document listing the "banned words," which courts consistently find to be a discrete question.  *See Sprint Commc'ns*, 2019 WL 9598506, at *3 ("[W]hen an interrogatory sought a narrative description but a subpart requested related documents, the document request is unrelated to the narrative."); *Freeman v. Motorola Sols., Inc.*, 2020 WL 10319159, at *10 ("[K]nowing that an event occurred is entirely different from leaning about the documents that evidence it occurred.").

### III.   Plaintiff Is Not Entitled to Fees

Plaintiff is not entitled to fees—even if she prevails on her Motion—because Passes' response was substantially justified, both because the Passes Defendants meritoriously moved to stay discovery and, as Plaintiff concedes, multiple Interrogatories contain subparts.  Passes' good faith position is the correct position to avoid burdensome discovery while a fully briefed and clearly meritorious Motion to Dismiss is pending.  *See, e.g.*, *Est. of Parreno ex rel. Garcia-Bengochea v. Airbnb, Inc.*, 2024 WL 3826792, at *2 (M.D. Fla. Aug. 15, 2024) (staying discovery where motion to dismiss demonstrated it raised a non-frivolous Section 230 immunity argument); *Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Cap. Mgmt.*, *LLC*, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009) ("It is appropriate to stay discovery pending resolution of a motion to dismiss where [a venue] issue is raised"); *Perez*, 2012 WL 6811079 at *3 (denying fees and finding non-moving party's position substantially justified where select interrogatories were found to contain discrete subparts, even when the total number of interrogatories did not exceed 25).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should **DENY** Plaintiff's Motion to Compel.

Dated: August 27, 2025

Respectfully Submitted,

/s/ *Brian W. Toth*

Rollo C. Baker, IV (admitted *pro hac vice*)
Vivek Tata (admitted *pro hac vice*)
Alexander S. Davis (admitted *pro hac vice*)
Chase J. Shelton (admitted *pro hac vice*)
Elsberg Baker & Maruri, PLLC
1 Penn Plaza
New York, NY 100119
Tel: (212) 597-2602
rbaker@elsberglaw.com
vtata@elsberglaw.com
adavis@elsberglaw.com
cshelton@elsberglaw.com

*Counsel for Defendants Passes, Inc. and Lucy Guo*

Brian W. Toth
Florida Bar No. 57708
Freddy Funes
Florida Bar No. 87932
Ingraham Building
25 Southeast Second Avenue, Suite 805
Miami, Florida 33131
(305) 717-7850
btoth@tothfunes.com
ffunes@tothfunes.com

*Counsel for Defendants Passes, Inc. and Lucy Guo*

6